IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY WEINHAUS,

     Plaintiff,

v.

ANNE L. PRECYTHE,
TROY STEELE,
JOSHUA DAVID HAWLEY,
STEVEN PELTON,
COLONEL SANDRA K. KARSTEN,

     Defendants,

Case No. 4:17-cv-01941

## MEMORANDUM IN SUPPORT OF DEFENDANT STEVEN M. PELTON'S MOTION TO DISMISS

Defendant Steven M. Pelton offers the following memorandum in support of his motion to dismiss Plaintiff's Petition pursuant to Fed. R. Civ. Proc. 12(b)(6).

I.     INTRODUCTION

The Plaintiff brings a declaratory action to vacate his conviction from a Franklin County, Missouri state court criminal conviction on or about October 10, 2013. The purported claims for relief consist of the following[1]:

     a.  Count I: "Violation of US Constitution, 1st Amendment, Freedom of Speech/Prior Restraint." **See Plaintiff's Complaint ¶ 121-137**.

     b.  Count II: "Violation of US Constitution, Amendment 2, Right to Keep and Bear Arms & Missouri State Constitution." **See Plaintiff's Complaint ¶ 138-149**.

---

[1] Plaintiff has not actually numbered his claims.  For clarity, Defendant's counsel has assigned numbers to the claims.

c. Count III: "Violation of US Constitution, Amendment 4, Unreasonable Search and Seizure & Missouri State Constitution." **See Plaintiff's Complaint ¶ 150-171**.

d. Count IV: "Violation of US Constitution, Denial of Due Process 5th & 14th Amendments." **See Plaintiff's Complaint ¶ 172-175**.

e. Count V: "Violation of US Constitution 6th Amendment, Ineffective Assistance of Counsel." **See Plaintiff's Complaint ¶ 176-181**.

f. Count VI: "Violation of US Constitution 8th Amendment, Cruel and Unusual Punishment." **See Plaintiff's Complaint ¶ 182-213**.

g. Count VII: "Violation of US Constitution, Amendment 14, Denial of Equal Protection." **See Plaintiff's Complaint ¶ 214-225**.

The prayer for relief in each and every one of the listed counts is identical:

Plaintiff requests this court exercise its authority to order the state of Missouri to vacate the judgment and conviction of Weinhaus on the grounds that the conviction is a product of a violation of his rights under the US Constitution, and as applicable to the Missouri State Constitution, to order Weinhaus' immediate release, and to grant any other relief that this Court finds necessary and appropriate in the interest of justice, including a retrial.

Defendant Steven M. Pelton now moves for dismissal of all counts in the Petition for failure to state a claim upon which relief may be granted on the basis that 1) a declaratory action pursuant to 28 U.S.C. § 2201 cannot be used to attack a state court criminal action; and 2) Defendant Pelton, as Sheriff, has no constitutional authority to negate or modify actions by the state judicial branch.

II.     ARGUMENT

A. **Plaintiff's Petition should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) because a declaratory action pursuant to 28 U.S.C. § 2201 cannot be used to attack**

**a state court criminal action.**

"When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief." *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1053 (E.D. Mo. 2009).  "The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the Complaint." *Id*.  "While the Complaint need not provide specific facts in support of the claims contained therein, it 'must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level.'" *Id*. (internal citations omitted).  "This obligation requires a plaintiff to plead 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1053-54 (citation omitted).

Declaratory judgment pursuant to 28 U.S.C. § 2201 "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Federal Courts have consistently held that a federal declaratory judgment action is not a post-conviction remedy. *Gajewski v. U.S.*, 368 F.2d 533, 534 (8th Cir. 1966). (See also *Booker v. State of Ark*, 380 F.2d 240 (8th Cir. 1967) *abrogated on other grounds*, federal courts "consistently have refused to use federal declaratory judgment procedure as means of attack upon state criminal judgement."). "A state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C. § 2201 as to the validity of the judgment on which he is confined." *Waldon v. State of Iowa*, 323 F.2d 852 (8th Cir. 1963).

Here, Plaintiff's Complaint specifically notes in the caption that it is seeking "DECLARATORY ACTION TO VACATE CONVICTION BASED ON THE VIOLATION OF STATE AND FEDERAL CONSITTUTION RIGHTS UNDER 28 U.S.C. § 2201." There is no

other cause of action or relief requested in Plaintiff's Complaint. Plaintiff is very clear in that he

seeks *only* a declaratory judgment against his conviction. This action is explicitly prohibited by

decades of case law and impedes on the state's authority in criminal actions. "Congress had long

before the enactment of the declaratory judgment statute seen fit to authorize the lower federal

courts, in this sensitive area of federal-state relationship, to act only on the body of a state

prisoner and not on the judgment against him. *Christopher v. State of Iowa,* 324 F.2d 180, 181

(8th Cir. 1963).  Because this cause of action is explicitly disallowed in federal courts, Defendant

Steven M. Pelton respectfully requests this Court dismiss Plaintiff's Complaint for failure to state

a claim pursuant to Rule 12(b)(6).

> **B.  Plaintiff's Petition should be dismissed as the Defendant Steven M. Pelton has no constitutional authority to negate or modify actions by the state judicial branch.**

Asking the Court to order the Sheriff to vacate the Plaintiff's judgment and conviction is

an encroachment on the state court's authority and adverse to the doctrine of separation of

powers. Article II, § 1 of the Missouri Constitution provides:

> The powers of government shall be divided into three distinct departments- the legislative, executive, and judicial – each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.

Mo. Const. art. IV, § 12 provides that the office of the Sheriff falls under the umbrella of

the executive department. Mo. Const. art. V, § 1 clearly designates the judicial power of the

courts. Defendant Steven M. Pelton, in his official capacity as Sheriff of Franklin County and

member of the executive branch of the Missouri government, has neither any authority, pursuant

to the Constitution of Missouri, to vacate Plaintiff's conviction, nor any authority to order

Plaintiff's immediate release, both of which duties fall upon the judiciary branch. Because there

is clearly no remedy that this Court can offer with respect to Plaintiff's claims, and to grant

Plaintiff's claims would violate the doctrine of separation of powers, Defendant Steven M.

Pelton respectfully requests this Court dismiss Plaintiff's Complaint for failure to state a claim

pursuant to Rule 12(b)(6).

Upon the foregoing law and authorities, the Plaintiff's Complaint fails to state a claim

upon which relief may be granted. Accordingly, the Defendant Steven M. Pelton respectfully

requests this Court grant its Motion to Dismiss with prejudice, and for such further relief as this

Court deems just and proper.

Respectfully submitted,

**KING, KREHBIEL, & HELLMICH, LLC**

*/s/ William A. Hellmich*
WILLIAM A. HELLMICH #31182MO
2000 South Hanley Road
St. Louis, MO  63144-1524
Phone: 314-646-1110
Fax:    314-646-1122
bhellmich@kingkrehbiel.com
*Counsel for Defendant Steven M. Pelton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2017, a true and accurate copy of the foregoing was served via the Court's electronic filing system to the following:

Warren R. Markowitz, Esq.
The Markowitz Law Firm
7260 W. Azure Drive., Ste. 140-100
Las Vegas, NV 89130
warren@warrenmarkowitzesq.com
Attorney for Plaintiff



/s/ William A. Hellmich