UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEINHAUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 1941 DDN |
| | ) |
| ANNE L. PRECYTHE, TROY STEELE, | ) |
| JOSHUA DAVID HAWLEY, STEVEN | ) |
| M. PELTON, and COLONEL SANDRA | ) |
| K. KARSTEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the court on the motions to dismiss of defendants Steven Pelton (Doc. 12) and defendant Joshua David Hawley (Doc. 14). Plaintiff opposes both motions and seeks leave in the alternative to amend his complaint. (Docs. 16-18). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 10, 2013, plaintiff Jeffrey Weinhaus was convicted by a Franklin County Circuit Court jury of felony possession of a controlled substance, misdemeanor possession of up to 35 grams of marijuana, first-degree assault of a law enforcement officer, and armed criminal action. *State v. Jeffrey R. Weinhaus*, 12AB-CR02409-01 (Oct. 10, 2013).

On November 25, 2013, he was sentenced to 2 years for the felony possession, 1 year for the misdemeanor possession, 30 years for the first-degree assault, and 30 years for the armed criminal action, with all sentences to be served concurrently. *State v. Jeffrey R. Weinhaus*, 12AB-CR02409-01 (Nov. 25, 2013). He is presently incarcerated in the Missouri Department of Corrections.

On November 27, 2013, plaintiff appealed the conviction and sentencing, which the Missouri Court of Appeals affirmed in January 2015, issuing its mandate on May 4, 2015. *State v. Weinhaus*, 459 S.W.3d 916 (Mo. Ct. App. 2015), *reh'g and/or transfer denied* (Mar. 11, 2015), *transfer denied* (Apr. 28, 2015), *cert. denied*, 136 S. Ct. 125 (2015), *reh'g denied*, 136 S. Ct. 881 (2016).

On May 11, 2015, after the denial of his direct appeal, plaintiff filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, alleging several grounds of ineffective assistance of counsel. *Jeffrey R. Weinhaus v. State of Missouri*, 15AB-CC00117 (May 11, 2015). On November 12, 2015, without a hearing, the Circuit Court denied relief. *Jeffrey R. Weinhaus v. State of Missouri*, 15AB-CC00117 (Nov. 12, 2015). Plaintiff timely filed a notice of appeal. *Jeffrey R. Weinhaus v. State of Missouri*, 15AB-CC00117 (Dec. 21, 2015).

On appeal from the denial of post-conviction relief, plaintiff argued that his counsel was ineffective for failing to call several witnesses, including a crime scene expert, FBI agents who were allegedly present at the scene of the crime, an individual named Levi Weinhaus who could have testified about plaintiff's gun-carrying habits, and a video expert. *Weinhaus v. State*, 501 S.W.3d 523, 528-30 (Mo. Ct. App. 2016). On October 18, 2016, the Missouri Court of Appeals affirmed the Circuit Court's denial, issuing its mandate on November 9, 2016. *Id.*

On July 10, 2017, plaintiff Weinhaus commenced this action to vacate his state court convictions, alleging that his convictions and sentences violate his constitutional rights. The relief he seeks by this judicial action is stated generally thus:

> 103. Weinhaus brings this action for Declaratory Relief based on the extensive, numerous and repeated violations of his Constitutional Rights under the Constitution of the United States of America, and as applicable under the Constitution of the State of Missouri for the purpose of vacating his conviction and regaining his freedom.

(Doc. 1, at ¶ 103). More specifically, plaintiff alleges that the state court proceedings violated his rights under the following laws: the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and, generally, the Constitution of Missouri. For each of these specific claims, plaintiff seeks the following relief in identical language:

> 137. Therefore, Plaintiff requests that this court exercise its authority to order the state of Missouri to vacate the judgment and conviction of Weinhaus on the grounds that the conviction is a product of a violation of his rights under the US Constitution, and as applicable the Missouri State Constitution, to order Weinhaus' immediate release, and to grant any other relief that this court finds necessary and appropriate in the interest of justice, including a retrial.

(*Id.* at ¶¶ 137, 149, 171, 175, 181, 213, and 225). In his conclusion, plaintiff prays for the following relief regarding the entire action:

**PRAYER FOR RELIEF**

> Jeffrey Weinhaus, requests that this court grant the relief requested, that he be set free of the confines and control of the ERDCC and the State of Missouri, and that the trial and conviction under which his incarceration is based be vacated as a violation of his Rights under the Federal and State Constitutions, that the State be barred from further prosecution of Weinhaus on the grounds alleged in the criminal complaint, and other relief that this court finds is appropriate and necessary in the interests of justice, including if necessary a retrial.

(*Id.* at p. 41).

Plaintiff brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration by the court that his conviction and sentence were unlawful under the Constitution of the United States and the State of Missouri.

The Declaratory Judgment Act does not provide an independent grant of jurisdiction, and it cannot be used to shorten a sentence or otherwise attack a state criminal judgment. *Skinner v. Switzer*, 562 U.S. 521, 524 (2011); *Booker v. Ark*, 380 F.2d 240, 242 (8th Cir. 1967). "Habeas is the exclusive remedy . . . for the prisoner who seeks immediate discharge or speedier release from current confinement." *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)), *overruled on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Although plaintiff alleges numerous constitutional violations, plaintiff is ultimately challenging the fact of his state confinement.

Plaintiff argues he also seeks alternative relief, that is, "other relief that this court finds is appropriate and necessary in the interests of justice." However, the only specific relief he seeks is release from confinement; he is seeking to use the Declaratory Judgment Act to appeal his criminal conviction. This is not permitted. The sole vehicle for relief for plaintiff's claims is through habeas corpus proceedings under 28 U.S.C. § 2254.

Recognizing this, in response to the motions to dismiss, plaintiff seeks to have this action converted to one for habeas corpus relief under § 2254. (Doc. 18 at 4). *Cf. Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (consideration given to converting a habeas petition into one

for compensatory relief). Defendant Pelton objects to this request (Doc. 21), on the ground that the pleading shows on its face that the one-year statute of limitations for *habeas corpus* relief has long expired. *See* 28 U.S.C. § 2244(d). The court makes no determination on defendant Pelton's argument in the procedural context of this case.

The court grants plaintiff the opportunity to file an amended pleading, being a habeas petition, naming only the appropriate party custodian, within 30 days of the date of this order. This petition must comply with the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C.A. foll. § 2254. For example, the petition must name as respondent only the state officer who has custody of plaintiff. *Id.* at Rule 2. The petition must substantially follow the form appended to the Section 2245 Rules. *Id.* at App'x of Forms. In giving plaintiff this opportunity, the court expresses no opinion as to the merits of any of plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss (Docs. 12 and 14) are held in abeyance pending plaintiff amending his pleading as indicated above.

**IT IS FURTHER ORDERED** that plaintiff has until November 3, 2017, to file a petition for habeas corpus relief under 28 U.S.C. § 2254.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 4, 2017.