# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WEINHAUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01941-DDN |
| | ) | |
| JOSHUA DAVID HAWLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO AMENDED HABEAS PETITION

### Statement of Custody and Parties

Jeffrey Weinhaus serves concurrent sentences of two, thirty, and thirty years of imprisonment for possession of a controlled substance, first-degree assault on a law enforcement officer, and armed criminal action in the Eastern Reception Diagnostic Correctional Center in Bonne Terre, Missouri. The Circuit Court of Lafayette County imposed these sentences after a jury trial. Troy Steele is the Warden of the Eastern Reception Diagnostic Correctional Center and the proper respondent in this case. Because Weinhaus is not challenging a consecutive sentence that he has not yet begun to serve, Joshua Hawley, the Attorney General of Missouri, is not a proper respondent in this case. Habeas Rule 2.

## Case Summary

The petition for habeas corpus appears to be timely.

Weinhaus raises nine claims of ineffective assistance of trial counsel in his first ground. Some of what Weinhaus raises appears to have been rejected on the merits by the Missouri Court of Appeals, and that decision is entitled to deference. The remaining claims are procedurally barred and without merit.

In his second ground, Weinhaus appears to allege that the events that lead to a search warrant and the recovery of drugs on his property had their roots in his political speech. This claim does not seem to be a challenge to confinement cognizable under 28 U.S.C. § 2254(a). To the extent it is the claim is a non-cognizable Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465 (1976). The ground is also irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not allege direct appeal counsel was ineffective for not raising it when the case was in state court.

In his third ground, Weinhaus makes a Fourth Amendment challenge to a search and seizure. The ground is also irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not allege

direct appeal counsel was ineffective for not raising it when the case was in state court. The ground is also not cognizable under *Stone v. Powell*.

In his fourth ground, Weinhaus alleges it was cruel and unusual punishment to require him to wear a stun device during trial. Weinhaus does not allege that the jury was ever aware of the device or that he was ever stunned. This is not really a challenge to current confinement under 28 U.S.C § 2254(a). The ground is also irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not allege direct appeal counsel was ineffective for not raising it when the case was in state court. He also alleges the trial court should have *sua sponte* granted a mistrial when it granted the motion for acquittal on the judicial tampering count. That claim is without merit.

In his fifth ground, Weinhaus again alleges that the trial court should have *sua sponte* declared a mistrial on all counts when the court granted a motion for a judgment of acquittal on the judicial tampering count. The Missouri Court of Appeals reasonable rejected this ground and its decision is entitled to deference under 28 U.S.C. § 2254(d). He also alleges the trial court should have *sua sponte* given a limiting instruction on the video supporting the judicial tampering count. The claim is barred and without merit. Weinhaus also alleges the trial court erred in not allowing the jury to consider frame captures from Weinhaus's watch video, even though he earlier

alleged counsel was ineffective for not presenting frame captures. The claim is barred and without merit. He also alleges the trial court erred in not admitting unspecified demonstrative evidence and in forcing Weinhaus to wear a stun device. The claims are barred and without merit.

In his sixth ground, Weinhaus repackages some of his earlier claims as equal protection claims, and appears to challenge the nature and sufficiency of the evidence as an equal protection claim. Insofar as Weinhaus is raising the sufficiency of the evidence claims that he presented on direct appeal, the decision of the Missouri Court of Appeals is entitled to deference. Insofar as he is asserting ineffective assistance of counsel claims and claims about the shock device those grounds fail for the reasons discussed in connection with those grounds. Claims about evidentiary rulings generally do not raise a federal issue. And the claims Weinhaus did not raise in the ordinary course of review are procedurally barred.

## Statement of Exhibits

1.  Respondent's Exhibit 1 is an offender search result.

2.  Respondent's Exhibit 2 is volume 1 of the trial transcript.

3.  Respondent's Exhibit 3 is volume 2 of the trial transcript.

4.  Respondent's Exhibit 4 is volume 3 of the trial transcript.

5.  Respondent's Exhibit 5 is the sentencing transcript.

6.  Respondent's Exhibit 6 is volume 1 of the legal file.

7.  Respondent's Exhibit 7 is volume 1 of the legal file, part 2.

8.  Respondent's Exhibit 8 is volume 3 of the legal file.

9.  Respondent's Exhibit 9 the appendix to Weinhaus's brief.

10.  Respondent's Exhibit 10 is Weinhaus's direct appeal brief.

11.  Respondent's Exhibit 11 is the supplemental appellate legal file.

12.  Respondent's Exhibit 12 is the State's direct appeal brief.

13.  Respondent's Exhibit 13 is Weinhaus's reply brief.

14.  Respondent's Exhibit 14 is the appellate memorandum.

15.  Respondent's Exhibit 15 is the direct appeal docket sheet.

16.  Respondent's Exhibit 16 is the PCR legal file.

17.  Respondent's Exhibit 17 is Weinhaus's PCR appellate brief.

18.  Respondent's Exhibit 18 is the States' PCR appellate brief.

19.  Respondent's Exhibit 19 is the PCR appellate opinion.

20.  Respondent's Exhibit 20 is the PCR appellate docket sheet.

## Analysis

### Standard of Analysis

In order to preserve issues for habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction appeal proceedings. *Sweet v. Delo,* 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment

of the claim. *Id.* at 1150 (citing *Reese v. Delo,* 94 F.3d 1177, 1181 (8th Cir. 1996)). Where a prisoner has defaulted his claims in state court pursuant to an independent and adequate state procedural rule, such as failing to raise claims on appeal, habeas review of the claims is barred. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). A petitioner may overcome the procedural bar if he can demonstrate a legally sufficient cause for the default and actual prejudice resulting from it. *Id.*; *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 215 (Mo. 2001) (adopting federal cause and prejudice analysis as means for reviewing of defaulted claims in habeas corpus where there is no gateway actual innocence).

The United States Supreme Court held, in *Martinez v. Ryan*, that procedural default will not bar a *federal* habeas court from hearing a substantial claim of ineffective assistance of trial counsel if the petitioner's post-conviction counsel was ineffective in failing to assert the claim in the motion. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). "*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a [post-conviction] proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). *Martinez* also does not apply to defaulted claims of ineffective assistance of direct appeal counsel, as opposed to ineffective assistance of trial counsel. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).

A petitioner may not allege "cause" excusing the default of a claim of trial court error based on ineffective assistance of appellate counsel, if he did not assert a claim of ineffective assistance of appellate counsel in state court, for not raising the alleged trial error claim. *See Edwards v. Carpenter,* 529 U.S. 446, 450–54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (E.D. Mo. 2006).

Furthermore, to overcome a procedural default, it is not enough for a petitioner to assert a cause for the default; he must also show actual prejudice resulting from it. *Coleman,* 501 U.S. at 750. To show prejudice, a petitioner must show not merely that the alleged cause created the possibility of prejudice, but worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 153 (1982). The Eighth Circuit has "observed that [procedural bar] 'prejudice' is higher than that required to establish ineffective assistance of counsel under *Strickland*." *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir. 1995).

State court decisions on federal issues are entitled to great deference under 28 U.S.C. § 2254(d). A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination

of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586–87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable interpretation or application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. Further, failure to extend a United States Supreme Court precedent is not an objectively unreasonable interpretation or application of that precedent. "Section 2254(d)(1) provides a remedy for instances in which a State court unreasonably *applies* this Court's [the United States Supreme Court's] precedent; it does not require courts to **extend** that precedent or license federal courts to treat failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (emphasis and bold in original). State court factual

determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Merits analysis turns on whether the *decision* of the Missouri courts is consistent with an objectively reasonable application of United States Supreme Court precedent. Under this standard, "[a] state court's determination that a claim lacks merit precludes habeas relief so long as fair minded jurists could disagree." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id*. "It preserves authority to issue the writ in cases where there is no possibility that fair-minded jurists could disagree that the state court decision conflicts with this Court's [the United States Supreme Court's] precedents. It goes no farther." *Id*. A federal habeas court reviews the decision, not the reasoning, of the state court and if the decision can be found to be objectively reasonable on any basis, including, but not limited to the basis articulated in the state court opinion, then the decision must be left undisturbed. *Williams v Roper*, 695 F.3d 825, 835 (8th Cir. 2012) (noting that it would be contrary to the intent of the statute to grant relief "if the specific reason articulated is not a reasonable basis to reject his claim" but another reasonable basis to support the decision exists).

## I.     The ineffective assistance of counsel claims in ground one fail.

Ineffective assistance of counsel claims are controlled by *Strickland v. Washington,* 466 U.S. 688 (1994). Under *Strickland,* a petitioner claiming that his counsel was constitutionally ineffective "must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant." *Abernathy v. Hobbs,* 748 F.3d 813, 816 (8th Cir. 2014) (citing *Strickland,* 466 U.S. at 688, 694). A petitioner must satisfy both prongs of *Strickland* to obtain relief. *Wong v. Belmontes,* 558 U.S. 15, 16 (2009). Courts are not required to consider *both* prongs of the two-part *Strickland* test if a petitioner makes an insufficient showing on one prong. *See Strickland,* 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the defendant makes an insufficient showing on one…[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice…that course should be followed."). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington,* 562 U.S. at 105 (internal citations omitted).

The question before this Court is *not* whether Weinhaus has met his burden to show a viable claim of ineffective assistance of counsel under *Strickland* on the claims reviewed by the Missouri courts, instead the "pivotal question" is whether the Missouri state courts' decisions were consistent with

and a reasonable application of *Strickland*. *Id.* at 101. They are. The Missouri state court decisions should not be disturbed and this Court should affirm the district court's denial.

Weinhaus alleges counsel was ineffective not calling FBI to testify at trial in a way that might create discrepancies with the testimony of Highway Patrol Officers. The Missouri Court of Appeals rejected this claim. Resp. Exh. 19 at 9–11. The Court of Appeals found that even if the FBI agents testified as Weinhaus alleged they would, that they did not see a holster on his *right* hip as opposed to a left hip, where Weinhaus alleges it was, there was no allegation that the FBI were in a position to see a holster, and in any event such testimony would not have provided a viable defense, and did not rise to the level of *Strickland* prejudice. The decision of the court of Appeals is consistent with a reasonable application of *Strickland* and must be left undisturbed. Weinhaus opened the flap of his holster, put his hand on his weapon, refused to lie on the ground when ordered, and told deputies they would have to shoot him. *Id.* at 4–5. Assuming for the sake of argument the holster was on Weinhaus's left hip as opposed to his right hip; that does not provide a viable defense.

Weinhuas alleges counsel failed to show the jury screen capture photos from a video taken by Weinhaus's watch that allegedly would have supported the claim that his weapon was holstered on his left hip rather than his right

hip. The claim is procedurally barred because Weinhaus did not raise it in his post-conviction appellate brief. The claim is also without merit. In rejecting a claim that counsel was ineffective for hiring an expert to interpret the video from Weinhaus's watch camera, the Court of Appeals pointed out that the jury viewed the video itself. *Id*. at 12. In rejecting a claim that counsel was ineffective for not calling a witness who would have testified that that Weinhaus usually holstered his on his left hip, the Court of Appeals found that even if the weapon was on the left hip; there was no prejudice *Id*. at 11. The analysis is the same here. That counsel did not present screen capture photographs of the video in addition to the video itself does meet either prong of *Strickland*.

Weinhaus makes a generalized complaint about defense counsel's lack of "ability" to cross-examine witnesses, without any specifics. This claim is procedurally barred because it was not raised in the post-conviction review appeal. It is also without merit because such a generalized claim fails to state a claim on which relief can be granted under *Strickland*.

Weinhaus alleges trial counsel was ineffective for not calling the local sheriff to attack the search warrant; because according to Weinhaus, local law enforcement officers must assist the Highway Patrol in executing search warrants and this could have helped suppress the evidence against him. This claim is procedurally barred because it was not raised in the post-conviction

review appeal. The claim is also without legal merit. Under Missouri law, the execution of a search warrant by the Highway Patrol within the State of Missouri, without the participation of local law enforcement, does *not* make the evidence inadmissible. *State v. Walker*, 330 S.W.3d 122 (Mo. App. E.D. 2010). Counsel cannot have violated either prong of *Strickland* by declining to pursue a meritless and futile strategy.

Weinhaus alleges counsel was ineffective for not objecting to Weinhaus wearing a stun device during trial. This claim is procedurally barred because it was not raised in the post-conviction review appeal. The claim is also without legal merit. Weinhaus does not allege that the jury was aware of the restraint or that Weinhaus was stunned with the device. Weinhaus was charged with first-degree assault on a law enforcement officer and tampering with a judicial officer, among other things. In Missouri, the use of physical restraints is discretionary with the trial court, and an abuse of discretion will be found only if the use of the restraint offends the logic of the circumstances or is arbitrary and unreasonable. *Nicklasson v. State*, 105 S.W.3d 482, 486 (Mo. 2010) (claim of ineffective assistance of counsel for not challenging use of restraints was without merit). Weinhaus meets neither prong of *Strickland* here.

Weinhaus alleges that counsel should have requested a mistrial on all charges after he succeeded in receiving a judgment of acquittal on the judicial

tampering count. As point VII in his direct appeal brief, Weinhaus alleged that the trial court erred in not granting a mistrial after it granted Weinhaus's motion for acquittal on the judicial tampering count. The Court of Appeals found that the evidence admitted on the judicial tampering count was also admissible on the first-degree assault count because it presented a complete picture of the events; it went to motive and intent on the first-degree assault count, and its probative value exceeded its prejudicial effect. Resp. Ex. 14 at 10–12. Counsel cannot have been ineffective for not filing a motion for mistrial that was without merit.

Weinhaus alleges counsel was ineffective for not calling witnesses who would have supported the claim that he was unable to commit or incapable of committing the crimes charged. This claim is procedurally barred because it was not raised in the post-conviction review appeal. The claim is also without merit. The Missouri Court of Appeals set out the evidence supporting conviction in the direct appeal opinion. Resp. Ex. 14 at 3–7. The evidence proved all the elements of all the offenses of which Weinhaus was convicted beyond a reasonable doubt. Weinhaus does not allege specifically what additional evidence counsel should have presented that show he was unable to commit the offense. But the evidence showed he did commit the offenses. There is no *Strickland* violation here.

Weinhaus alleges counsel was ineffective for moving to strike or restrict the use of the video related to the judicial tampering count. This claim is procedurally barred because it was not raised in the post-conviction review appeal. The claim is also without merit. The Court of Appeals found, in discussing a different claim, that the evidence admitted on the judicial tampering count was also admissible on the first-degree assault count because it presented a complete picture of the events, it went to motive and intent on the first-degree assault count, and its probative value exceeded its prejudicial effect. Id. at 10–12. Counsel cannot have been ineffective for not filing a motion that was without merit.

## II.     The First Amendment claim is barred and without merit.

Weinhaus alleges that the event that originally brought law enforcement officers to his home was his statements that were viewed as threats against a judge that he views as protected by the First Amendment. So, he argues that he should not be prosecuted for any events that flowed from that, including the officers smelling drugs and getting a search warrant, and the subsequent assault on a law enforcement officer charges resulting from the attempt to arrest Weinhaus. This claim does not seem to definitely be a challenge to confinement, cognizable under 28 U.S.C. § 2254(a). To the extent it is the claim is a non-cognizable Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465 (1976), alleging that evidence should be

suppressed as fruit of a poisonous tree. The ground is also irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not allege direct appeal counsel was ineffective for not raising it when the case was in state court.

### III.    The Fourth Amendment Claim is barred and without merit.

In his third ground, Weinhaus makes a Fourth Amendment challenge to a search and seizure. The ground is irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not allege direct appeal counsel was ineffective for not raising it when the case was in state court. The ground is also not cognizable under *Stone v. Powell,* 428 U.S. 465 (1976), which teaches that habeas corpus may not be used to raise search and seizure claims where, as in Missouri, there are state procedures that may be used to raise such claims.

### IV.    Weinhaus's Eighth Amendment Claim is likely not cognizable and is barred and without merit.

In his fourth ground, Weinhaus alleges it was cruel and unusual punishment to require him to wear a stun device during trial. Weinhaus does not allege that the jury was ever aware of the device or that he was ever stunned. This is not really a challenge to current confinement under 28 U.S.C § 2254(a). The ground is also irretrievably procedurally barred because Weinhaus did not raise the claim on direct appeal and did not

allege direct appeal counsel was ineffective for not raising it when the case was in state court.

Weinhaus does not allege that the jury was aware of the restraint or that Weinhaus was stunned with the device. So, there is no Due Process Clause violation alleged here from the jury being prejudiced by viewing Weinhaus in restraints. Weinhaus was charged with first-degree assault on a law enforcement officer and tampering with a judicial officer among other things. In Missouri, the use of physical restraints is discretionary with the trial court and an abuse of discretion will be found only if the use of the restraints is offends the logic of the circumstances or is arbitrary and unreasonable. *Nicklasson v. State*, 105 S.W.3d 482, 486 (Mo. 2010) (claim of ineffective assistance of counsel for not challenging use of restraints was without merit). Weinhaus does not set out an Eighth Amendment violation or any other constitutional violation here.

Weinhuas also alleges in this ground that the trial court erred in not *sua sponte* granting a mistrial on all counts after granting the motion to acquit on the judicial tampering count. The Court of Appeals found that the evidence admitted on the judicial tampering count was also admissible on the first-degree assault count because it presented a complete picture of the events, it went to motive and intent on the first-degree assault count, and its probative value exceeded its prejudicial effect. Resp. Ex. 14 at 10–12. And the

decision not to *sua sponte* grant a mistrial that the defense does not request can seldom if ever be a due process violation. *See Carter v. Armontrout,* 929 F.2d 1294, 1297 (8th Cir. 1991) (noting double jeopardy problems from *sua sponte* granting a mistrial or issuing a curative instruction the defense do not ask for).

## V.   The claims raised in ground five are barred or without merit or both.

In his fifth ground Weinhaus again alleges that the trial court should have *sua sponte* declared a mistrial on all counts when the court granted a motion for a judgment of acquittal on the judicial tampering count. As discussed above, the Missouri Court of Appeals reasonably rejected this ground and its decision is entitled to deference under 28 U.S.C. § 2254(d). And as discussed above under *Carter v. Armontrout*, it is doubtful such a claim could rise to the level of a due process violation.

He also alleges the trial court should have *sua sponte* given a limiting instruction on the video supporting the judicial tampering count. The claim is irretrievably barred because Weinhuas did not raise it on direct appeal and did allege appellate counsel was ineffective for not raising it.  The claim is without merit for the same reasons as the mistrial claim. That is the evidence was relevant and admissible on the assault count, and even if it were not the court should not *sua sponte* have given a limiting instruction.

Weinhaus also alleges the trial court erred in not allowing the jury to consider frame captures from Weinhaus's watch video, even though he earlier alleged counsel was ineffective for not presenting frame captures. The claim is barred because Weinhaus did not raise it on direct appeal and did not allege appellate counsel was ineffective for not raising it. Evidentiary claims are really state law issues and to the extent they involve the Due Process Clause it is only in the most egregious circumstances *See Carter*, 929 F2d at 1296. There is no error constitutional violation here.

He also alleges the trial court erred in not admitting unspecified demonstrative evidence, and in forcing Weinhaus to wear a stun device. The claims are barred and without merit. The stun device claim fails for the reasons discussed above. Evidentiary claims are really state law issues and to the extent they involve the Due Process Clause it is only in the most egregious circumstances *See Carter*, 929 F2d at 1296. There is no error constitutional violation here.

**VI. The claims in ground 6 are barred or without merit or both.**

In his sixth ground, Weinhaus repackages some of his earlier claims as equal protection claims, and appears to challenge the nature and sufficiency of the evidence as an equal protection claim. Insofar as Weinhaus is raising the sufficiency of the evidence claims that he presented on direct appeal, the decision of the Missouri Court of Appeals is entitled to deference, insofar as

he is asserting ineffective assistance of counsel claims and claims about the shock device those grounds fail for the reasons discussed in connection with those grounds. Claims about evidentiary rulings generally do not raise a federal issue. And the claims Weinhaus did not raise in the ordinary course of review are procedurally barred.

The Missouri Court of Appeals reviewed the sufficiency of the evidence on all counts direct appeal. Resp. Ex. 14 at 3–7. The decision of the Court of Appeals that the State proved the elements beyond a reasonable doubt is consistent with a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979) 28 U.S.C. § 2254(d). The remaining claims in ground 6 appear to be *nonspecific* allegations about evidentiary rulings, ineffectiveness of counsel, a Fourth Amendment complaint, and a complaint restraint during trial framed as an equal protection claim. Respondent asserts a defense of procedural bar and lack of merit to all these claims.

## Conclusion

This Court should deny the petition for habeas corpus.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

/s/ Michael Spillane
MICHAEL SPILLANE
Assistant Attorney General

Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the ECM/CF e-filing system and thereby served to counsel for Petitioner, this 22nd day of December, 2017.

/s/ Michael Spillane
MICHAEL SPILLANE
Assistant Attorney General