Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE
MISSOURI COURT OF APPEALS
EASTERN DISTRICT

STATE OF MISSOURI,                          )
                                            )
                        Respondent,         )
                                            )
        vs.                                 )        No.  ED100807
                                            )
JEFFREY R. WEINHAUS,                        )
                                            )
                        Appellant.          )

LEGAL FILE
Volume I

AMY M. BARTHOLOW
Office of State Public Defender
1000 W. Nifong Boulevard, Bldg. 7, Ste. 100
Columbia, Missouri  65203
(573) 882-9855

Attorney for Appellant


SHAUN MACKELPRANG
Office of the Attorney General
P.O. Box 899
Jefferson City, Missouri  65102
(573) 751-3321

Attorney for Respondent

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

## INDEX

VOLUME I                                                                Page(s)

### *FRANKLIN COUNTY CASE NO. 12AB-CR02409-01:*

DOCKET SHEETS ........................................................................................ 1-19

INDICTMENT ........................................................................................ 20-22

SUBSTITUTE INFORMATION IN LIEU OF INDICTMENT ................................ 23-25

DEFENDANT'S REQUEST FOR DISCOVERY ..................................................... 26-29

DEFENDANT'S MOTION FOR BILL OF PARTICULARS ................................... 30-32

PRO SE MOTION TO DISMISS ........................................................................ 33-35

DEFENDANT'S MOTION TO QUASH INDICTMENT ........................................ 36-48

DEFENDANT'S MOTION TO SEVER THE CHARGES........................................ 49-52

DEFENDANT'S MOTION IN LIMINE / MOTION TO EXCLUDE....................... 53-57

DEFENDANT'S VERIFIED ANNOUNCEMENT OF READY AND MOTION

    FOR SPEEDY TRIAL ........................................................................ 58-59

DEFENDANT'S SECOND MOTION TO SEVER OFFENSES ............................... 60-65

DEFENDANT'S AMENDED SECOND MOTION TO SEVER OFFENSES .......... 66-71

DEFENDANT'S MOTION TO DISMISS THE CHARGE OF TAMPERING WITH

    JUDICIAL OFFICER FOR DEFECT IN THE INSTITUTION OF THE

    PROSECUTION ........................................................................ 72-106

DEFENDANT'S AMENDED MOTION TO DISMISS THE CHARGE OF

    TAMPERING WITH JUDICIAL OFFICER FOR DEFECT IN THE

    INSTITUTION OF THE PROSECUTION ................................................ 107-140

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

DEFENDANT'S SECOND MOTION IN LIMINE .................................................. 141-143

STATE'S MOTION IN LIMINE 1 ................................................................................ 144

DEFENDANT'S OPPOSITION TO STATE'S MOTION IN LIMINE ................. 145-147

STATE'S MOTION IN LIMINE 2 ................................................................................ 148

DEFENDANT'S OPPOSITION TO STATE'S SECOND MOTION IN

    LIMINE ................................................................................................. 149-150

VOLUME II

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ......................... 151-152

DEFENDANT'S SECOND MOTION FOR JUDGMENT OF ACQUITTAL ....... 153-156

DEFENDANT'S SUPPLEMENTAL SUGGESTIONS OF LAW IN SUPPORT

    OF EACH OF HIS ORIGINAL, RENEWED & SECOND MOTIONS FOR

    JUDGMENT OF ACQUITTAL ................................................................. 157-162

JURY INSTRUCTIONS ................................................................................ 163-192

JURY'S QUESTIONS ................................................................................... 193-194

VERDICTS .................................................................................................. 195-200

SENTENCING VERDICTS .......................................................................... 201-204

DEFENDANT'S MOTION FOR NEW TRIAL ............................................. 205-211

JUDGMENT .............................................................................................. 212-214

NOTICE OF APPEAL .................................................................................. 215-222

CLERK'S CERTIFICATION .......................................................................... 223-225

CERTIFICATE OF SERVICE ....................................................................... 226

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

| | |
|---|---|
| Date: | 06-Feb-2014 |
| Time: | 9:48:59AM |
| Page: | 1 |

---

### 12AB-CR02409-01    ST V JEFFREY R WEINHAUS

**Security Level: 1 Public**

---

| | | | |
|---|---|---|---|
| **Case Type:** | CC Felony | **Case Filing Date:** | 28-Nov-2012 |
| **Status:** | Judgment Entered | | |
| **Disposition:** | Jury Verdict - Guilty | **Disposition Date:** | 10-Oct-2013 |
| **OCN#:** | J8007983 | | |
| **Arresting Agency:** | MOMHPCC00 | | |
| **Speedy Trial:** | Date Not Entered | | |

| | | |
|---|---|---|
| **Related Case :** | 12AB-MC00990 | SW-2360 HWY K ST CLAIR MO |
| **Related Case :** | 13AB-CC00289 | JEFFREY WEINHAUS V STATE OF MISSOURI |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | KEITH M SUTHERLAND (21509) | | |
| Judge | GAEL D. WOOD (24684) | 26-Feb-2013 | Judge Transferred/Reas signed |
| Judge | I. I. LAMKE (28266) | 04-Dec-2012 | Judge Transferred/Reas signed |
| Defendant | **JEFFREY R WEINHAUS (WEIJR3880)** | | |
| Prosecuting Attorney | ROBERT E PARKS II (36333) | | |
| Attorney for Defendant | ROSS TYSON MUTRUX (63117) | 14-Feb-2013 | Attorney Withdrawn |
| Attorney for Defendant | HUGH ATHELSTAN EASTWOOD (62058) | | |
| Co-Counsel for the Defendant | CHRISTOPHER MICHAEL COMBS (65512) | | |

**Current Bond:** $250,000.00  19-Mar-2013

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:     06-Feb-2014
Time:     9:48:59AM
Page:     2

Case continued from previous page.

## 12AB-CR02409-01    ST V JEFFREY R WEINHAUS

**Security Level: 1 Public**

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|

**Original Charge:** | 1 | 17-Aug-2012 | 3245000 | Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana **(Felony C RSMo : 195.202)**

**Ticket No:** 999999999

**Disposition:** 10-Oct-2013    Jury Verdict-Guilty

**Order Date:** 25-Nov-2013
**Length:** 2 Years
**Text:** 2 YRS DOC
**Conc/Cons Case & County:** CONC W/CTS III, IV, V

**Sentence or SIS:** Incarceration DOC
**Start Date:** 25-Nov-2013

**Original Charge:** | 2 | 17-Aug-2012 | 2921700 | Tampering With Judicial Officer **(Felony C RSMo : 565.084)**

**Disposition:** 09-Oct-2013    Tried/Court-Not Guilty

**Original Charge:** | 3 | 17-Aug-2012 | 3245700 | Possession Of Up To 35 Grams Marijuana **(Misdemeanor A RSMo : 195.202)**

**Ticket No:** 999999998

**Disposition:** 10-Oct-2013    Jury Verdict-Guilty

**Order Date:** 25-Nov-2013
**Length:** 365 Days
**Text:** 1 YR COUNTY JAIL

**Sentence or SIS:** Incarceration Jail
**Start Date:** 25-Nov-2013

**Original Charge:** | 4 | 11-Sep-2012 | 1310000 | Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr **(Felony A RSMo : 565.081)**

**Disposition:** 10-Oct-2013    Jury Verdict-Guilty

**Order Date:** 25-Nov-2013
**Length:** 30 Years
**Text:** 30 YRS DOC
**Conc/Cons Case & County:** CONC W/CTS I, IV, V

**Sentence or SIS:** Incarceration DOC
**Start Date:** 25-Nov-2013

**Original Charge:** | 5 | 11-Sep-2012 | 3101000 | Armed Criminal Action **(Felony Unclassified RSMo : 571.015)**

**Disposition:** 10-Oct-2013    Jury Verdict-Guilty

**Order Date:** 25-Nov-2013
**Length:** 30 Years
**Text:** 30 YRS DOC
**Conc/Cons Case & County:** CONC W/CTS I, III, IV

**Sentence or SIS:** Incarceration DOC
**Start Date:** 25-Nov-2013

2

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:  06-Feb-2014
Time:  9:48:59AM
Page:  3

Case continued from previous page.

---

### 12AB-CR02409-01   ST V JEFFREY R WEINHAUS

**Security Level: 1 Public**

---

**Original Charge:**  6  11-Sep-2012  1310000  Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr **(Felony A RSMo : 565.081)**

**Disposition:**  10-Oct-2013  Jury Verdict-Not Guilty

**Original Charge:**  7  11-Sep-2012  3101000  Armed Criminal Action **(Felony Unclassified RSMo : 571.015)**

**Disposition:**  10-Oct-2013  Jury Verdict-Not Guilty

**Original Charge:**  8  11-Sep-2012  2702000  Resisting/Interfering With Arrest For A Felony **(Felony D RSMo : 575.150)**

**Disposition:**  09-Oct-2013  Tried/Court-Not Guilty

---

| **Filing Date** | **Description** |
| --- | --- |
| 28-Nov-2012 | **Judge Assigned** |
| | **Order** |
| | SPECIAL CONDITIONS SIGNED.  SO ORDERED, I. I. LAMKE/JB |
| | **Grand Jury Indictment Filed** |
| | IN OPEN COURT THE GRAND JURY, BY ITS FOREMAN, RETURNS A TRUE BILL CHARGING DEFENDANT WITH THE LISTED COUNT(S).  ASSOCIATE COURT DIVISION VII SENDS FILE TO CIRCUIT FOR GRAND JURY FILING.  TRUE BILL ACCEPTED AND ORDERED FILED. |
| | **Judge/Clerk - Note** |
| | AT TIME OF CIRCUIT INITIATION ASSOCIATE WARRANT ISSUED, SERVED.  DEFENDANT REMAINS IN CUSTODY |
| | **Order** |
| | AS A CONDITION OF RELEASE FOR DEFENDANT BOND IS SET AT $250,000.00 CASH ONLY. GDW |
| | **Bond Set** |
| | **Arraignment Scheduled** |
| | Scheduled For: 04-Dec-2012; 10:00 AM; I. I. LAMKE; **Setting:** 0; Franklin County |
| 03-Dec-2012 | **Motion for Disclosure** |
| | STATE'S MOTION FOR DISCLOSURE FILED.  JB |
| | **Notice** |
| | NOTICE AND APPLICATION FOR CHANGE OF JUDGE |
| | **Judge/Clerk - Note** |
| | NOTE TO MR M |
| | **Notice** |
| | NOTICE FOR HEARING ON SATES MOTION FOR CHANGE OF JUDGE |
| | **Motion for Change of Judge** |
| | 04-Dec-2012  **Motion Granted/Sustained** |
| 04-Dec-2012 | **Judge Assigned** |

3

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:     06-Feb-2014
Time:     9:48:59AM
Page:     4

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

04-Dec-2012    **Hearing/Trial Cancelled**
REQUEST FOR CHANGE OF JUDGE FILED BY STATE.  MOTION GRANTED.  CASE
TRANSFERRED TO DIV I.  IIL.JB
**Scheduled For:** 04-Dec-2012; 10:00 AM; I. I. LAMKE; **Setting:** 0; Franklin County

**Motion Granted/Sustained**
MOTION FOR CHANGE OF JUDGE GRANTED.  CASE TRANSFERRED TO DIV I.  IIL/JB

07-Dec-2012    **Judge Assigned**
CASE ASSIGNED TO DIV I.  GDW

**Arraignment Scheduled**
**Scheduled For:** 08-Jan-2013; 9:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County
ARRAIGNMENT

18-Dec-2012    **Motion Filed**
MOTION FOR BILL OF PARTICULARS
**Filed By:** ROSS T MUTRUX

**Motion for Discovery**
**Filed By:** ROSS T MUTRUX

**Motion Filed**
MOTION TO MODIFY BOND
**Filed By:** ROSS T MUTRUX
        07-Jan-2013    **Motion Denied**

**Criminal Motion Hearing Sched**
**Scheduled For:** 27-Dec-2012; 10:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County
DEFT'S MOTION FOR BOND MODIFICATION

27-Dec-2012    **Hearing Held**
DEFENDANT IN PERSON, IN CUSTODY, AND WITH COUNSEL ROSS MUTRUX.  STATE BY APA
BRIANNE BARR.  ARGUMENT HEARD.  BOND REDUCED TO $50,000, CASH ONLY.  CASE
CONTINUED TO 01/02/13 @ 11 A.M. FOR FURTHER ARGUMENT.  GDW/RK
**Scheduled For:** 27-Dec-2012; 10:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County
DEFT'S MOTION FOR BOND MODIFICATION

**Bond Set**
BOND REDUCED TO $50,000 CASH ONLY.  GDW/RK

**Bond Reduction Hrng Scheduled**
**Scheduled For:** 02-Jan-2013; 11:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County
FURTHER ARGUMENT

**Notice**
FOR 12/27/12 @ 10 A.M.  RK

02-Jan-2013    **Cause Taken Under Advisement**
CASE CALLED FOR FURTHER ARGUMENT ON DEFT'S MOTION FOR BOND MODIFICATION.
STATE APPEARS BY PA PARKS, DEFT APPEARS IN CUSTODY AND BY ATTY MUTRUX.  DEFT
PRESENTS EVIDENCE.  STATE PRESENTS EVIDENCE.  MOTION TAKEN UNDER
ADVISEMENT.  CASE SET FOR 3-DAY JURY TRIAL ON 4/30/13, SETTING #1.  GDW/cw
**Scheduled For:** 02-Jan-2013; 11:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County
FURTHER ARGUMENT

4

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:   06-Feb-2014
Time:   9:48:59AM
Page:   5

Case continued from previous page.

| 12AB-CR02409-01 | ST V JEFFREY R WEINHAUS | Security Level: 1 Public |
|---|---|---|

| | |
|---|---|
| 02-Jan-2013 | **Hearing/Trial Cancelled**<br>Scheduled For: 08-Jan-2013; 9:00 AM; GAEL D. WOOD; **Setting:** 0; Franklin County<br>ARRAIGNMENT |
| | **Jury Trial Scheduled**<br>Scheduled For:30-Apr-2013 ; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County; **Length:** 3 Days |
| 07-Jan-2013 | **Motion Denied**<br>REQUEST FOR FURTHER BOND MODIFICATION DENIED.  GDW/cw |
| | **Waiver of Formal Arraignment** |
| | **Judge/Clerk - Note** |
| 13-Jan-2013 | **Request Filed**<br>APPELLANT'S REQUEST FOR PREPARATION OF THE LEGAL FILE & TRANSCRIPT, FILED.<br>**Filed By:**  AMY M BARTHOLOW |
| 31-Jan-2013 | **Filing:**<br>ENDORSEMENT OF WITNESS<br>**Filed By:**  ROBERT E PARKS |
| | **Filing:**<br>SUPPLEMENTAL ANSWER TO DISCOVERY |
| 06-Feb-2013 | **Subpoena Served**<br>SGT H. FOLSOM |
| 07-Feb-2013 | **Criminal Motion Hearing Sched**<br>Scheduled For: 14-Feb-2013; 3:00 PM; GAEL D. WOOD; **Setting:** 0; Franklin County<br>MOTION TO WITHDRAW |
| 11-Feb-2013 | **Motion for Leave**<br>TO WITHDRAW AS COUNSEL<br>**Filed By:**  ROSS T MUTRUX |
| | **Motion to Withdraw**<br>**Filed By:**  ROSS T MUTRUX |
| | **Notice of Hearing Filed**<br>FOR 2/14/13 @ 3:00 PM<br>**Filed By:**  ROSS T MUTRUX |
| 13-Feb-2013 | **Entry of Appearance Filed**<br>**Filed By:**  JEFFREY R WEINHAUS |
| | **Motion to Dismiss**<br>**Filed By:**  JEFFREY R WEINHAUS |
| | **Request for Speedy Trial Filed**<br>**Filed By:**  JEFFREY R WEINHAUS |
| | **Motion Filed**<br>MOTION FOR SURETY BOND<br>**Filed By:**  JEFFREY R WEINHAUS |
| | **Motion for Summary Judgment** |

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:   06-Feb-2014
Time:   9:48:59AM
Page:   6

Case continued from previous page.

---

**12AB-CR02409-01   ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

|  |  |
|---|---|
| | **Filed By:** JEFFREY R WEINHAUS |
| | **Notice of Hearing Filed**<br>FOR 2/14/13<br>**Filed By:** JEFFREY R WEINHAUS |
| 14-Feb-2013 | **Motion Filed**<br>MOTION FOR EVIDENTIARY HEARING ON BOND REDUCTION AND NOTICE OF HEARING<br>**Filed By:** ROBERT E PARKS |
| | **Criminal Motion Hearing Sched**<br>**Scheduled For:** 21-Feb-2013; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County<br>MOTIONS |
| | **Hearing Held**<br>STATE APPEARS BY PA PARKS, DEFT APPEARS IN CUSTODY AND BY ATTY MUTRUX.  ATTY MUTRUX'S MOTION TO WITHDRAW IS GRANTED.  ARGUMENTS HEARD ON DEFT'S MOTION FOR SURETY BOND.  MOTION TAKEN UNDER ADVISEMENT.  GDW/cw<br>**Scheduled For:** 14-Feb-2013; 3:00 PM; GAEL D. WOOD; **Setting:** 0; Franklin County<br>MOTION TO WITHDRAW |
| | **Judge/Clerk - Note** |
| 19-Feb-2013 | **Motion Filed**<br>MOTION TO PROCEED UNDER SUPREME COURT RULE 16<br>**Filed By:** JEFFREY R WEINHAUS<br>22-Feb-2013   **Motion Denied** |
| | **Amended Motion/Petition Filed**<br>AMENDED MOTION FOR SURETY BOND<br>**Filed By:** JEFFREY R WEINHAUS |
| | **Amended Motion/Petition Filed**<br>AMENDED MOTION FOR SURETY BOND<br>**Filed By:** JEFFREY R WEINHAUS<br>22-Feb-2013   **Motion Denied** |
| | **Writ Requested**<br>WRIT OF HABEAS CORPUS<br>**Filed By:** JEFFREY R WEINHAUS |
| 21-Feb-2013 | **Hearing Held**<br>STATE APPEARS BY PA PARKS, DEFT APPEARS IN CUSTODY AND WITHOUT COUNSEL.  DEFT'S MOTION TO DISMISS IS ARGUED AND DENIED.  DEFT'S MOTION FOR SURETY BOND IS ARGUED AND TAKEN UNDER ADVISEMENT.  DEFT'S ORAL MOTION FOR GAG ORDERS IS SUSTAINED.  DEFT IS FORMALLY ARRAIGNED AND PLEADS NOT GUILTY TO ALL COUNTS.  GDW/cw<br>**Scheduled For:** 21-Feb-2013; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County<br>MOTIONS |
| | **Motion for Discovery**<br>**Filed By:** JEFFREY R WEINHAUS |
| 22-Feb-2013 | **Judge/Clerk - Note** |



Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:    06-Feb-2014
Time:    9:48:59AM
Page:    7

Case continued from previous page.

## 12AB-CR02409-01    ST V JEFFREY R WEINHAUS                    Security Level: 1 Public

| | |
|---|---|
| 22-Feb-2013 | **Order** |
| | IT IS HEREBY ORDERED AND DECREED THAT ALL COURT PERSONNEL, THE FRANKLIN COUNTY PROSECUTOR, THE FRANKLIN COUNTY PROSECUTOR'S STAFF, THE DEFENDANT AND ATTORNEYS FOR THE DEFENDANT SHALL NOT COMMENT PUBLICLY ON THIS CASE. THIS ORDER IS SUBJECT TO THE EXCEPTIONS SET FORTH IN MISSOURI SUPREME COURT RULE 4-3.6. |
| | s/GAEL D WOOD |
| | cc:  PA, DEFT c/o FCSO |
| | **Motion Denied** |
| | DEFT'S MOTION TO PROCEED UNDER SUPREME COURT RULE 16 IS DENIED.  DEFT'S MOTION FOR SURETY BOND IS DENIED.  GDW/cw |
| | **Judge/Clerk - Note** |
| | DEFT'S EXHIBITS A & B RETURNED TO DEFT AT FCSO |
| 25-Feb-2013 | **Motion Filed** |
| | MOTION TO HEAR HABEAS CORPUS, VACATE DENIAL OF SURETY BOND OR IN ALTERNATIVE NEW JUDGE |
| | Filed By:  JEFFREY R WEINHAUS |
| | **Correspondence Filed** |
| | CORRESPONDENCE ADDRESSED TO JUDGE RECEIVED AND PLACED IN SEALED ENVELOPE.  NOT READ BY JUDGE. |
| 26-Feb-2013 | **Order** |
| | DEFENDANT HEREIN HAS FILED A REQUEST FOR CHANGE OF JUDGE ON FEBRUARY 25, 2013.  ALTHOUGH THIS IS NOT TIMELY, THE COURT HEREBY SUSTAINS SAID MOTION IN CHAMBERS AND THE SUPREME COURT IS REQUESTED TO ASSIGN A JUDGE FROM OUTSIDE OF THE 20TH, 23RD, 24TH AND 42ND JUDICIAL CIRCUITS TO HEAR ALL FURTHER PROCEEDINGS IN THIS CASE. |
| | s/GAEL D WOOD |
| | **Judge/Clerk - Note** |
| | FILE SENT TO PJ SECRETARY FOR SUPREME COURT ASSIGNMENT |
| | **Hearing/Trial Cancelled** |
| | **Scheduled For:**30-Apr-2013 ; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County; **Length:** 3 Days |
| | **Hearing/Trial Cancelled** |
| | **Scheduled For:**01-May-2013 ; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County; **Length:** 3 Days |
| | **Hearing/Trial Cancelled** |
| | **Scheduled For:**02-May-2013 ; 9:00 AM; GAEL D. WOOD; **Setting:** 1; Franklin County; **Length:** 3 Days |
| 06-Mar-2013 | **Judge Assigned** |
| | SUPREME COURT ASSIGNMENT TO JUDGE KEITH SUTHERLAND, FILED. |
| | **Judge/Clerk - Note** |
| 07-Mar-2013 | **Subpoena Served** |
| | VALERIE WEINHAUS, CHM MATTHEW FOX, PAT CUNNINGHAM, MICK MARUSCHAK, S. MERTENS, JAMES HOFFMAN, SGT PERRY SMITH, JEFF WHITE |
| | **Jury Trial Scheduled** |

7

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

| | |
|---|---|
| Date: | 06-Feb-2014 |
| Time: | 9:48:59AM |
| Page: | 8 |

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                              **Security Level: 1 Public**

---

|  |  |
|---|---|
| | **Scheduled For:**30-Apr-2013 ; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County; **Length:** 3 Days |
| | **Pre-trial Conference Scheduled**<br>**Scheduled For:** 19-Mar-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County |
| 08-Mar-2013 | **Answer Filed**<br>STATE'S SUPPLEMENTAL ANSWER TO DISCOVERY<br>**Filed By:** ROBERT E PARKS |
| | **List of Witnesses**<br>ENDORSEMENT OF WITNESS(ES)<br>**Filed By:** ROBERT E PARKS |
| | **Answer Filed**<br>STATE'S ANSWER TO DEFENDANTS REQUEST FOR DISCOVERY<br>**Filed By:** ROBERT E PARKS |
| 11-Mar-2013 | **Motion to Dismiss**<br>MOTION TO DISMISS FILED.<br>**Filed By:** JEFFREY R WEINHAUS |
| | **Notice of Hearing Filed**<br>NOTICE FOR HEARING ON DISMISSAL OR ALTERATIVE SURETY BOND<br>**Filed By:** JEFFREY R WEINHAUS |
| 15-Mar-2013 | **Motion Filed**<br>FOR RETURN OF PERSONAL EFFECTS.<br>**Filed By:** JEFFREY R WEINHAUS |
| 18-Mar-2013 | **Motion to Quash**<br>**Filed By:** JEFFREY R WEINHAUS |
| 19-Mar-2013 | **Hearing Held** |
| | **Memorandum Filed**<br>MEMORANDUM ON NON WRITTEN WAIVER OF COUNSEL |
| | **Hearing Held**<br>State by PA Robert Parks.  Defendant in person and in custody.  Case called on record for motions hearing and pre-trial conference.  State requests leave to amend Indictment by interlineation to correct the body of Count V to read "the defendant committed the felony of attempted assault of a law enforcement officer charged in Count IV (not VI)," and to correct the body of Count VII to read "the defendant committed the felony of attempted assault of a law enforcement officer charged in Count VI (not IV)."  Leave granted.  Court takes up Motion for Return of Personal Effects.  Motion granted in part, as to gold ring; motion denied in part, as to watch.  Court takes up Motion to Quash Indictment. Motion denied.  Court takes up Motion to Dismiss.  Motion denied.  Defendant advised of perils of self representation.  Memorandum on Non-Written Waiver of Counsel filed and copy to each party. Defendant requests court take up Bond Motion.  PA objects.  Court allows motion, hears from defendant and PA.  Court leaves bond set at $50,000 cash only and sets $250,000 surety bond.  So Ordered: /s/ Keith Sutherland<br>**Scheduled For:** 19-Mar-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County |
| | **Judge/Clerk - Note**<br>COPY OF LOG SHEET FILED. |

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:    06-Feb-2014
Time:    9:48:59AM
Page:    9

*Case continued from previous page.*

---

### 12AB-CR02409-01    ST V JEFFREY R WEINHAUS

**Security Level: 1 Public**

| | |
|---|---|
| 19-Mar-2013 | **Motion to Sever Charges**<br>DEFENDANT'S MOTION TO SEVER THE CHARGES FILED.<br>**Filed By:** JEFFREY R WEINHAUS |
| | **Bond Set**<br>Amount of Bond Set - $250,000 SURETY; OR $50,000 CASH ONLY. |
| | **Stipulation Filed**<br>STIPULATION AS TO INTRODUCTION OF THE TAPE MADE BY DEFENDANT'S EX-WIFE INTO EVIDENCE FILED. |
| | **Order**<br>Order to return to defendant or his representative (1) gold ring now in the possession of Troop C evidence officer; and to retain the Black and Silver Watch in the possession of Troop C evidence officer (see order).  /s/ Keith Sutherland |

**Motion Denied**
          18-Mar-2013    **Motion to Quash**

**Motion Denied**
          11-Mar-2013    **Motion to Dismiss**

**Motion Granted/Sustained**
IN PART, RING
          15-Mar-2013    **Motion Filed**

**Motion Denied**
IN PART, WATCH
          15-Mar-2013    **Motion Filed**

| | |
|---|---|
| 20-Mar-2013 | **Judge/Clerk - Note** |
| | **Order**<br>SPECIAL CONDITION OF BOND:  GPS MONITORING, IS TO BE COMPLETED WITHIN 24 HOURS WITH PROOF FILED.  SO ORDERED.  /S/ KEITH M. SUTHERLAND/RK |
| 21-Mar-2013 | **Criminal Motion Hearing Sched**<br>**Scheduled For:** 25-Apr-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County<br>ALL PENDING (AS OF 04/25) MOTIONS |
| | **Answer Filed**<br>STATE'S SUPPLEMENTAL ANSWER TO DISCOVERY.<br>**Filed By:** ROBERT E PARKS |
| | **List of Witnesses**<br>ENDORSEMENT OF WITNESS<br>**Filed By:** ROBERT E PARKS |
| | **Motion for Disclosure**<br>STATE'S MOTION FOR DISCLOSURE<br>**Filed By:** ROBERT E PARKS |
| 01-Apr-2013 | **Objections Filed**<br>DEFENDANT/VICTIM OBJECTION TO NON WRITTEN WAIVER OF COUNSEL AND MOTION TO DISMISS, BASED ON DISCOVERY.<br>**Filed By:** JEFFREY R WEINHAUS |

*9*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:    06-Feb-2014
Time:    9:48:59AM
Page:    10

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                          Security Level: 1 Public

---

01-Apr-2013    **List of Witnesses**
               ENDORSEMENT OF WITNESS
               **Filed By:  JEFFREY R WEINHAUS**

19-Apr-2013    **Motion for Bond Reduction**
               REQUEST FOR EMERGENCY BOND REDUCTION HEARING FILED.
               **Filed By:  JEFFREY R WEINHAUS**

24-Apr-2013    **Motion to Quash**
               STATE'S MOTION TO QUASH DEFENDANT'S ENDORSED WITNESSES FILED.
               **Filed By:  ROBERT E PARKS**

               **Notice of Hearing Filed**
               FOR 04/25/13 @ 9 A.M.
               **Filed By:  ROBERT E PARKS**

25-Apr-2013    **Judge/Clerk - Note**
               COPY OF NOTICE OF ENTRY FOR DOCKET ENTRIES OF 04/25/13 TO PA AND DEFENDANT.  RK

               **Motion In Limine**
               STATE'S MOTION IN LIMINE 1 FILED.
               **Filed By:  ROBERT E PARKS**
                        12-Sep-2013    **Order**

               **Judge/Clerk - Note**

               **Hearing Held**
               DEFENDANT IN PERSON AND IN CUSTODY.  STATE BY PA ROBERT PARKS.  DEFENDANT'S
               MOTION TO SEVER THE CHARGES ARGUED AND DENIED.  DEFENDANT/VICTIM OBJECTION
               TO NON WRITTEN WAIVER OF COUNSEL AND MOTION TO DISMISS, BASED ON DISCOVERY
               ARGUED AND DENIED.
               DEFENDANT'S REQUEST FOR EMERGENCY BOND REDUCTION HEARING ARGUED AND
               DENIED.
               STATE'S MOTION IN LIMINE 1 ARGUED AND GRANTED.
               STATE'S ENDORSEMENT OF WITNESSES GRANTED.
               STATE'S MOTION TO QUASH DEFENDANT ENDORSED WITNESSES GRANTED AS TO THOSE
               HIGHLIGHTED IN YELLOW.
               COPY OF PROSPECTIVE JURORS QUESTIONNAIRES GIVEN TO PA AND DEFENDANT.
               DEFENDANT AND ANYONE ON HIS BEHALF ORDERED NOT TO COMMUNICATE WITH
               PROSPECTIVE JURORS PRIOR TO TRIAL IN ANY WAY.
               DEFENDANT PROVIDES APPLICATION FOR PUBLIC DEFENDER SERVICES TO COURT.
               COURT ORDERS APPLICATION BE DELIVERED TO PUBLIC DEFENDER BY CLERK.  COPY OF
               APPLICATION FILED UNDER SEAL.
               CASE REMAINS SET FOR JURY TRIAL 04/30 THRU 5/2/13.  SO ORDERED:  KEITH
               SUTHERLAND/RK
               **Scheduled For:** 25-Apr-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County
               ALL PENDING (AS OF 04/25) MOTIONS

               **Judge/Clerk - Note**
               ORIGINAL APPLICATION AND AFFIDAVIT FOR PUBLIC DEFENDER SERVICES DELIVERED TO
               PUBLIC DEFENDER'S OFFICE.  COPY PLACED IN SEALED ENVELOPE AND FILED.

               **Judge/Clerk - Note**
               COPY OF RECORDING LOG FILED.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

| | |
|---|---|
| Report: CZR0026 | |

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

| | |
|---|---|
| Date: | 06-Feb-2014 |
| Time: | 9:48:59AM |
| Page: | 11 |

*Case continued from previous page.*

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                                    Security Level: 1 Public

---

26-Apr-2013       **Entry of Appearance Filed**
                  **Filed By:** HUGH A EASTWOOD

                  **Motion for Continuance**
                  DEFENDANT'S MOTION FOR TRIAL CONTINUANCE FILED.
                  **Filed By:** HUGH A EASTWOOD
                        26-Apr-2013      **Motion Granted/Sustained**

                  **Motion Granted/Sustained**
                  DEFENDANT'S MOTION FOR TRIAL CONTINUANCE GRANTED BY CONSENT.  CASE PASSED
                  GENERALLY.
                  SO ORDERED:  KEITH SUTHERLAND/cw

                  **Hearing/Trial Cancelled**
                  **Scheduled For:** 30-Apr-2013 ; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin
                  County; **Length:** 3 Days

                  **Hearing/Trial Cancelled**
                  **Scheduled For:** 01-May-2013 ; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin
                  County; **Length:** 3 Days

                  **Hearing/Trial Cancelled**
                  **Scheduled For:** 02-May-2013 ; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin
                  County; **Length:** 3 Days

02-May-2013       **Criminal Motion Hearing Sched**
                  **Scheduled For:** 12-Sep-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County

                  **Jury Trial Scheduled**
                  **Scheduled For:** 08-Oct-2013 ; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin
                  County; **Length:** 3 Days
                  3-DAY JURY TRIAL

14-May-2013       **Subpoena Served**
                  SGT PERRY SMITH, MSHP

20-May-2013       **Subpoena Served**
                  CHM MATTHEW FOX, MSHP CRIME LABORATORY

24-May-2013       **Subpoena Served**
                  JEFF WHITE, LAW ENFORCEMENT TRAINING ACADEMY
                  SGT H FOLSOM, MISSOURI STATE HIGHWAY PATROL
                  MICK MARUSCHAK
                  CPL S MERTENS
                  PAT CUNNINGHAM
                  SGT H FOLSOM
                  JEFF WHITE, LAW ENFORCEMENT TRAINING ACADEMY

06-Jun-2013       **Notice to Take Deposition**
                  **Filed By:** HUGH A EASTWOOD

18-Jun-2013       **Subpoena Served**
                  JAMES HOFFMAN

23-Jul-2013       **Certificate of Service**
                  CERTIFICATE OF SERVICE, NOTICE OF HEARING

*//*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:    06-Feb-2014
Time:    9:48:59AM
Page:    12

Case continued from previous page.

## 12AB-CR02409-01    ST V JEFFREY R WEINHAUS                    Security Level: 1 Public

|  |  |
|---|---|
|  | **Filed By:** HUGH A EASTWOOD |
|  | **Motion to Sever Charges** |
|  | DEFENDANT'S SECOND MOTION TO SEVER OFFENSES |
|  | **Filed By:** HUGH A EASTWOOD |
| 06-Aug-2013 | **Request for Speedy Trial Filed** |
|  | VERIFIED ANNOUNCEMENT OF READY AND MOTION FOR SPEEDY TRIAL |
|  | **Filed By:** HUGH A EASTWOOD |
|  | **Amended Motion/Petition Filed** |
|  | AMENDED SECOND MOTION TO SEVER OFFENSES |
|  | **Filed By:** HUGH A EASTWOOD |
|  | 12-Sep-2013    **Order** |
|  | **Motion to Dismiss** |
|  | MOTION TO DISMISS THE CHARGE OF TAMPERING WITH JUDICIAL OFFICER FOR DEFECT IN THE INSTITUTION OF THE PROSECUTION |
|  | **Filed By:** HUGH A EASTWOOD |
| 20-Aug-2013 | **Motion for Leave** |
|  | REQUEST FOR LEAVE TO FILE A SUBSTITUTE INFORMATION IN LIEU OF INDICTMENT |
|  | **Filed By:** ROBERT E PARKS |
|  | 12-Sep-2013    **Order** |
|  | **Notice of Hearing Filed** |
|  | FOR 09/12/13 @ 9 A.M. |
|  | **Filed By:** ROBERT E PARKS |
| 21-Aug-2013 | **Notice of Hearing Filed** |
|  | FOR 09/12/13 @ 9 A.M. |
|  | **Filed By:** ROBERT E PARKS |
|  | **Motion Filed** |
|  | MOTION TO TAX DEPOSITIONS AS COURT COSTS |
|  | **Filed By:** ROBERT E PARKS |
|  | **Request Filed** |
|  | REQUEST  FOR MOTION TO TAX DEPOSITIONS AS COURT COSTS. |
|  | **Filed By:** ROBERT E PARKS |
| 04-Sep-2013 | **Certificate of Service** |
|  | **Filed By:** HUGH A EASTWOOD |
|  | **Notice of Hearing Filed** |
|  | FOR 09/12/13 @ 9 A.M. |
|  | **Filed By:** HUGH A EASTWOOD |
|  | **Suggestions in Opposition** |
|  | DEFENDANT'S OPPOSITION TO STATE'S MOTION IN LIMINE |
|  | **Filed By:** HUGH A EASTWOOD |
|  | **Motion In Limine** |
|  | DEFENDANT'S MOTION IN LIMINE/MOTION TO EXCLUDE |
|  | **Filed By:** HUGH A EASTWOOD |
|  | 12-Sep-2013    **Order** |

/2

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:   06-Feb-2014
Time:   9:48:59AM
Page:   13

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                          Security Level: 1 Public

---

04-Sep-2013     **Motion to Dismiss**
DEFENDANT'S AMENDED MOTION TO DISMISS THE CHARGE OF TAMPERING WITH JUDICIAL
OFFICER FOR DEFECT IN THE INSTITUTION OF THE PROSECUTION
**Filed By:** HUGH A EASTWOOD
                12-Sep-2013    **Order**

**Affidavit Filed**
AFFIDAVIT OF JUDY KROPF
**Filed By:** HUGH A EASTWOOD

06-Sep-2013     **Motion Filed**
MOTION TO TAX DEPOSITIONS AS COURT COSTS
**Filed By:** ROBERT E PARKS
                12-Sep-2013    **Order**

**Notice of Hearing Filed**
**Filed By:** ROBERT E PARKS

09-Sep-2013     **Exhibit Filed**
Exhibit A, Defendants Opposition to States motion in limine; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

11-Sep-2013     **Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

12-Sep-2013     **Hearing Held**
**Scheduled For:** 12-Sep-2013; 9:00 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County

**Substitute Information Filed**
**Filed By:** ROBERT E PARKS

**Order**
DEFENDANT IS PRESENT IN PERSON, IN CUSTODY AND WITH COUNSEL, HUGH
EASTWOOD.  PA ROBERT PARKS IS PRESENT.  STATE'S MOTION TO TAX DEPOSITIONS AS
COURT COSTS HEARD AND GRANTED.  DEFENDANT'S AMENDED MOTION TO DISMISS THE
CHARGE OF TAMPERING WITH JUDICIAL OFFICER FOR DEFECT IN THE INSTITUTION OF THE
PROSECUTION HEARD AND DENIED.  DEFENDANT'S AMENDED SECOND MOTION TO SEVER
OFFENSES HEARD AND DENIED.  STATE'S MOTION IN LIMINE 1 (THAT DEFENDANT NOT BE
REFERRED TO AS "VICTIM") HEARD AND GRANTED EXCEPT AS TO CLOSING ARGUMENT.
DEFENDANT'S MOTION IN LIMINE/MOTION TO EXCLUDE HEARD AND GRANTED IN PART AND
DENIED IN PART: PARA 1 GRANTED, PARA 2 GRANTED, PARA 3 GRANTED FOR SHOOTING
AND OVERRULED FOR SPEECH, PARA 4 OVERRULED, PARA 5 GRANTED, PARA 6 GRANTED,
PARA 7 GRANTED, PARA 8 GRANTED. STATE GRANTED LEAVE TO FILE SUBSTITUTE
INFORMATION IN LIEU OF INDICTMENT. SO ORDERED:  KEITH SUTHERLAND/RK

**Order**
GRANTING MOT TO TAX DEPOSITIONS FILED ON 09-06-13

**Filing:**
RECORDING LOG SHEETS FILED.

/3

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:     06-Feb-2014
Time:     9:48:59AM
Page:     14

Case continued from previous page.

**12AB-CR02409-01     ST V JEFFREY R WEINHAUS**                     Security Level: 1 Public

| | |
|---|---|
| 22-Sep-2013 | **Motion In Limine**<br>Defendants Second Motion in Limine; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD<br>**Filed By:** JEFFREY R WEINHAUS |
| 01-Oct-2013 | **Notice of Hearing Filed**<br>Notice of Hearing; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD<br>**Filed By:** JEFFREY R WEINHAUS |
| | **Entry of Appearance Filed**<br>Entry of Appearance; Electronic Filing Certificate of Service.<br>**Filed By:**  CHRISTOPHER M COMBS<br>**Filed By:** JEFFREY R WEINHAUS |
| | **Note to Clerk eFiling**<br>**Filed By:**  CHRISTOPHER M COMBS |
| 02-Oct-2013 | **Judge/Clerk - Note**<br>NOTIFIED PA AND DEFENSE COUNSEL THAT MOTION IN LIMINE AND OTHER MOTIONS<br>NOTICED FOR 10/08/13 @ 9 A.M. WILL BE HEARD ON 10/08/13 @ 8:30 A.M.  RK |
| | **Criminal Motion Hearing Sched**<br>**Scheduled For:** 08-Oct-2013; 8:30 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County<br>MOTIONS |
| 03-Oct-2013 | **Notice of Hearing Filed**<br>Notice; Electronic Filing Certificate of Service.<br>**Filed By:**  ROBERT E PARKS |
| | **Motion Filed**<br>Motion to tax depositions as court cost; proof of deposition cost; Electronic Filing Certificate of Service.<br>**Filed By:**  ROBERT E PARKS |
| 04-Oct-2013 | **Subpoena Requested**<br>Subpoena, Heather R Clarke; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD |
| | **Subpoena Requested**<br>Subpoena, Steve Everhart; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD |
| | **Subpoena Requested**<br>Subpoena, Marty Leach; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD |
| | **Subpoena Requested**<br>Subpoena, Jeffrey White; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD<br>**Filed By:** JEFFREY R WEINHAUS |
| 07-Oct-2013 | **Suggestions in Opposition**<br>Defendants Opposition to State s Motion in Limine 2; Electronic Filing Certificate of Service.<br>**Filed By:**  HUGH A EASTWOOD |

14

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:     06-Feb-2014
Time:     9:48:59AM
Page:     15

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

|  |  |
|---|---|
| | Filed By: JEFFREY R WEINHAUS |
| 08-Oct-2013 | **Motion In Limine**<br>STATE'S MOTION IN LIMINE 2<br>**Filed By:** ROBERT E PARKS |
| | **Hearing Held**<br>**Scheduled For:** 08-Oct-2013; 8:30 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County<br>MOTIONS |
| | **Jury Trial Conducted**<br>STATE BY PA ROBERT PARKS. DEFENDANT IN PERSON, IN CUSTODY AND WITH COUNSEL<br>HUGH EASTWOOD AND CHRISTOPHER COMBS. STATE'S MOTION IN LIMINE 2 FILED,<br>ARGUED AND DENIED. CASE CALLED FOR JURY TRIAL. VOIR DIRE CONDUCTED. JURY OF<br>TWELVE MEMBERS AND ONE ALTERNATE EMPANELED. TRIAL BEGAN. COURT RECESSED<br>AT 5 P.M. FOR EVENING. |
| | **Jury Instructions Filed** |
| | **Judge/Clerk - Note**<br>JUDGES NOTES |
| 09-Oct-2013 | **Motion for Acquittal**<br>**Filed By:** HUGH A EASTWOOD |
| | **Jury Trial Conducted**<br>8:35 A.M. ALL PARTIES PRESENT AND TRIAL RESUMED. STATE RESTED AND JURY EXCUSED<br>FOR EVENING AT 4:10 P.M. AT CONCLUSION OF STATE'S CASE, DEFENDANT FILED MOTION<br>FOR JUDGMENT OF ACQUITTAL. MOTION ARGUED AND GRANTED AS TO COUNTS II AND VIII<br>AND DENIED AS TO COUNTS I, III, IV, V, VI, VII. |
| 10-Oct-2013 | **Jury Trial Conducted**<br>8:30 A.M. ALL PARTIES PRESENT AND TRIAL RESUMED. DEFENSE RESTED. JURY REMOVED<br>FOR INSTRUCTION CONFERENCE. DEFENSE'S MOTION FOR JUDGMENT OF ACQUITTAL<br>RENEWED AND DENIED AS TO REMAINING COUNTS. INSTRUCTION CONFERENCE<br>CONDUCTED. JURY SEATED AND INSTRUCTED. CLOSING ARGUMENTS HELD. ALTERNATE<br>JUROR EXCUSED. JURY RETIRED TO JURY ROOM FOR DELIBERATION AT 10:52 A.M.<br>VERDICT REACHED AT 2:20 P.M. AS FOLLOWS: GUILTY ON COUNTS I, III, IV, V; NOT GUILTY<br>ON COUNTS VI AND VII. JURY POLLED. JURY REMOVED FOR INSTRUCTION CONFERENCE.<br>CONFERENCE HELD. JURY SEATED AND INSTRUCTED. SENTENCING STATEMENTS MADE<br>BY PA PARKS AND ADFT EASTWOOD. JURY RETIRED TO JURY ROOM FOR DELIBERATION<br>AT 3:20 P.M. VERDICT REACHED AT 4:44 P.M. AS TO SENTENCING: COUNT I: 2 YRS DOC,<br>COUNT III: 1 YR FRANKLIN COUNTY JAIL; COUNT IV: 30 YEARS DOC; COUNT V: 30 YEARS<br>DOC. ALL VERDICTS ORDERED FILED. JURY THANKED AND EXCUSED.<br>><br>> AT EACH BREAK DURING TRIAL, JURY INSTRUCTED PRIOR TO LEAVING COURTROOM.<br>><br>> SAR ORDERED. SENTENCING HEARING SCHEDULED FOR 11/25/13 @ 9:30 A.M.<br>DEFENDANT GRANTED ADDITIONAL 10 DAYS FOR FILING MOTION FOR NEW TRIAL.<br>><br>> SO ORDERED: KEITH M. SUTHERLAND |
| | **Jury Verdict - Guilty** |
| | **Questions to Judge from Jury** |

15

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

20TH JUDICIAL CIRCUIT
FRANKLIN COUNTY
CIRCUIT COURT DOCKET SHEET

Date:     06-Feb-2014
Time:     9:48:59AM
Page:     16

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

| | |
|---|---|
| 10-Oct-2013 | **Sent Assessment Report Ordered** |
| 11-Oct-2013 | **Sentencing Hearing Scheduled**<br>**Scheduled For:** 25-Nov-2013; 9:30 AM; KEITH M SUTHERLAND; **Setting:** 0; Franklin County MOTIONS/SENTENCING |
| 16-Oct-2013 | **Motion for New Trial**<br>**Filed By:** JEFFREY R WEINHAUS<br>        25-Nov-2013    **Motion Denied** |
| 29-Oct-2013 | **Notice**<br>notice; Electronic Filing Certificate of Service.<br>**Filed By:** ROBERT E PARKS<br><br>**Motion Filed**<br>motion to tax depositions as court costs; deposition cost; Electronic Filing Certificate of Service.<br>**Filed By:** ROBERT E PARKS<br>        25-Nov-2013    **Motion Granted/Sustained**<br><br>**Motion for New Trial**<br>Defendant s Motion for New Trial; Electronic Filing Certificate of Service.<br>**Filed By:** HUGH A EASTWOOD<br>        25-Nov-2013    **Motion Denied**<br><br>**Motion for Acquittal**<br>Defendant s Second Motion for Acquittal; Electronic Filing Certificate of Service.<br>**Filed By:** HUGH A EASTWOOD<br>        25-Nov-2013    **Motion Denied**<br><br>**Notice of Hearing Filed**<br>Notice of Hearing; Electronic Filing Certificate of Service.<br>**Filed By:** HUGH A EASTWOOD<br>**Filed By:** JEFFREY R WEINHAUS |
| 30-Oct-2013 | **Motion Filed**<br>Defendants Motion to Tax Depositions as Court Costs, and Other Court Costs; Ex A, Deposition Court Reporter Costs; Ex B, Clarke subpoena service fee; Ex C, Leach and Everhart subpoena service fees; Ex D, White subpoena service fee; Electronic Filing Certificate of Service.<br>**Filed By:** HUGH A EASTWOOD<br>**Filed By:** JEFFREY R WEINHAUS<br>        25-Nov-2013    **Motion Granted/Sustained** |
| 01-Nov-2013 | **Notice of Hearing Filed**<br>notice; Electronic Filing Certificate of Service.<br>**Filed By:** ROBERT E PARKS |
| 08-Nov-2013 | **Notice of Hearing Filed**<br>notice; Electronic Filing Certificate of Service.<br>**Filed By:** ROBERT E PARKS<br><br>**Motion Filed**<br>States motion to forfeit weapon; Electronic Filing Certificate of Service.<br>**Filed By:** ROBERT E PARKS<br>        25-Nov-2013    **Motion Granted/Sustained** |

*16*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:    06-Feb-2014
Time:    9:48:59AM
Page:    17

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

15-Nov-2013    **Response Filed**
Defendant s Memorandum in Opposition to State s Motion to Forfeit Weapon; Exhibit A - Affidavit of Judy Kropf; Ex B - Receipt; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

**Suggestions Filed**
Defendant s Supplemental Suggestions of Law in support of each of his original, renewed & second motions for judgment of acquittal; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

22-Nov-2013    **Sent Assessment Report Filed**

25-Nov-2013    **Motion Denied**
DEFENDANT'S MOTION FOR NEW TRIAL DENIED.  KMS

**Motion Granted/Sustained**
ALL MOTIONS TO TAX DEPOSITIONS AS COURT COSTS GRANTED.  KMS

**Motion Denied**
DEFENDANT'S SECOND MOTION FOR ACQUITTAL DENIED.  KMS

**Motion Granted/Sustained**
STATE'S MOTION TO FORFEIT WEAPON GRANTED.  FORFEITURE STAYED PENDING APPEAL AND POST CONVICTION RELIEF PROCESSES.  KMS

**Defendant Sentenced**
DEFENDANT IN CUSTODY, IN PERSON AND WITH COUNSEL HUGH EASTWOOD AND CHRISTOPHER COMBS.  STATE BY PA ROBERT PARKS.  ALLOCUTION GRANTED.  COUNT I: 2 YRS DOC; COUNT III:  1 YR COUNTY JAIL; COUNT IV:  30 YRS DOC; COUNT V:  30 YRS DOC, ALL CONCURRENT.  CC/CVF. 29.15/24.035 ADVISED AND NO PROBABLE CAUSE FOUND.  SO ORDERED.  KEITH M. SUTHERLAND

**Judgment CVC Entered**
**Judgment Against:** JEFFREY WEINHAUS; **Amount:** $68.00; **Satisfied Date:**

**Judgment Entered**
COURT COSTS
**Judgment Against:** JEFFREY WEINHAUS; **Amount:** $20,006.25; **Satisfied Date:**

**Transfer Filed**
Commitment report; Electronic Filing Certificate of Service.
**Filed By:** ROBERT E PARKS

26-Nov-2013    **Record of Traffic Disp Issued**
The Traffic Disposition was sent electronically to DOR and MSHP for charge number 3 violation 3245700 - Possession Of Up To 35 Grams Marijuana. The charge was disposed as Jury Verdict-Guilty

**Record of Traffic Disp Issued**
The Traffic Disposition was sent electronically to DOR and MSHP for charge number 1 violation 3245000 - Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana. The charge was disposed as Jury Verdict-Guilty

17

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Report: CZR0026

**20TH JUDICIAL CIRCUIT**
**FRANKLIN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date:   06-Feb-2014
Time:   9:48:59AM
Page:   18

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

---

27-Nov-2013    **Notice of Appeal Filed**
Notice of Appeal form no 8-A; Criminal Case Information Form E D Local Rule 300; Judgment;
Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

03-Dec-2013    **Motion Filed**
MOTION FOR RETURN OF PROPERTY OR EVIDENCE
**Filed By:** ROBERT E PARKS
        05-Dec-2013    **Motion Granted/Sustained**
        23-Jan-2014    **Motion Granted/Sustained**

05-Dec-2013    **Ord Allow In Forma Pauperis**
Defendant granted leave to appeal in forma pauperis. s/Keith Sutherland via email
**Filed By:** KEITH M SUTHERLAND

        **Motion Granted/Sustained**
MOTION FOR RETURN OF PROPERTY OR EVIDENCE GRANTED.  SO ORDERED:  KEITH M.
SUTHERLAND

09-Dec-2013    **Certificate of Mailing**
NOTICE OF APPEAL, CRIIMINAL CASE INFORMATION FORM, PAUPERIS ORDER, & COPY OF
JUDGMENT MAILED TO THE MISSOURI COURT OF APPEALS, TO ROBERT PARKS AND
NOTICE OF ENTRY TO HUGH EASTWOOD.

        **Motion for Apptmnt of Counsel**
Defendants Motion for Appointment of Counsel; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
        10-Dec-2013    **Motion Granted/Sustained**

        **Memorandum Filed**
Defendant-Appellants Statement of his Status; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD

        **Motion to Withdraw**
Motion to Withdraw; Electronic Filing Certificate of Service.
**Filed By:** HUGH A EASTWOOD
**Filed By:** JEFFREY R WEINHAUS

10-Dec-2013    **Motion Granted/Sustained**
MOTION FOR APPOINTMENT OF COUNSEL GRANTED.  PUBLIC DEFENDER APPOINTED.  SO
ORDERED:  KEITH SUTHERLAND

16-Dec-2013    **Receipt Filed**
MISSOURI COURT OF APPEALS-EASTERN DISTRICT ACKNOWLEDGEMENT OF NOTICE OF
APPEAL, FILING
APPEALS COURT CASE NO. ED100807.

23-Dec-2013    **Correspondence Filed**
Letter to clerk, received & scanned.
**Filed By:** JEFFREY R WEINHAUS

24-Dec-2013    **Certificate of Mailing**
Notice of 12/23/13 correspondence, filing to Defendant.

18

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

| Report: CZR0026 | 20TH JUDICIAL CIRCUIT | Date: | 06-Feb-2014 |
| --- | --- | --- | --- |
| | FRANKLIN COUNTY | Time: | 9:48:59AM |
| | CIRCUIT COURT DOCKET SHEET | Page: | 19 |

Case continued from previous page.

---

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                                            Security Level: 1 Public

---

13-Jan-2014      **Judge/Clerk - Note**

17-Jan-2014      **Judge/Clerk - Note**
                 STATE'S EXHIBITS #1 AND #2 FROM MOTION HEARING ON 02/21/13 RETURNED TO
                 PROSECUTOR.

23-Jan-2014      **Motion Granted/Sustained**
                 ORDER GRANTING REQUEST FOR DISPOSAL OF PROPERTY OR EVIDENCE RECEIVED FROM
                 JUDGE SUTHERLAND.  (THIS MOTION ORIGINALLY GRANTED ON 12/05/2013.)

28-Jan-2014      **Judge/Clerk - Note**
                 COPY OF ORDER GRANTING REQUEST FOR DISPOSAL OF PROERTY OR EVIDENCE MAILED
                 TO SGT. VOLKMER AT MSHP, TROOP I, P O BOX 128, ROLLA MO 65402.

06-Feb-2014      **Judge/Clerk - Note**
                 LEGAL FILE COPIED, COMPILED CERTIFIED AND MAILED TO, AMY BARTHOLOW,  MISSOURI
                 PUBLIC DEFENDER'S OFFICE, APPELLATE DIVISION, WOODRAIL CENTRE, 1000 W. NIFONG,
                 BUILDING 7, SUITE 100, COLUMBIA, MO 65203

19

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF THE COUNTY OF FRANKLIN
STATE OF MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Plaintiff, | ) | Cause No.    12AB-CR02409 |
| | ) | Division No. II |
| VS | ) | OCN: |
| | ) | PA File No.  071131707 |
| JEFFERY R WEINHAUS | ) | |
| White/Male DOB: 10/06/1966 | ) | |
| SSN:  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 | ) | |
| 2360 Highway K | ) | |
| Saint Clair, MO 63077 | ) | |
| Defendant. | ) | INDICTMENT |

**FILED**
**NOV 2 8 2012**
BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
D.C.

The Grand Jurors of the County of Franklin, State of Missouri, charge that:

**COUNT I CLASS C FELONY POSSESSION OF A CONTROLLED SUBSTANCE**
Charge Code Number:  3245022

The defendant, in violation of Section 195.202, RSMo, committed the class C felony of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed Morphine, a controlled substance, knowing of its presence and nature.

**COUNT II CLASS C FELONY TAMPERING WITH JUDICIAL OFFICER**
Charge Code Number:  2921706

The defendant, in violation of Section 565.084, RSMo, committed the class C felony of tampering with a judicial officer, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 17, 2012, in the County of Franklin, State of Missouri, the defendant, with purpose to harass or intimidate Judge Kelly Parker, a judicial officer, in the performance of the judicial officer's official duties, tampered with the judicial officer by threatening to try and execute Judge Kelly Parker for treason.

**COUNT III CLASS A MISDEMEANOR POSSESSION OF UP TO 35 GRAMS MARIJUANA**
Charge Code Number:  3245762

The defendant, in violation of Section 195.202, RSMo, committed the class A misdemeanor of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed marijuana, a controlled substance, knowing of its presence and nature.

**COUNT IV CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER,**
Charge Code Number:  1310099

The defendant, in violation of The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Sgt Folsom was a law enforcement officer, the defendant knew Sgt. Folsom was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by shooting him.



Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

## COUNT V CLASS U ARMED CRIMINAL ACTION
Charge Code Number:  3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count IV, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

## COUNT VI CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER,
Charge Code Number:  1310099

The defendant, in violation of  The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Cpl Mertens was a law enforcement officer, the defendant knew Cpl Mertens was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by shooting him.

## COUNT VII CLASS U ARMED CRIMINAL ACTION
Charge Code Number:  3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count VI, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

## COUNT VIII CLASS D FELONY RESISTING OR INTERFERING WITH ARREST FOR A FELONY
Charge Code Number:  2702099

The defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting an arrest, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, Sgt Folsom and Cpl Mertens, law enforcement officers, were making an arrest of for defendant possession of a controlled substance, and the defendant knew or reasonably should have known that the officers were making an arrest, and for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening the use of violence or physical force.

A TRUE BILL                                        NO TRUE BILL

*Larry Edmith*                    _____          *Robt E Ghio*
Foreman                          Foreman                    (Assistant) Prosecuting Attorney

As a condition of release for defendant bond is set in the amount of $ *250,000⁰⁰ cash only.*

21

_____
                        Judge

STATE WITNESSES:

SGT H. Folsom, Missouri State Highway Patrol, Troop I Headquarters, Rolla, MO 65402
Kelly Parker

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

22

Electronically Filed - EASTERN DISTRICT CT OF COURT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF THE COUNTY OF FRANKLIN
STATE OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff, | ) Cause No.   12AB-CR02409-01 |
| | ) Division No. I |
| | ) Judge: SU |
| VS | ) OCN: |
| | )  PA File No. 071131707 |
| JEFFERY R WEINHAUS | ) |
| White/Male DOB: 10/06/1966 | ) |
| SSN:  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 | ) __SUBSTITUTE INFORMATION__ |
| Defendant. | ) __IN LIEU OF INDICTMENT__ |

**FILED**

SEP 1 2 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
_____ D.C.

The Prosecuting Attorney in the County of Franklin, State of Missouri, charges that:

### COUNT I CLASS C FELONY POSSESSION OF A CONTROLLED SUBSTANCE
Charge Code Number: 3245022

The defendant, in violation of Section 195.202, RSMo, committed the class C felony of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed Morphine, a controlled substance, knowing of its presence and nature.

### COUNT II CLASS C FELONY TAMPERING WITH JUDICIAL OFFICER
Charge Code Number: 2921706

The defendant, in violation of Section 565.084, RSMo, committed the class C felony of tampering with a judicial officer, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 17, 2012, in the County of Franklin, State of Missouri, the defendant, with purpose to harass or intimidate Judge Kelly Parker, a judicial officer, in the performance of the judicial officer's official duties, tampered with the judicial officer by threatening to try and execute the Judge Kelly Parker for treason.

### COUNT III CLASS A MISDEMEANOR POSSESSION OF UP TO 35 GRAMS MARIJUANA
Charge Code Number: 3245762

The defendant, in violation of Section 195.202, RSMo, committed the class A misdemeanor of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed marijuana, a controlled substance, knowing of its presence and nature.

### COUNT IV CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER
Charge Code Number: 1310099

The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of attempted assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Sgt Folsom was a law enforcement officer, the defendant knew Sgt. Folsom was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by trying to draw a weapon to shoot at Sgt Folsom.

23

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

### COUNT V CLASS U ARMED CRIMINAL ACTION
Charge Code Number:  3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count IV, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

### COUNT VI CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER,
Charge Code Number:  1310099

The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Cpl Mertens was a law enforcement officer, the defendant knew Cpl Mertens was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by trying to draw a weapon to shoot at Cpl Mertens.

### COUNT VII CLASS U ARMED CRIMINAL ACTION
Charge Code Number:  3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count VI, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

### COUNT VIII CLASS D FELONY RESISTING OR INTERFERING WITH ARREST FOR A FELONY
Charge Code Number:  2702099

The defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting an arrest, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, Sgt Folsom and Cpl Mertens, law enforcement officers, were making an arrest of for defendant possession of a controlled substance and the defendant knew or reasonably should have known that the officers were making an arrest, and, for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening the use of violence or physical force.

ROBERT E. PARKS
Prosecuting Attorney
of the County of Franklin,
State of Missouri, by
/s/ Robert E. Parks

_____

Robert E. Parks - 36333
Prosecuting Attorney

24

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

STATE WITNESSES:

Pat Cunningham, 1400 Independence Drive, Suite 1402, Rolla, MO
Mike Maruschak, 1400 Independence Drive, Suite 1402, Rolla, MO
Sarah Everhart,
SGT H. Folsom, Missouri State Highway Patrol, Troop I Headquarters, Rolla, MO 65402
CHM Matthew Fox, MSHP Crime Laboratory, 1510 East Elm Street, Jefferson City, MO 65101
Phil Gregory,
James Hoffman, 1616 Oak Knoll, Saint Clair, MO 63077
S. Mertens, Troop I Headquarters, Rolla, MO 65402
Kelly Parker,
SGT Perry Smith, Missouri State Highway Patrol, 891 Technology Drive, Saint Charles, MO 63304
Valerie Weinhaus, 711 S. Osteopathy, Kirksville, MO 63501
Jeff White, P.O. Box 568, Jefferson City, MO 65102

25

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, STATE OF MISSOURI

State of Missouri,                          )

vs.                                         )          Cause No. 12AB-CR02409

Jeffrey Weinhaus,                           )          Judge: Gael Wood

            Defendant.                      )

**FILED**

**DEC 1 8 2012**

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

### REQUEST FOR DISCOVERY

COMES NOW defendant, by and through counsel, pursuant to Rules 25.03 and 25.04 Mo.R.Crim.P. and Section 565.032 RSMo (1986), and requests the following within ten (10) days and/or throughout the duration of this cause:

1. The names and last known addresses of persons whom the State intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda reporting or summarizing part of all of their oral statements.

2. Should the defendant notify the State of its intent to rely upon the defenses of mental disease or defect pursuant to Section 552.030 RSMo or alibi, the defendant specifically requests the names and addresses of all witnesses the State intends to call as rebuttal witnesses, together with any written memoranda of their statements. Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973); State v. Curtis, 544 S.W.2d 580 (Mo. banc 1976).

3. Any written or recorded statements and the substance of any oral statements made by the defendant or by a codefendant, a list of all witnesses to the making, and a list of all witnesses to the acknowledgment, or such statements, and last known addresses of such witnesses.

4. Those portions of any existing transcript of the grand jury proceedings which relate to the offense with which defendant is charged, containing testimony of the defendant or

26

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

testimony or persons whom the State intends to call as witnesses at a hearing or trial.

5. Any existing transcript of the preliminary hearing of any prior trial held in the

   defendant's case if the State has such in its possession or if such is available to the

   State.

6. Any reports or statements of experts, made in connection with the particular case,

   including results of physical or mental examinations and of scientific tests,

   experiments or comparisons.

7. Any books, papers, documents, photographs or objects which the State intends to

   introduce into evidence at the hearing or trial, or which were obtained from or belong

   to the defendant.

8. Any record of prior criminal convictions of persons the State intends to call as

   witnesses at a hearing or trial.

9. A written statement by counsel for the State setting forth the facts relating to the time,

   place, and persons making any photographic or electronic surveillance relating to the

   offense with which this defendant is charged.

10. Any material or information, within the possession or control of the State, which

    tends to negate the guilt of the defendant as to the offense charged, mitigate the

    degree of the offense charged, or reduce the punishment.

11. All items set out in the foregoing paragraphs which are known to the State to be in the

    possession or control of other government personnel.

12. The statements of all persons who have been interviewed by an agent of the State in

    connection with the subject matter of this cause and whom the State does not

    presently intend to call at trial.

13. The memoranda or summaries of any oral statement made to an agent of the State by

    any person in connection with the subject matter of this cause whether or not:

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

a.  the statement, if in writing, has been signed or approved by the

witness, and

b.  the statement relates to the proposed subject matter of the direct

testimony of the witness at trial.

14. The statements of persons or memoranda or recordings of any oral statement pertinent

to the subject matter of this case whether or not made to any agent of the State.

15. Any memoranda, documents or statements used by the State during the investigation

of this case.

16. The names and addresses of all persons who may have some knowledge of the facts

of the present case.

17. All reports and memoranda prepared on behalf of the State or otherwise used in

connection with the investigation of this case.

18. All reports, memoranda and any other data in the hands of the State and its agents in

regard to defendant.

19. Pursuant to RSMo 565.005, notice of all statutory and non-statutory aggravating

circumstances the prosecution will rely upon if the death penalty is sought, and any

material or information within the possession or control of the State which the

prosecution intends to use as evidence of all aggravating circumstances or as evidence

in general during any penalty phase in this cause.

20. Any material or information within the possession or control of the State relating to

the mitigating circumstances of RSMo 565.032 (1986).

21. The names and addresses of persons known to the State or law enforcement agencies

having information relating to the mitigating circumstances of RSMo 565.032 (1986).

22. Statements of any person or persons which were shown, read, played, or paraphrased

to the defendant during any interrogation or interview conducted by any member of

28

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

any law enforcement agency.

23. Current or most recent addresses and telephone numbers, known to law enforcement

agencies, of all persons interviewed in the course of the investigation of the incident.

24. Copies of booking of the defendant prepared by any law enforcement

agencies relating to the defendant, this case, the incident, or the investigation.

25. All press releases prepared by any law enforcement agencies relating to the

defendant, this case, the incident, or the investigation.

26. Copies of all 911 tapes, and other police radio calls or dispatches reflecting the initial

call for assistance to and through those reflecting the arrest of the defendant.

Respectfully submitted,

Tyson Mutrux, #63117

Attorney for Defendant
1717 Park Avenue
St. Louis, MO 63104
p: 314-270-2273
f: 314-884-4333
Tyson@ArchDefender.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent U.S. Mail to: Robert Parks, Franklin County Prosecuting Attorney's Office, 13 S. Church St., Room 203, Union, MO 63084, on this *December 14, 2012*.

24

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

DEC 1 8 2012

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| State of Missouri, | ) | |
| | ) | |
| vs. | ) | Cause No. 12AB-CR02409 |
| | ) | |
| Jeffrey Weinhaus, | ) | |
|     Defendant. | ) | |

### MOTION FOR BILL OF PARTICULARS

Comes now Defendant, by and through his attorney, and moves this court pursuant to the provisions of Rule 23.04 of Missouri Supreme Court Rules for an order directing the Prosecuting Attorney to file a Bill of Particulars which sets forth sufficient facts to advise Defendant of the particulars of the offenses charged in order for Defendant to sufficiently prepare for his defense and avoid being placed twice in jeopardy.

1. Defendant is charged by Indictment with one count of Felony Possession of a Controlled Substance (Count I), one count of Felony Tampering with a Judicial Officer (Count II), one count of Misdemeanor Possession of up to 35 Grams of Marijuana (Count III), two counts of Attempted Assault on a Law Enforcement Officer (Counts IV and VI), two counts of Armed Criminal Action (Counts V and VII), and one count of Felony Resisting Arrest or Interfering with Arrest for a Felony (Count VIII).

2. The Indictment fails to advise the Defendant of sufficient facts to enable him to adequately prepare his defense and instead alleges the legal conclusions that Defendant engaged in the above offenses.

3. From the time of the Indictment, Defendant is unable to determine: (1) what illegal act or acts Defendant is alleged to have committed; (2) the locations where some of those acts are alleged to have occurred; (3) and the date on which those acts are alleged to have

Page 1 of 3

30

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

occurred. Because of these deficiencies Defendant is unable to investigate or prepare a legal and factual defense to the alleged charges.

4. As to Count II, Defendant requests the prosecution to provide the following information:

    a.  As exact an approximation of the date and time of occurrence as is possible;

    b.  The location, by address, of each incident;

    c.  The exact statements that resulted in the allegation of Felony Tampering with a Judicial Officer;

5. As to the allegations in Counts IV-VIII, Defendant requests the prosecution to provide the following information:

    a.  An exact description of the actions taken by defendant that resulted in the allegations in Counts IV-VIII;

    b.  All witnesses to the allegations in Counts IV-VIII;

    c.  Address or location of each incident.

6. Defense counsel has had an opportunity to review discovery and it is impossible to relate from the discovery materials presented specifically what counts are referenced and the specific acts that allegedly constitute such occurrences.

7. Defendant has good reason to believe that many of the counts should be merged into single criminal events, if indeed said event occurred at all, and that such matters may be subject to double jeopardy guarantees pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 19 of the Missouri Constitution.

8. Failure to require the State to set forth with particularity those allegations and facts which the State must prove would deny the Defendant the right to prepare his defense, challenge the venue of the proceedings, to conduct an appropriate investigation of the witnesses,

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

expose him to being placed twice in jeopardy, and deny him effective assistance of counsel all rights guaranteed by Article I, Section 18(a) and 19 of the Missouri Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendant requests this Court enter its Order directing the State of Missouri to file a Bill of Particulars in connection with the above entitled cause.

Respectfully Submitted,

Tyson Mutrux, #63117

The Mutrux Law Firm
Attorney for Defendant
1717 Park Avenue
St. Louis, MO 63104
p: 314-270-2273
f:  314-884-4333

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed this December 14, 2012 by U.S. Mail to:

Franklin County Prosecuting Attorney's Office
15 S. Church St., Room 20
Union, MO 63084

By: _____
Tyson Mutrux, #63117

Page 3 of 3

32

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

STATE OF MISSOURI
VS                          CASE # 12AB_____
JEFFREY WEINHAUS

**FILED**

**FEB 13 2013**

MOTION TO DISMISS

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By_____ D.C.

COMES NOW DEFENDANT SEEKING DISMISSAL OF THIS
MATTER. THE ONLY PROPER PURPOSE OF GOVERNMENT
IS TO PROTECT MANS RIGHTS. FIRST AND FOREMOST
OF THOSE RIGHTS IS TO PROTECT HIM FROM PHYSICAL
FORCE. THE ONLY INJURED PARTY IS DEFENDANT.
THE ONLY ONE SUFFERING A LOSS IS DEFENDANT.
THE ONLY ONE WHO HAS BEEN HARMED IN THESE
MATTERS IS THE DEFENDANT. DEFENDANT WAS
SHOT 4 TIMES IN AN ATTEMPTED ASSAINATION.
TWICE TO THE HEAD TWICE TO THE CHEST. DEFENDANT
THEN HAS SPENT 110 DAYS IN JAIL. DEFENDANT
HAD HIS COMPUTERS - CAMERAS IN EFFECT HIS PRINTING
PRESS STOLEN - THEN WAS LIED TOO BY THE STATE
WHO TOLD HIM TO COME GET HIS PROPERTY - WHEN
HE ARRIVED AND IN TWENTY SECONDS HE WAS
GUNNED DOWN WITHOUT EVEN A WARNING. THE
                                              ARE
ONLY KNOWN RECORDINGS OF THIS EVENT IS THE ONES
MADE BY DEFENDANT. THE AUDIO TAPE CLEARLY RECORD
THERE WAS NO ORDER OF ARREST OR NO GET YOUR
HANDS IN THE AIR. JUST 5 SHOTS 4 WHICH
STRUCK DEFENDANT IN HEAD AND CHEST.

33

MOTION TO DISMISS    PAGE 2

THE ONLY BUSINESS SPECIFICLY PROTECTED BY
THE UNITED STATES CONSTITUTION IS THE FREE PRESS.
DEFENDANT HAS PUBLISHED A BULLETIN FOR THE
LAST 16 YEARS. THE FOCUS OF HIS PUBLICATION
AND WEBSITE IS EXPOSING COURT HOUSE AND POLICE
CORRUPTION AND MISCONDUCT. DEFENDANT WAS ALSO
RUNNING FOR CORONER IN CRAWFORD COUNTY.
HE HAD MADE IT KNOWN THAT HE WOULD BE
LOOKING INTO MURDERS THAT HAVE BEEN COMMITTED
BY MEMBERS OF THE LAW ENFORCEMENT COMMUNITY.
ON AUGUST 22ND 2012 SGT FOLSOM AND CPL MARTENS
CAME TO DEFENDANTS OFFICE TO INTERVIEW HIM
ABOUT A VIDEO WHICH WAS POSTED ON AUGUST 17TH.
ONCE THE INTERVIEW HAD CONCLUDED TROOPER FOLSOM
ANNOUNCED THAT HE SMELLED MARIJUANA AND WAS
GOING TO HAVE TO GET A SEARCH WARRANT. FOUR
HOURS LATER HE RETURNED WITH SAID WARRANT.
THE SCOPE OF THE WARRANT WAS SEIZURE OF
COMPUTERS AND CAMERAS USED TO PRODUCE THE
NEWS BULLETIN AND BULLETINMAN VIDEO BROADCAST.
THE LAST THING LISTED TO SEIZE ON THE WARRANT
WAS MARIJUANA. OBVIOUSLY THE WARRANT WAS
ALL ABOUT TAKING THE TOOLS USED TO PRODUCE
THE BULLETIN. IN EFFECT STOPPING THE PRESS.
THOUGH ONLY FOR A MOMENT. WITH IN 48
HOURS BULLETINMAN WAS BACK ON THE AIR.
AND COLLECTED EVERY ONE HE COULD ABOUT
THE THEFT OF HIS COMPUTERS ———→ CONT.

34

MOTION TO DISMISS PAGE 3

BUT NOT LIMITED TOO - FOLSOM COMMANDING OFFICERS. ON SEPTEMBER WRIT OF REPLEVIN WAS FILED WITH SUPREME COURT SEEKING THE RETURN of PROPERTY STOLEN (SEIZED BY THE WARRANT EXECUTED BY TROOPER FOLSOM ON SEPT-11 MIGHT HAVE BEEN DUE TO THE ATTEMPTED TO INITIATE. THOUGH I CASE WAS NOT AND NO WARRANTS WHERE TEN MINUTES LATER DEFENDANT IN A POOL OF HIS 4 PINTS OF BLOOD. THE ONLY ONE INJURED - SUFFERING IS DEFENDANT. THE BODY IS THE DEFENDANTS. CORPUS DILECTI THE CRIME IS AN ACT THAT CAUSES HARM. JUST WHO HAS BEEN SHOT AND THEN JAILED? CAN THE A VICTIM OTHER THAN DEFENDANT? WARRANT IN AND OF ITSELF MEET THE STATUTORY REQUIREMENTS 43.200. THE FRANKLIN COUNTY SHERIFF DESIGNEE WHEN THE SEARCH SERVED OR WHEN THE ALLEGED WAS MADE ON SEPTEMBER 11TH. LETTER FROM SHERIFF TOELKE DEFENDANT MOTIONS THAT BE QUASHED AND THIS MATTER RESPECTFULLY JEFFREY WEINHAUS

35

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**IN THE CIRCUIT COURT OF FRANKLIN COUNTY**
**STATE OF MISSOURI**

State of Missouri,                    )
                                      )
  Plaintiff,                          )
                                      )     **Case No. 12AB-CR02409-01**
vs                                    )
                                      )     FILED
                                      )
Jeffrey R. Weinhaus,                  )     MAR 1 8 2013
                                      )
  Defendant                           )     BILL D. MILLER, Circuit Clerk
                                            FRANKLIN COUNTY MISSOURI
                                            By _____ D.C.

## DEFENDANT'S MOTION TO QUASH INDICTMENT

**Comes now** the Defendant, **Jeffrey R. Weinhaus**, acting Pro Se, and moves this

Honorable Court to Quash the Indictment in the above captioned cause, and supports this motion

with the following:

**I.**

On November 28th, 2012, the State obtained its eight-count indictment in this cause. To

that indictment, the Defendant has pleaded not guilty.

**II.**

"'It has been held repeatedly that an Indictment by a grand jury is prima facie evidence of the

existence of probable cause, **unless the same is overcome by a showing in evidence that the**

**indictment was obtained by false or fraudulent testimony**, or through improper

means...'*Steppuhn v. Railroad*, 199 Mo. App. 571, 204 S. W. 579; *Van Sickle v. Brown*, 68 Mo.

627, 637; *Wilkinson v. McGee,* 265 Mo. 574, 586, 178 S. W. 471. *Campbell v. Myers*, 287 S.W.

842, 221 Mo.App. 858 (Mo. App., 1926)" [emphasis added]

Defendant contends that Sgt. Folsom provided false testimony to the grand jury, which



Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

the grand jury relied upon in their indictment. In support of this contention, the Defendant submits the following;

Defendant's Motion to Quash Exhibit A -The Indictment. Count VIII of the indictment states the following;

**COUNT VIII CLASS D FELONY RESISTING OR INTERFERING WITH ARREST FOR A FELONY**

Charge Code Number: 2702099

"The defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting an arrest, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, Sgt Folsom and Cpl Mertens, law enforcement officers, were making an arrest of for defendant possession of a controlled substance **and the defendant knew or reasonably should have known that the officers were making an arrest**, and, for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening the use of violence or physical force." [emphasis added]

The indictment identifies the State's Witnesses as Sgt. H. Folsom, Missouri State Highway Patrol, Troop I Headquarters., Rolla, MO 65402, and Kelly Parker. No other identifying information for "Kelly Parker" was provided in the indictment. Defendant assumes that Kelly Parker is Judge Kelly Parker. Judge Kelly Parker, to the best of Defendant's knowledge is not alleged to be a witness to the events of the 19th of September 2012.

As Sgt. Folsom was the only witness that could have provided testimony to support a charge of resisting arrest, Defendant asks this Honorable Court to examine the Trooper's report from the 9th of September 2012. (Defendants Motion Exhibit B)

Item 4 on Page 1 (Exhibit B) of Sgt. Folsom's report states;

37

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

"At this point with all the units in place at approximately 1246 hours, I contacted Weinhaus by cellular telephone to request that he meet Corporal Mertens and I at the MFA Oil station near his residence under the ruse that we were going to return his computer equipment. Weinhaus answered the cellular telephone and I explained to him that Corporal Mertens and I wanted to return his computer equipment to him today. **Weinhaus immediately suggested that it would have to be a public place and that he did not trust me as he thought this might be a ploy to arrest him. I again assured him that, the meeting was to return his computers to him and that I wanted to make it as easy as possible for him.** I asked him if we could meet him at the MFA Oil station near his residence on Route K in Piney Park. Weinhaus agreed, but he informed me that he would have several persons with him when he arrived to check things out. I again informed him that only Corporal Mertens and I would be there and we did not want to cause any kind of incident by bringing other people. Weinhaus agreed to meet us in approximately 15 minutes." [emphasis added]

The report made by Sgt. Folsom clearly contradicts his latter testimony before the grand jury. Sgt. Folsom's report identifies that the Defendant suggested that the meeting was to arrest him, but was assured by Sgt. Folsom on the 19th of September 2012 that the meeting was to return his computers. Subsequent to that report, Sgt. Folsom testified to the grand jury that the Defendant knew or reasonably should have known that the officers were making an arrest. The grand jury testimony of Sgt. Folsom, the only witness to the event who testified before the grand jury, has been demonstrated to have provided fraudulent testimony to the grand jury.

Whereas the Defendant has demonstrated that the indictment has been "**overcome by a showing in evidence that the indictment was obtained by false or fraudulent testimony**" the Defendant prays this Honorable Court quash the indictment.

38

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

MOTION TO QUASH
EXHIBIT A

IN THE CIRCUIT COURT OF THE COUNTY OF FRANKLIN
STATE OF MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | Cause No.   12AB-CR02409 |
| Plaintiff, | ) | Division No. II |
| | ) | OCN: |
| VS | ) | PA File No. 071131707 |
| | ) | |
| JEFFERY R WEINHAUS | ) | |
| White/Male DOB: 10/06/1966 | ) | |
| SSN: 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 | ) | |
| 2360 Highway K | ) | |
| Saint Clair, MO 63077 | ) | |
| Defendant. | ) | INDICTMENT |

**FILED**

NOV 2 8 2012

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
D C.

The Grand Jurors of the County of Franklin, State of Missouri, charge that:

### COUNT I CLASS C FELONY POSSESSION OF A CONTROLLED SUBSTANCE
Charge Code Number: 3245022

The defendant, in violation of Section 195.202, RSMo, committed the class C felony of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed Morphine, a controlled substance, knowing of its presence and nature.

### COUNT II CLASS C FELONY TAMPERING WITH JUDICIAL OFFICER
Charge Code Number: 2921706

The defendant, in violation of Section 565.084, RSMo, committed the class C felony of tampering with a judicial officer, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about August 17, 2012, in the County of Franklin, State of Missouri, the defendant, with purpose to harass or intimidate Judge Kelly Parker, a judicial officer, in the performance of the judicial officer's official duties, tampered with the judicial officer by threatening to try and execute Judge Kelly Parker for treason.

### COUNT III CLASS A MISDEMEANOR POSSESSION OF UP TO 35 GRAMS MARIJUANA
Charge Code Number: 3245762

The defendant, in violation of Section 195.202, RSMo, committed the class A misdemeanor of possession of a controlled substance, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on or about August 22, 2012, in the County of Franklin, State of Missouri, the defendant possessed marijuana, a controlled substance, knowing of its presence and nature.

### COUNT IV CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER,
Charge Code Number: 1310099

The defendant, in violation of The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Sgt Folsom was a law enforcement officer, the defendant knew Sgt. Folsom was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by shooting him.

39

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

### COUNT V CLASS U ARMED CRIMINAL ACTION
Charge Code Number: 3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count VI, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

### COUNT VI CLASS A FELONY ATTEMPT ASSUALT 1ST DEGREE ON LAW ENFORCEMENT OFFICER,
Charge Code Number: 1310099

The defendant, in violation of The defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011, RSMo, in that on or about September 11, 2012, in the County of Franklin, State of Missouri, Cpl Mertens was a law enforcement officer, the defendant knew Cpl Mertens was a law enforcement officer and attempted to kill or to cause serious physical injury to him, by shooting him.

### COUNT VII CLASS U ARMED CRIMINAL ACTION
Charge Code Number: 3101099

The defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, the defendant committed the felony of attempted assault of a law enforcement officer charged in Count IV, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of attempted assault of a law enforcement officer by, with and through, the knowing use, assistance and aid of a deadly weapon.

### COUNT VIII CLASS D FELONY RESISTING OR INTERFERING WITH ARREST FOR A FELONY
Charge Code Number: 2702099

The defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting an arrest, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 11, 2012, in the county of Franklin, State of Missouri, Sgt Folsom and Cpl Mertens, law enforcement officers, were making an arrest of for defendant possession of a controlled substance and the defendant knew or reasonably should have known that the officers were making an arrest, and, for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening the use of violence or physical force.

A TRUE BILL                    NO TRUE BILL

_Larry E Smith_                _____        _Rut f Rla_
Foreman                        Foreman                (Assistant) Prosecuting Attorney

As a condition of release for defendant bond is set in the amount of $ _250,000 cash only._

40

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

_____
Judge

STATE WITNESSES:

SGT H. Folsom, Missouri State Highway Patrol, Troop I Headquarters, Rolla, MO 65402
Kelly Parker

41

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

STATE OF MISSOURI,                    )
             Plaintiff,       )   Cause No.   12AB-CR02409
                         )
      VS                    )   Division No.   II
                         )
Jeffery R Weinhaus         )
             Defendant.      )

## SPECIAL CONDITIONS OF BOND

The Defendant is hereby ordered to comply with the following additional special conditions of bond:

☒ 1.    **Laws:** Defendant shall not violate any Federal, State or municipal law.

☐ 2.    **Abuse Prohibition:** Defendant will not engage in any abusive or assaultive behavior

☐ 3.    **Domestic Violence Education Seminar (DVES):** Defendant will enter and successfully attend the DVES program until ordered otherwise by the court. Defendant will authorize the relevant treating professional to disclose to the Court information about Defendant's attendance & behavior.

☒ 4.    **No Contact Provisions:** Defendant will have no contact with (the victim) (the victim's children) (or) (the victim's family). The Defendant will not initiate or maintain telephone, correspondence, personal or 3rd party contact with (the victim) (the victim's children) (or) (the victim's family) without the prior written approval of the Court. The Defendant will not enter into the premises, travel past or loiter near where (the victim) (the victim's children) (or) (the victim's family) resides or works. **YOU WILL BE IN VIOLATION OF THIS ORDER EVEN IF YOU ARE INVITED.**

☒ 5.    **Weapons Prohibition:** Defendant will not purchase, possess, receive, or transport any firearms, ammunition, explosive device or any other deadly weapon. All weapons shall be surrendered at _FCSO_ with _1_ days.

☐ 6.    **Parenting Class:** Defendant shall enter and successfully attend a parenting class.

☐ 7.    **Supervised Custody Transfer or Visitation:** Defendant shall utilize a supervised custodial transfer program that is any custodial transfer as by Court order shall take place at the local (police station) (sheriff's department).

☐ 8.    **Alcohol Prohibition:** Defendant shall not possess or imbibe any intoxicating beverage. Defendant shall not be at or near a location where alcohol is sold or served.

☐ 9.    **SCRAM:** Defendant shall, within forty eight (48) hours of release from custody, or as soon thereafter as possible, report to the appropriate authority for the installation of the Secure Continuous Remote Alcohol Monitoring device on Defendant's person. Such device shall remain in place until the conclusion of the criminal case.

☐ 10.    **EMP Monitoring:** Defendant shall, until the Court orders otherwise, be connected to, pay for and abide by the conditions of the EMP device within three (3) days of being released on bond.

☒ 11.    **GPS Monitoring:**

☐ 12.    **Random Drug Testing:** Defendant shall appear for drug screen every seven (7) days at _____ to be paid for at Defendant's own cost.

☐ 13.    **Association Prohibition:** Defendant shall not (be seen with) (contact) (live with) the other co-defendant's from this case.

☐ 14.    **Other:**
    _____
    _____

SO ORDERED:

_11/28/12_                  _____
Date                               Judge

42

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Defendant's Motion to Quash
Exhibit B

MISSOURI STATE HIGHWAY PATROL
REPORT OF INVESTIGATION

STATE CONTROL NO.: 12 236 008 011                    REPORT DATE:  08/22/12
REPORTING OFFICER: SERGEANT H. J. FOLSOM        0557   TROOP OF OCCURRENCE: I
OCC TYPE: THREATENING A JUDICIAL OFFICER
COUNTY:            FRANKLIN                            SCENE PROCESSED: N
DATE/TIME:         AUGUST 22, 2012
OFFENSE STATUS:    INVESTIGATION CONTINUING          DDCC AT SCENE: N
LOCATION:          2360 RT K, ST. CLAIR, MO

*Exhibit B*

DETAILS OF INVESTIGATION

ARREST OPERATION OF JEFFREY WEINHAUS

1.  In continuing an investigation into allegations that Jeffrey
Weinhaus threatened Judicial Officers in Franklin County via the
Internet on August 17, 2012;  On September 11, 2012, an arrest
operation conducted for Jeffrey Weinhaus in Franklin County.

2.  On September 11, 2012, Corporal Scott E. Mertens and I went to the
Franklin County Prosecuting Attorney's Office, wherein I applied for
and received an arrest warrant Jeffrey R. Weinhaus, white male, date of
birth October 06, 1966, of 2360 State Route K, St. Clair, Missouri.
The charges on the arrest warrant stemmed from an earlier
investigation, where Corporal Mertens and I contacted Weinhaus at his
residence on August 22, 2012, reference threats he made against a
Judicial Officer in Crawford County, Missouri.

3.  On September 11, 2012, after obtaining the arrest warrant for
Weinhaus, I contacted a member of the Franklin County Sheriff's
Department to see if the local sheriff's department wanted to assist us
in serving the arrest warrant.  They declined to assist citing other
calls for service were pending.  I then contacted Federal Bureau of
Investigation Agents Patrick Cunningham and Mike Maruschak, who agreed
to meet us in St. Clair, Missouri and assist us in serving the arrest
warrant on Weinhaus.  After meeting with Special Agent Cunningham and
Special Agent Maruschak, we agreed to attempt to have Weinhaus meet
with us at the Missouri Farmers Association (MFA) Oil Station on
Missouri Route K between St. Clair and Piney Park, Missouri, which is
in close proximity to Weinhaus' residence.  It was further decided that
the meeting with Weinhaus would be prearranged with him under the ruse
that we were returning his computer equipment to him that was seized
from his residence on August 22, 2012.  Additionally I arranged for two
fully marked cars from the Missouri State Highway Patrol's Troop C to
participate in the arrest operation in the event Weinhaus tried to flee
and a vehicular pursuit ensued.

4.  At this point with all the units in place at approximately 1246
hours, I contacted Weinhaus by cellular telephone to request that he
meet Corporal Mertens and I at the MFA Oil station near his residence
under the ruse that we were going to return his computer equipment.
Weinhaus answered the cellular telephone and I explained to him that
Corporal Mertens and I wanted to return his computer equipment to him

43

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

CASE#: 12 236 008 011

today.  Weinhaus immediately suggested that it would have to be a public place and that he did not trust me as he thought this might be a ploy to arrest him.  I again assured him that the meeting was to return his computers to him and that I wanted to make it as easy as possible for him.  I asked him if we could meet him at the MFA Oil station near his residence on Route K in Piney Park.  Weinhaus agreed, but he informed me that he would have several persons with him when he arrived to check things out.  I again informed him that only Corporal Mertens and I would be there and we did not want to cause any kind of incident by bringing other people.  Weinhaus agreed to meet us in approximately 15 minutes.  At this point, a safety briefing was conducted with the additional information that there may be other persons arriving with Weinhaus.  While we were waiting a white truck drove into the oil station parking lot and two white male occupants exited the vehicle and began to work on the gutters on the front of the store.

5.  A short time later at approximately 1300 hours, I observed a green Subaru passenger vehicle slowing to turn into the north entrance of the parking lot.  I immediately recognized the driver as Jeffrey R. Weinhaus and I also observed that he was rapidly removing his seatbelt as he entered the parking lot.  Corporal Mertens and I began to exit his patrol vehicle as Weinhaus accelerated through the parking lot and drove in a circular pattern past our vehicle.  He abruptly stopped his vehicle past our location as I exited the passenger side of Corporal Mertens' patrol vehicle.  I then began to approach the rear of Corporal Mertens patrol vehicle when I saw Weinhaus had already exited his vehicle.  I then noticed that his vehicle was parked in a manner which gave him tactical advantage and an immediate escape route from the parking lot.  Weinhaus paused at the driver's door of his vehicle and did not approach our vehicle.  I continued towards Weinhaus' location and at this point I began an attempt engage him in conversation.  I had a manila folder in my right hand, which I held up in the air, and stated to Weinhaus that I had the papers right here for him to sign to get his computers back.  At this point, I saw him look from left to right as if to look to see who was in the parking lot.  Corporal Mertens and I met near the rear of Weinhaus' vehicle as we were both simultaneously approaching Weinhaus on the driver side of his vehicle.  I immediately recognized that Weinhaus was not responding to my conversation and he had remained in his stationary position along side of his vehicle.  I then asked Corporal Mertens to go to the trunk of his patrol car and open it in an attempt to continue the ruse and to see if Weinhaus would step towards the rear of his vehicle once the trunk was open.  I then continued to approach the rear of Weinhaus' vehicle with the file folder in my hand, from this vantage point, I could see that Weinhaus was standing with his body bladed toward my location with his right side out of my view.  I was able to see both of his hands were empty.

6.  I then stepped from the rear of Weinhaus' vehicle with the file folder still in my right hand.  Weinhaus then turned toward me exposing his right hip, which had a green U.S. Army issued type holster containing a black in color semi-automatic pistol attached to his belt on his right side.  I then began to draw my service pistol from my left side and positioned it at the low ready when I asked Weinhaus in a loud voice Jeff, what are you doing with that gun?  Weinhaus replied, "What are you doing with your gun?"  I ordered Weinhaus to get on the ground and he refused to comply with my request.  I was now standing approximately ten feet away from him.  I then saw him reach his right

Page 2

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

CAS...   12 236 008 011

hand towards his holstered pistol and began to open the flap on the holster and sweep it free of the holster in a drawing motion. I focused on the front sight of my service pistol and I could see the front sight clearly and could see Weinhaus' right hand now resting on the holstered pistol. I immediately recognized that the back drop area behind Weinhaus contained explosive hazardous materials and several persons who were in plain view in front of the MFA Oil Station. I began to step left at an angle away from cover in an attempt to gain a good sight picture with a clear back drop. Weinhaus then paused and began to shake as if he had a cold chill. I then ordered Weinhaus to get his hand off the gun. Weinhaus refused to comply. Weinhaus stated, "You are going to have to shoot me," as he began to draw the pistol with his right hand from the holster on his right hip while keeping his eyes focused on me. I continued to step left at an angle to maintain good sight picture with a clear back drop. I saw Weinhaus' right hand continuing to draw the weapon from the holster as his eyes were fixed on me. At this point, I was in immediate fear for my life and the life of Corporal Mertens. I gained a good sight picture with a clear back drop and as Weinhaus was still continuously drawing the weapon from the holster, I fired two shots to the chest and one shot to the head of Weinhaus.

7. I began to hear screaming from the area of the MFA Oil Station. I began to scan left past Weinhaus' location to determine if there were any additional threats present when I heard a loud gunshot, which I thought came from my right side towards the area of Weinhaus. I then scanned right again toward the area where Weinhaus was standing and I saw his body rotating with his hand still on the weapon. I fired one more shot from my service pistol at Weinhaus simultaneously as I stepped left again in an effort to keep the back drop area clear. Weinhaus immediately fell to the ground and was motionless. I saw that Corporal Mertens was covering my right rear position and I went towards Weinhaus to secure his weapon as I continuously heard screaming from the area of the MFA Oil Station. I then saw that Weinhaus was laying flat on his stomach with the weapon and holster positioned beneath him. The weapon was still in his right hand and partially out of the holster by just a few inches. I did not see his finger or any other hazard near the trigger guard area of the pistol. I grabbed the weapon from the right hand of Weinhaus and jammed it into the holster. I removed the holster from his belt and tossed the green holster and weapon behind me towards Corporal Mertens' location. I then saw that Special Agent Maruschak was rapidly approaching my location and I yelled for him to cover me while I handcuffed Weinhaus with his hands behind his back. I handcuffed Weinhaus and he remained there motionless. I asked Special Agent Maruschak to call 911 for an ambulance when I heard Corporal Mertens indicate he had already contacted Troop C and one was in route. I then began to ask Special Agent Maruschak if anyone else was injured and he replied there were no other persons injured. At this point, I assisted Corporal Mertens in rolling Weinhaus onto his right side, into a recovery position, and Corporal Mertens attempted to give further medical treatment to Weinhaus' injuries. I could see that Weinhaus had suffered a gunshot wound to the head as well as several other wounds to the torso. I asked Corporal Mertens if he had fired his weapon and he indicated to me that he thought he had fired at least one shot from his service pistol at Weinhaus.

8. I then contacted Special Agent Cunningham to determine the status of the others near the oil station. Special Agent Cunningham advised

Page 3

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

CASE  12 236 008 011

me that he was secure and he identified witnesses at the scene.  I then
contacted Lt. George Knowles to inform him of the officer involved
shooting incident.  A short time later, emergency medical personnel
arrived and began to treat Weinhaus for his injuries.  Weinhaus was
transported from the scene by ambulance for further medical care.

9.  This investigation is now continuing by the Missouri State Highway
Patrol's Troop C Criminal Investigative unit due to the Troop I
Investigative unit's officer involved shooting incident.

H. J. Folsom, Sergeant                                HJF:jlm
D/DCC, Troop I Unit

cc: GHQ - Troop I File - D/DCC, Troop I Unit - D/DCC, Troop C Unit -
Franklin County PA - Franklin County Sheriff's Department - Federal
Bureau of Investigations (Rolla).

46

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

```
STATE CONTROL NO.:  12 261 015 017              REPORT DATE: 09/12/2012
REPORTING OFFICER:  SERGEANT P. L. SMITH   0993 TROOP OF OCCURRENCE: C
OCCURRENCE TYPE:    OFFICER INVOLVED SHOOTING
    TY:             FRANKLIN                     SCENE PROCESSED: N
    E/TIME:         09/11/2012
OFFENSE STATUS:     INVESTIGATION CONTINUING     DPCC AT SCENE: N
LOCATION:           FRANKLIN COUNTY
```

```
WITNESS NAME:       FOLSOM, H. J.
ADDRESS             SERGEANT, MISSOURI STATE HWY PATROL
DOB:
PHYSICAL DESC:      SEX:    RACE:
PHONE NUMBER:       HOME               WORK
```

47

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Respectfully submitted,

Jeffrey R. Weinhaus, Defendant

CERTIFICATE OF SERVICE

Signature above certifies that the foregoing document was forwarded to Bob Parks, PA, 15 S. Church St., Room 204, Union MO 63084 on 3|15|13

48

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

**FILED**

MAR 19 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
_____ D.C.

| | |
|---|---|
| State of Missouri, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 12AB-CR02409-01** |
| **vs** | ) |
| | ) |
| Jeffrey R. Weinhaus, | ) |
| | ) |
| **Defendant** | ) |

## DEFENDANT'S MOTION TO SEVER THE CHARGES

**Comes now** the Defendant, **Jeffrey R. Weinhaus**, acting Pro Se, and moves this Honorable

Court to sever the charges levied against him into three separate cases, pursuant to the court rule

and statute controlling joinder, and due to the substantial prejudice Defendant would suffer if the

charges remain joined. The Defendant suggests, and prays this court to group the cases as

follows; the first case being the charge of tampering with judicial officer (RSMo 565.084), the

second case being the two drug charges (RSMo 195.202 and 195.202), and the third being the

charges of attempted assault, armed criminal action, and resisting arrest (RSMo 565.081,

571.015, and 575.150.)

As grounds in support thereof, the Defendant states the following:

1. The charges were improperly joined, contrary to Missouri Supreme Court Rule 23.05 and

RSMo 545.140.0.

Rule 23.05 states; "All offenses that are of the same or similar character or based on two or more

acts that are part of the same transaction or on two or more acts or transactions that are connected

49

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts." and RSMo, Section 545.140.2 states; "*Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.*" The Missouri Court of Appeals for the Southern District in *State v Smith*, (Mo. App. 2012) stated;

> "'Connected' has its ordinary meaning and includes 'united . . . by dependence or relation, or by order in a series' and 'joined or linked together [in] a series, having the parts or elements logically related[.]' *State v. McKinney*, 314 S.W.3d at 341-42 (citing dictionary definitions); see also *State v. McDonald*, 321 S.W.3d 313, 318-19 (Mo.App. 2010) ("connected" includes "things that are joined or linked together in a series or that have logically related parts or elements"). "A common scheme or plan" requires that the offenses "be the product of a single or continuing motive*." State v. Morant*, 758 S.W.2d 110, 114 (Mo.App. 1988)."

In State v McKinney (Mo. App. 2009) the Court reminded us "[W]e explained the interplay between evidentiary considerations and the joinder rule in **State v. Buford**, 582 S.W.2d 298 (Mo. App. W.D. 1979)."

> "To be properly joined, the offenses must be part of the same transaction or part of a common scheme or plan, because to join offenses otherwise would expose the defendant to prejudice by allowing proof of the commission of unrelated crimes. Thus, to avoid the emasculation of the evidentiary rule, the joinder rule must be construed so *that joinder is*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

*permitted only when proof or evidence of the commission of one crime must be*

*necessary to the proof of the commission of the other crime.*" [emphasis added]

The charges, are not all the same or similar, nor are they all part of the same transaction. They are not all connected transactions, nor are they all part of a common scheme or plan. The joining of these cases is repugnant to both the statutory provision and court rule. As such, the Defendant prays this court take judicial notice of the statutory provision and court rule and sever the charges.

2. Pursuant to Missouri Supreme Court Rule 24.07, the Defendant moves this court to sever the charges into separate cases. Even if this court considers that the cases were properly joined (thereby denying the first part of this motion), if tried together, the Defendant would suffer substantial prejudice as a result. RSMo 545.885.2 states that "*substantial prejudice* "shall mean "*a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal*". The Defendant asserts that joining the charges of attempted assault on a law enforcement officer (RSMo 565.081), and armed criminal action (RSMo 571.015) (which are alleged to have taken place on 9/11/2012 at one location) with the Tampering with judicial officer (RSMo 565.084) (which allegedly took place on 8/16/2012 at a separate, and an unrelated location) would create a substantial prejudice. In particular, a failure to sever these cases would limit the defendant's ability to testify in his own defense on some charges, while reserving his right to not testify in others. In addition, the jury would surely be unduly influenced by being exposed to separate, and completely unrelated, charges. Further, as this court should recognize, and in the current political climate, the introduction of the alleged use of a firearm by the defendant is bound to severely affect the mindset of jury members improperly influencing them to convict out of fear, and its effect of moving the bar as to what constitutes "reasonable doubt".

51

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

The Defendant understands that some courts would assert a requirement, that in order to particularize how the Defendant would be substantially prejudiced, that he should identify what testimony would prejudice him, and how that would influence/effect the other charges. The Defendant finds that to be a bar set too high to reach without the court also violating the Defendant's Fifth Amendment right to not "be compelled in any criminal case to be a witness against himself".

      WHEREFORE, Defendant moves this court to sever the charges in accordance with the above prayed grouping, or as the court would find to be in accordance with State Law and Court Rule, so as to not prejudice the Defendant.

Respectfully submitted,

Jeffrey R. Weinhaus, Defendant

CERTIFICATE OF SERVICE

Signature above certifies that the foregoing document was forwarded to Bob Parks, PA, 15 S. Church St., Room 204, Union MO 63084 on _3 | 18 | 13_

52

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

SEP 0 4 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,          )
                            )
v.                          )      Case No.  12AB-CR02409-01
                            )
JEFFREY R. WEINHAUS,        )
                            )
        Defendant.          )

## DEFENDANT'S MOTION IN LIMINE / MOTION TO EXCLUDE

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood, and states as Defendant's Motion in Limine / Motion to Exclude:

Any mention of the following items before the jury would (a) deny Plaintiff a fair trial, (b) be inadmissible for any purposes, and (c) cause improper prejudice, wherefore Defendant moves the court to prohibit the State from either mentioning or referring to the following items in voir dire, opening statement, examination of witnesses, presentation of evidence, or closing argument, or at any other time in the presence of the jury:

1. The particulars of Defendant's Bulletinman statements and publications, other than the Youtube video of August 17, 2012[1], and subsequent Youtube videos viewed by Sgt. H.J. Folsom prior to Defendant's arrest on September 11, 2012.  Defendant's speech is generally and perhaps commonly known generally to be controversial in nature, anti-government in subject matter, and hyperbolic in tone, but the particulars of other statements would be prejudicial to the Defendant and have little to no probative value. The potential for gross prejudice looms as the jury could convict the Defendant based on

---

[1] There are two videos of August 17: one with captions, the other without.  Defendant has already moved to dismiss the tampering charge based on the video without captions, since Judge Parker's name is not mentioned in the speech, and thus the State cannot bring a prosecution based on an alleged threat to Judge Parker.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

a general dislike of the content and tone of his controversial and extreme speech.  (This

Granted ___ ✓ ___ Overruled _____

2.    Defendant's target shooting at his home.  The State plans to call a witness, Defendant's

neighbor James Hoffman, to testify as to Defendant and his ex-wife  alleged practice of

target shooting on their property prior to the September 11, 2013 shooting of Defendant

by Highway Patrol trooper Sgt. Folsom.  Given that the Highway Patrol admitted that

Defendant came to the gas station on September 11 on the ruse that his computers were

being returned to Defendant, such evidence is prejudicial to Defendant, suggests a bad

intent, propensity and/or state of mind, all with no substantive corroborating evidence,

and thus its prejudicial effect outweighs its small probative value.  *State v. Barriner,* 34

S.W.3d 139 (Mo.banc, 2000) (citing *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc

1993) ("evidence of prior uncharged misconduct is inadmissible for the purpose of

showing the propensity of the defendant to commit such crimes.").  Thus James Hoffman

should be excluded, or at least precluded from testifying as to the target shooting.

Granted ___ ✓ ___ Overruled _____

3.    Judge Kelly Parker's reaction to the shooting.  Judge Parker's reaction to Defendant's

speech is irrelevant and subjective under an objective First Amendment analysis and the

case law briefed in "Defendant's motion to dismiss the tampering with judicial officer

charge based on defect in the institution of the prosecution."  It also is likely to be given

too much weight and importance by a jury, and thus its prejudicial effect far outweighs its

probative value.

Granted ___ ✓ ___ Overruled ___ ✓ ___

        *Shooting*                              *speech*

✓

54

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

4.  Uniformed law enforcement officers (with or without weapons) as spectators in the courtroom. Defendant anticipates that the State will seek to paint him as an attempted cop killer. Accordingly, the *en masse* presence of uniformed law enforcement officers, with or without weapons, as spectators in the courtroom is inherently prejudicial because it may create an outside influence on the jury, affecting the presumption of innocence necessary for a fair trial and impacting the harshness of the sentence imposed. ***State v. Johnson,*** SC92448 (Jul. 16, 2013) (Breckenridge, J., dissent at 6-12) (citing ***Ward v. State,*** 105 So. 3d 3 (Fla. Dist. Ct. App. 2012); ***Shootes v. State,*** 20 So. 3d 434 (Fla. Dist. Ct. App. 2009) (*see also **Id.**,* fn. 4.). If the officers appear at trial in uniform, and particularly with weapons, then the jurors will then conclude that the officers are more trustworthy than Defendant. Law enforcement officers should therefore be prohibited from appearing in court either in uniform or with weapons. Further, any law enforcement witnesses endorsed by the State should be excluded from the courtroom until they are called for testimony.

Granted _ _ _   Overruled _ _ _ ✓

5.  Any prior criminal convictions. Defendant has certain misdemeanor convictions: 2003 for harassment; 2006 for trespassing; and a 2007 Suspended Execution of Sentence (SES) for assaulting a police officer. That evidence is more prejudicial than probative of Defendant's intent here, if used improperly. *See generally* **State v. Nelson,** 178 S.W.3d 638 (Mo. 2005); **State v. Helm,** 892 S.W.2d 743, 745 (Mo. App. E.D. 1994) ("trial courts should be wary of evidence of other crimes due to the highly prejudicial character of such evidence."); **State v. Burns,** 978 S.W.2d 759, 761 (Mo. banc 1998) ("showing the defendant's propensity to commit a given crime is not a proper purpose for admitting

3

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

evidence, because such evidence 'may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged.'");

Granted _____✓_____ Overruled _____

6. Voir dire prohibition. At the voir dire stage, the State cannot discuss the Defendant's prior offenses, or his potential punishment if convicted.

Granted _____✓_____ Overruled _____

7. Undisclosed evidence or witnesses. The State cannot bring any evidence or witnesses that have not been disclosed to Defendant. The Court may revisit this issue only if the State seeks to bring evidence in rebuttal to Defendant's case.

Granted _____✓_____ Overruled _____

8. Other civil actions involving Defendant. Any and all other civil actions involving Defendant are irrelevant, particularly the details of his two divorces, as well as an ongoing foreclosure proceeding, and additionally their probative value on issues in dispute is zero and their prejudicial effect would be immense. Defendant concedes that he and the State may note that he is divorced.

Granted _____✓_____ Denied _____

9. Defendant reserves the right to move further *in limine* based on the State's proposed evidence at trial.

WHEREFORE Defendant prays this Court SUSTAIN his motion in limine/motion to exclude, and for such other relief as may be just, meet and reasonable.

Respectfully submitted,

Attorney for Defendant

4

Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax     (314) 727 4473
Tel.    (314) 727 3533
Cell    (314) 809 2343

So Ordered.

Hon. Keith M. Sutherland, Circuit Judge

Date:

## CERTIFICATE OF SERVICE

The undersigned certifies that on ___9 / 03___, 2013 (s)he served this document on:

Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

The method(s) of service: by first class mail.

5

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

S7

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

FILED
AUG - 6 2013
BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
D.C.

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,                    )
                                      )
v.                                    )     Case No.  12AB-CR02409-01
                                      )
JEFFREY R. WEINHAUS,                  )
                                      )
          Defendant.                  )

**DEFENDANT'S VERIFIED ANNOUNCEMENT OF READY AND
MOTION FOR SPEEDY TRIAL**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood, and under

(a) the Sixth and Fourteenth Amendments to the United States Constitution, (b) Article 1, § 18(a)

of the Missouri Constitution, and (c) RSMo. 545.780:

1.      Announces that Defendant is ready for trial[1], and

2.      Moves for a speedy trial.[2]

3.      Defendant affirms that his life is disrupted by his arrest and the presence of unresolved

        criminal charges.[3]

4.      Further, there are numerous witnesses to the events in question and delay may cause them

        to misremember the events, or to move or die and thus be unavailable for trial.

5.      A delay of more than seven months is presumptively prejudicial for a case of this nature.[4]

        WHEREFORE, Defendant requests a speedy trial.

---

[1] *State ex rel. McKee v. Riley*, 240 S.W.2d 720, 729 (Mo.2007)
[2] *Id.*
[3] *Id. at* 728.
[4] *Id.* at 729 *and State v. Bolin*, 643 S.W.2d 806, 814 (Mo.1983).

58

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

I hereby verify and affirm that I have read and understood this document.  I declare under oath and under penalty of perjury that to the best of my knowledge all the statements in the document are true and correct.

_____

Jeffrey R. Weidhaus

HUGH ATHELSTAN EASTWOOD
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: Dec. 22, 2014
COMMISSION #10127298

State of Missouri      )
                       )  ss
County of Franklin     )

Subscribed and sworn before me this 6 day of August, 2013.

_____

Notary Public

Respectfully submitted,

Attorney for Defendant

_____

Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 16
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax    (314) 727-4473
Tel.   (314) 727-3533
Cell   (314) 809-2343

CERTIFICATE OF SERVICE

The undersigned certifies that on __ / 06, 2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

_____

The method(s) of service: by hand.

2

S-9

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

FILED

JUL 2 3 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____
D. C.

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,                    )
                                      )
v.                                    )    Case No.  12AB-CR02409-01
                                      )
JEFFREY R. WEINHAUS,                  )
                                      )
        Defendant.                    )

## DEFENDANT'S SECOND MOTION TO SEVER OFFENSES

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood, and states as his second motion to sever offenses:

### Introduction

Improper joinder, and failure to sever charges, involve a two-step analysis. *State v. Love*, 293 S.W.3d 471, 475 (Mo.App. E.D.2009). First, the court determines whether joinder of the charges is proper as a matter of law. *Id.* If joinder is not proper, then prejudice is presumed and severance of the charges is mandatory. *Id*. If, on the other hand, joinder is proper, "severance is within the trial court's discretion." *Id.*

### I.      Three distinct, unrelated events fail nexus requirement for Rule 23.05 joinder

Defendant has been charged with serious felony offenses occurring weeks apart, without any common characteristic, tactics, transactions, connectedness, or common scheme or plan nexus as required by the various prongs of Rule 23.05. It was would be substantially prejudicial to Defendant's due process right to a fair trial to submit all the charges to a single jury in a single proceeding.

Particularly:

60

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

1.  Defendant is charged with Tampering With Judicial Officer, Felony C RSMo: 565.084, for a August 16, 2012 Youtube video posted to the world wide web from Defendant's computer.  (The "August 16 Youtube charge")

2.  Defendant is charged with each of (1) Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana { Felony C RSMo: 195.202 }, and (2) Possession Of Up To 35 Grams Marijuana { Misdemeanor A RSMo: 195.202 } based on a subsequent search of Defendant's home on August 17, 2012.  That search warrant was issued on August 17, 2012 *only* because trooper Sgt. Folsom of the Missouri Highway Patrol claimed he smelled marijuana on Defendant's breath and generally in the curtilage of his front porch. *See* Ex. 1 (Police Report) (The "August 17 drug charges")

3.  Defendant is charged with 5 felony counts related to his September 11, 2012 arrest at a gas station: (1) Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offer - 1st Degr { Felony A RSMo: 565.081 }, (2) Armed Criminal Action { Felony Unclassified RSMo: 571.015 }, (3) Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offer - 1st Degr { Felony A RSMo: 565.081 }, (4) Armed Criminal Action { Felony Unclassified RSMo: 571.015 }, and (5) Resisting/Interfering With Arrest For A Felony { Felony D RSMo: 575.150 }.  (The "September 11th arrest-related charges")

    a.  **Discussion**

    Joinder is proper where the charged offenses are of the same or similar character, are based on two or more connected acts or transactions, or are part of a common scheme or plan. **RSMo. 545.140.2**; **Rule 23.05**; *Love,* 293 S.W.3d at 475.  Rule 23.05 states that joinder is proper where the manner in which the crimes were committed:

6(

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

In the interest of judicial economy, Missouri courts favor liberal joinder of offenses. *State v. Dizer,* 119 S.W.3d 156, 161 (Mo.App. E.D.2003). In applying the rule and the statute's requirement of "connectedness," courts use the ordinary, dictionary definition. *State v. Bechhold,* 65 S.W.3d 591, 594-95 (Mo. App. 2002). That is, "connectedness" requires things that are joined or linked together in a series or that have logically related parts or elements. *State v. McDonald,* 321 S.W.3d 313, 318 (Mo.App.S.D. 2010).

Joinder is improper here. There is nothing as to the character, connectedness, or common scheme or plan as to each of the three above fact patterns to link the Youtube, drug, and arrest-related charges. The Youtube charges are based on politically extreme public statements by the Defendant in a public forum on the internet as to alleged official and judicial corruption. The drug charges are based on a visit and subsequent search warrant served by Missouri Highway Patrol troopers to the Defendant's home. The arrest-related charges are based on the shooting of Defendant incident to his arrest nearly a month later where, by the troopers' own admission, they lured Defendant to a gas station on the pretext that they were returning his computer equipment to him.

There are no "similar circumstances" here; there is no "same transaction" here; nor are there two or more "acts or transactions that are connected or that constitute part of a common scheme or plan" by Defendant. (That they may be part of a common investigation by the troopers irrelevant.) Therefore, *each prong fails* for Rule 23.05 joinder to survive, particularly in light of the prejudice to Defendant. It would be substantially prejudicial to the Defendant to have three separate, discrete, unrelated incidents submitted to one jury in one proceeding.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Due process of law requires that the defendant's right to a fair trial must be given priority over considerations of expense, efficiency and convenience. *State v. Townes,* 941 S.W.2d 756, 758 (Mo. App. E.D., 1997). The State's interest in the convenience of calling prosecution witnesses, for example, is not a legitimate factor in favor of joinder.

Given that there are eight offenses, occurring over three days separated in time by nearly a month, and given the complexity of the evidence—ranging from Defendant's August 16 public political speech, to his August 17 alleged possession of drugs, to the September 11 shooting of Defendant by the troopers at a gas station a month later—a jury could not reasonably distinguish the evidence and apply the law to each separate offense. *State v. Vinson,* 834 S.W.2d 824, 827 (Mo.App. E.D.1992). This is particularly true because the *same* troopers were involved in each incident, but the underlying facts are unrelated and distinct. Further, the offenses involve dissimilar victims, dissimilar tactics, and dissimilar locations (as to the August and September incidents), and were not proximate in time. That too, counsels this Court to sever the offenses. *State v. French,* 308 SW 3d 266, 271 (Mo. App., 2010).

The State has previously suggested that *McDonald,* 321 S.W.3d at 318 is apposite because of its facts. It is not. In *McDonald,* the charges were linked by the Defendant's four-day crime spree in which he stole credit cards, a van, and then assaulted the arresting officer who was attempting to apprehend him. Those facts are readily distinguishable from the facts above.

Defendant made a Youtube video on August 16 and broadcast it. That was separate from the possession of marijuana and a morphine tablet for which a search warrant was issued after Sgt. Folsom smelled the pot on August 17. And both events were very separate and did not directly connect in time to Defendant's arrest on September 11 under the ruse of returning his computers. Simply put, there was no crime spree, nor logical connection between the crimes.

63

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

The facts here are also distinguishable from the cases cited by *McDonald, e.g., Morrow,* 968 S.W.2d at 109 (murder, robbery, stealing a car, and stealing a purse all sufficiently connected for joinder); *Nichols,* 200 S.W.3d at 119-20 (continuous chain of activity, burglaries leading to sale of contraband and drugs, directly leading to Defendant's arrest); *Bechhold,* 65 S.W.3d at 594-95 (attempting to manufacture meth and tampering with motor vehicle linked since car transported the items to the meth cooking site).

II.    **In the alternative, if joinder is proper, the Court can and should sever for a fair trial and the avoidance of substantial prejudice under Rule 24.07**

In the alternative, if the Court finds joinder to be proper, the Court is in its discretion can find that the public notoriety of Defendant's political speech and public statements demands that Defendant can only be afforded a fair trial and avoid substantial prejudice if the three sets of charges are severed, or at least the August and September charges are severed. The severance of criminal offenses is governed by RSMo. 545.885 and Rule 24.07.

The threat of substantial prejudice is real. Defendant faces being put on trial on all eight charges prejudiced by the shadow of his extreme political views as broadcast in the Youtube video, which some or many jurors may find repugnant or reprehensible. Further, Defendant intends to introduce evidence at trial of his other Youtube and paper "Bulletinman" publications to further place his Youtube tape of August 16 in context of his other public statements and lack of violent history.[1] Defendant's prior speech is controversial in nature and contain statements against public corruption and immorality by groups ranging from Jews to law enforcement to

---

[1] "Defendant's Motion to Dismiss the charge of Tampering with Judicial Officer based on Defect in the Institution of the Prosecution" will brief the issue of how Defendant's do not constitute a true threat under the Eight Circuit factors set forth in *United States v. Dinwiddie,* 76 F.3d 913 (8th Cir. 1996). Further, First Amend. speech on matters of public corruption is to be evaluated for its public concern, which includes the factors of content, form and context. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

British citizens and their Royal Family.  In essence, the need to place Defendant's extremist but

protected political speech in context will also surely make the jury dislike the Defendant even

more.

WHEREFORE Defendant Jeffrey R. Weinhaus moves this Court to SUSTAIN his second

motion to sever offenses, and for such other relief as may be just, meet and reasonable.

Respectfully submitted,

Attorney for Defendant

_____
Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax     (314) 727 4473
Tel.     (314) 727 3533
Cell     (314) 809 2343

CERTIFICATE OF SERVICE
The undersigned certifies that on July 23, 2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

_____
The method(s) of service: by hand.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

FILED

AUG - 6 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____
D.C.

STATE OF MISSOURI,              )
                                )
v.                              )       Case No.  12AB-CR02409-01
                                )
JEFFREY R. WEINHAUS,            )
                                )
         Defendant.             )

**DEFENDANT'S AMENDED SECOND MOTION TO SEVER OFFENSES**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood, and states as his amended second motion to sever offenses:

*Defendant's undersigned counsel files this amended motion to correct two dating errors. The substance of the motion is the same.*

### Introduction

Improper joinder, and failure to sever charges, involve a two-step analysis.  ***State v. Love,*** 293 S.W.3d 471, 475 (Mo.App. E.D.2009).  First, the court determines whether joinder of the charges is proper as a matter of law.  *Id.*  If joinder is not proper, then prejudice is presumed and severance of the charges is mandatory.  *Id.*  If, on the other hand, joinder is proper, "severance is within the trial court's discretion." *Id.*

I.     **Three distinct, unrelated events fail nexus requirement for Rule 23.05 joinder**

Defendant has been charged with serious felony offenses occurring weeks apart, without any common characteristic, tactics, transactions, connectedness, or common scheme or plan nexus as required by the various prongs of Rule 23.05.  It was would be substantially prejudicial to Defendant's due process right to a fair trial to submit all the charges to a single jury in a single proceeding.

666

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Particularly:

1.  Defendant is charged with Tampering With Judicial Officer, Felony C RSMo: 565.084, for a August 16, 2012 Youtube video posted to the world wide web from Defendant's computer.  (The "August 16 Youtube charge")

2.  Defendant is charged with each of (1) Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana { Felony C RSMo: 195.202 }, and (2) Possession Of Up To 35 Grams Marijuana { Misdemeanor A RSMo: 195.202 } based on a subsequent search of Defendant's home on August 17, 2012.  That search warrant was issued on August 22, 2012 *only* because trooper Sgt. Folsom of the Missouri Highway Patrol claimed he smelled marijuana on Defendant's breath and generally in the curtilage of his front porch.  *See* Ex. 1 (Police Report) (the "August 22 drug charges")

3.  Defendant is charged with felony counts related to his September 11, 2012 conduct as officers attempted to serve an arrest warrant at a gas station[1]: ( ) Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wkr,Cble Wrkr Or P&P Offer - 1st Degr { Felony A RSMo: 565.081 }, (2) Armed Criminal Action { Felony Unclassified RSMo: 571.015 }, (3) Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wrkr, Utility Wrkr,Cble Wrkr Or P&P Offer - 1st Degr { Felony A RSMo: 565.081 }, (4) Armed Criminal Action { Felony Unclassified RSMo: 571.015 }, (5) Resisting/Interfering With Arrest For A Felony { Felony D RSMo: 575.150 } (the "September 11th arrest-related charges")

    a.  **Discussion**

---

[1] Defendant was not arrested until October 1, 2013 after a lengthy hospitalization at St. John's Mercy Hospital in St. Louis County recovering from shooting wounds caused by Missouri State Highway Patrol troopers.

67

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Joinder is proper where the charged offenses are of the same or similar character, are based on two or more connected acts or transactions, or are part of a common scheme or plan. **RSMo. 545.140.2**; **Rule 23.05**; *Love,* 293 S.W.3d at 475. Rule 23.05 states that joinder is proper where the manner in which the crimes were committed:

> are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

In the interest of judicial economy, Missouri courts favor liberal joinder of offenses. *State v. Dizer,* 119 S.W.3d 156, 161 (Mo.App. E.D.2003). In applying the rule and the statute's requirement of "connectedness," courts use the ordinary, dictionary definition. *State v. Bechhold,* 65 S.W.3d 591, 594-95 (Mo. App. 2002). That is, "connectedness" requires things that are joined or linked together in a series or that have logically related parts or elements. *State v. McDonald,* 321 S.W.3d 313, 318 (Mo.App.S.D. 2010).

Joinder is improper here. There is nothing as to the character, connectedness, or common scheme or plan as to each of the three above fact patterns to link the Youtube, drug, and arrest-related charges. The Youtube charges are based on politically extreme public statements by the Defendant in a public forum on the internet as to alleged official and judicial corruption. The drug charges are based on a visit and subsequent search warrant served by Missouri Highway Patrol troopers to the Defendant's home. The arrest-related charges are based on the shooting of Defendant incident to his attempted arrest nearly a month later where, by the troopers' own admission, they lured Defendant to a residence on the false pretext that they were returning his computer equipment to him.

There are no "similar circumstances" here; there is no "same transaction" here; nor are there two or more "acts or transactions that are connected or that constitute part of a common

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

scheme or plan" by Defendant.  (That there may be part of a common investigation by the troopers irrelevant.)  Therefore, *each wrong fails* for Rule 23.05 joinder to survive, particularly in light of the prejudice to Defendant.  It would be substantially prejudicial to the Defendant to have three separate, discrete, unrelated incidents submitted to one jury in one proceeding.

Due process of law requires that the defendant's right to a fair trial must be given priority over considerations of expense, efficiency, and convenience.  *State v. Tooens*, 941 S.W.2d 756, 758 (Mo. App. E.D., 1997).  The State's interest in the convenience of calling prosecution witnesses, for example, is not a legitimate factor in favor of joinder.

Given that there are eight offenses, occurring over three days separated in time by nearly a month, and given the complexity of the evidence—ranging from Defendant's August 16 public political speech, to his August 17 alleged possession of drugs, to the September 11 shooting of Defendant by the troopers at a gas station a month later—a jury could not reasonably distinguish the evidence and apply the law to each separate offense.  *State v. Vinson*, 834 S.W.2d 824, 827 (Mo.App. E.D.1992).  This is particularly true because the *same* troopers were involved in each incident, but the underlying facts are unrelated and distinct.  Further, the offenses involve dissimilar victims, dissimilar tactics, dissimilar locations (as to the August and September incidents), and were not proximate in time.  That too, counsels this Court to sever the offenses.  ***State v. French***, 308 SW 3d 266, 271 (Mo. App., 2010).

The State has previously suggested that *McDonald*, 321 S.W.3d at 318 is apposite because of its facts.  It is not.  In *McDonald*, the charges were linked by the Defendant's four-day crime spree in which he stole credit cards, a van, and then assaulted the arresting officer who was attempting to apprehend him.  Those facts are readily distinguishable from the facts above.

69

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Defendant made a Youtube video on August 16 and broadcast it.  That was separate from the possession of marijuana and a mobile tablet for which a search warrant was issued after Sgt. Folsom smelled the pot on August 22.  And both events were very separate and did not directly connect in time to the attempt to arrest Defendant on September 11 under the ruse of returning his computers.  Simply put, there was no crime spree, nor logical connection between the crimes.  The facts here are also distinguishable from the cases cited by *McDonald, e.g.,* ***Morrow***, 968 S.W.2d at 109 (murder, robbery, stealing a car, and stealing a purse all sufficiently connected for joinder); ***Nichols***, 200 S.W.3d at 119-20 (continuous chain of activity, burglaries leading to sale of contraband and drugs directly leading to Defendant's arrest); ***Bechhold***, 65 S.W.3d at 594-95 (attempting to manufacture meth and tampering with motor vehicle linked since car transported the items to the meth cooking site).

II.     **In the alternative, if joinder is proper, the Court can and should sever for a fair trial and the avoidance of substantial prejudice under Rule 24.07**

In the alternative, if the Court finds joinder to be proper, the Court is in its discretion can find that the public notoriety of Defendant's political speech and public statements demands that Defendant can only be afforded a fair trial and avoid substantial prejudice if the three sets of charges are severed, or at least the August and September charges are severed.  The severance of criminal offenses is governed by RSMo 545.885 and Rule 24.07.

The threat of substantial prejudice is real.  Defendant faces being put on trial on all eight charges prejudiced by the shadow of his extreme political views as broadcast in the Youtube video, which some or many jurors may find repugnant or reprehensible.  Further, Defendant intends to introduce evidence at trial of other Youtube and paper "Libertarian" publications to further place his Youtube tape of August 16 in context of his other public statements and lack

6

70

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

of violent history.[2]  Defendant's prior speech is controversial in nature and contain statements

against public corruption and immorality by groups ranging from Jews to law enforcement to

British citizens and their Royal Family.  In essence, the need to place Defendant's extremist but

protected political speech in context will also surely make the jury dislike the Defendant even

more.

WHEREFORE Defendant Jeffrey R. Weinhaus moves this Court to SUSTAIN his second

motion to sever offenses, and for such other relief as may be just, meet and reasonable.

Respectfully submitted,

Attorney for Defendant

Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax      (314) 727 4473
Tel.     (314) 727 3533
Cell     (314) 809 2343

CERTIFICATE OF SERVICE
The undersigned certifies that on Aug 14, 2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

The method(s) of service: by hand.

---

[2] "Defendant's Motion to Dismiss the Charge of Tampering with Judicial Officer based on Defect in the Institution of the Prosecution" briefs the issue of how Defendant's do not constitute a true threat under the Eight Circuit factors set forth in *United States v. Dinwiddie*, 76 F.3d 913 (8th Cir. 1996).  Further, First Amend. speech on matters of public corruption is to be evaluated for its public concern, which includes the factors of content, form and context.  *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 US. 749, 761.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

# FILED

AUG – 6 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

STATE OF MISSOURI,    )
                      )
v.                    )        Case No.  12AB-CR02409-01
                      )
JEFFREY R. WEINHAUS,  )
                      )
        Defendant.    )

**DEFENDANT'S MOTION TO DISMISS THE CHARGE OF TAMPERING WITH
JUDICIAL OFFICER FOR DEFECT IN THE INSTITUTION OF THE PROSECUTION**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood, and states as

his Rule 24.04(b) motion to dismiss the charge of Tampering With Judicial Officer, Felony C

RSMo. 565.084, for defect in the institution of the prosecution:

**I.      Judicial Tampering Charge**

1.      Defendant was charged in the Amended Indictment, *inter alia,* with Tampering With

        Judicial Officer, Felony C, RSMo. 565.084.

2.      Defendant hereby moves to dismiss that charge on the basis that as a matter of law his

        speech is protected by the First Amendment and does not rise to the level of a reasonable

        threat to any Judicial Officer, and thus—particularly as it is colorful and unpopular

        political speech nevertheless granted constitutional protection—his speech cannot go to a

        jury.

3.      Defendant also moves to dismiss that charge because the statements were conditional and

        in nature and thus as a matter of law do not rise to a true threat.

**II.     Facts**

4.      The *actus reus* alleged is a Youtube video published to the world wide web on August

        17, 2012, featuring Defendant and entitled "Bulletinman Broadcast 8-16-12 The Party's

72

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Over! With Notes," *available at*

http://www.youtube.com/watch?v=qHw0sDThkN8&list=UUzc6JzO6mcusCX-YtNj02ug&index=7.

5.  (There is also a second video that does not feature captions.  It appears from discovery that both were reviewed by the State and both were reviewed by the arresting troopers whose probable cause statements formed the basis of Defendant's arrest warrant.  Since the second video, lacking captions, does not mention Judge Kelly Parker, any prosecution based on the second video fails as a matter of law since there is no evidence to support a finding of probable cause, let alone guilt.)

6.  The written caption on the Youtube page is:

> Explicit but oh so true. Bulletinman has had enough of the Insanity. Constitution day is September 17th and September 14th will be the last day of the Defacto Court. You all is fired and will be considered trespassers after that time. The power belongs to be people and we got an easy 70% that say you got to go. We the People now realize just what a fraud the Court is not only upon itself but the Constitution, the People and GOD Almighty. No victim no crime. No justice no peace. Know JESUS know peace. Where the Spirit of the LORD is there is Liberty.

7.  Defendant begins the video with statements on various matters of public concern such as the poor state of the economy and unemployment.

8.  The video threatens that the People will "fire" various Missouri officials including the State Courts Administrator, elected Circuit Judges, lawyers and policemen through a "Redress and Revocation Petition" on 9-11-2012.

9.  At 1:17 Defendant generally references corrupt officials and "my right to blast you motherfuckers out of there if we have to.  I don't want to come down to that.  I really don't."

73

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

10.   At 2:04 he states generally "we have the right to remove you use of force.  Now, we're

      not going to go out and kill you like you do other people."

11.   Defendant states at 8:33 that "I'm being generous in a giving you a month to do it,"

      which the Court can infer to mean the time frame for the above-described people to

      resign.

12.   A text caption appears at 8:40 that cites Mo. Const. sec. 3, particularly as to the right of

      the people "to alter and abolish their Constitution and form of government whenever they

      may deem it necessary ..."

13.   Defendant then states at 8:50-9:10 that elected officials who resist will be arrested, tried

      by treason by a jury of their peers, and executed for treason and other crimes against the

      American people.

14.   The video is 9:38 minutes long.

15.   Defendant references a laundry list of judges, prosecutors, law enforcement personnel,

      court clerks, etc., some with particularity and some without.

16.   Nowhere does Defendant himself threaten to arrest, try or execute any person.

17.   Particularly, nowhere does Defendant state the name of Judge Kelly Parker of Crawford

      County.

18.   Judge Parker's name appears briefly in a caption at 2:47, some six minutes before

      Defendant's statements about occupying the court house and putting officials on trial for

      treason.

19.   Other officials are named besides Judge Parker in a laundry list, lessening to each of a

      reasonable speaker and a reasonable listener that Judge Parker is being singled out among

      the allegedly corrupt officials.

3

74

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

20.     The foregoing features a caption stating "Bill of Rights 6," presumably the Sixth Amend., U.S. Const.

21.     At 9:20 the Defendant accuses the U.S. government of killing 55 million babies, which the Court can infer to mean a reference to legalized abortion.

22.     The video is part of a recurring series of print publications and broadcasts issued by Defendant as a citizen journalist since 1996. *See, e.g., Exs.* 1-B (Bulletinman print publication), authenticated by *Ex.* 1-A (Affidavit of Judy Kropf). Particularly, Bulletinman videos have been broadcast on Youtube since 2009, *at* http://www.youtube.com/user/bulletinman.

23.     The overall thrust and dominant theme of Bulletinman publications and broadcasts are statements (oft expressed humorously and vulgarly) as to matters of public concern, particularly that:

    a.     Most Missouri elected officials including elected judges are corrupt and subverting the Constitution, and

    b.     The sovereign People pursuant to the Constitution have a right to "fire" elected officials, to try them for treason according to due process by a jury of their peers, and to execute them if found guilty of treason.

24.     The correctness or error of the Bulletinman statements is irrelevant to this analysis.

25.     The World Wide Web, which anyone may access at anytime with an internet connection, is an archetypal public forum.

26.     Defendant has no prior record of provoking violence pursuant to the Bulletinman publications.

27.     Defendant has no criminal history other than minor traffic violations.

4

75

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**III.    The First Amendment prohibits criminal prosecution of Defendant's speech**

28.    RSMo. 565.084 prohibits speech that would threaten harm to a judicial officer or his

immediate family, insofar affects ability of judicial officer to carry out his duties.

29.    In context, a reasonable person cannot take Defendant's speech to be a true threat or

fighting words to Judge Parker.

30.    In the alternative, in the totality of the circumstances, Defendant's speech is protected by

the First Amendment.

31.    The Free Speech Clause of the First Amendment— "Congress shall make no law...

abridging the freedom of speech"—as applied to the states through the Fourteenth

Amendment can defeat as a matter of law charges of tampering or harassment that do not

constitute a true threat or a reasonable apprehension of harm.  *See, e.g., **State v. Wooden**,*

No. SC92846 (Jan. 8, 2013).  That is particularly true in the context here where

Defendant is a citizen journalist and blogger with a long history of lively and sometimes

offensive critical statements against elected officials, but no record of violence.

32.    (First Amendment analysis of political speech of public concern is appropriate also under

the free speech provision of Mo. Const., art. I, sec. 8.  Missouri's free speech rights track

those of the federal Constitution.)

33.    Defendant's speech is a matter of public concern, as determined by all the circumstances

of the case. "[S]peech on 'matters of public concern' ... is 'at the heart of the First

Amendment's protection.'" ***Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,*** *472 U.*

*S.* 749, 758-759 (1985) (opinion of Powell, J.) (quoting ***First Nat. Bank of Boston v.***

***Bellotti,*** 435 U. S. 765, 776 (1978)).  The First Amendment reflects "a profound national

76

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *New York Times Co. v. Sullivan,* 376 U. S. 254, 270 (1964). That is because "speech concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana,* 379 U. S. 64, 74-75 (1964).  Accordingly, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Connick v. Myers,* 461 U. S. 138, 145 (1983) (internal quotation marks omitted).

34.    Although the boundaries of what constitutes speech on matters of public concern are not well defined, the U.S. Supreme Court has held that speech is of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," *id.* at 146, or when it "is a subject of general interest and of value and concern to the public," *San Diego v. Roe,* 543 U. S. 77, 83-84. A statement's arguably "inappropriate or controversial character... is irrelevant to the question whether it deals with a matter of public concern." *Rankin v. McPherson,* 483 U. S. 378, 387.

35.    To determine whether speech is of public or private concern, this Court must independently examine the "'content, form, and context,'" of the speech "'as revealed by the whole record.'" *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U. S. 749, 761.  In considering content, form, and context, no factor is dispositive, and it is necessary to evaluate all aspects of the speech.

36.    Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," *Connick, supra,* at 146, or when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public," *San Diego, supra,* at 83-84. *See Cox*

Electronically Filed - EASTERN DISTRICT OF APPEALS - February 25, 2014 - 03:52 PM

*Broadcasting Corp. v. Cohn,* 420 U. S. 469, 492-494 (1975); Time, Inc. v. Hill, 385 U. S. 374, 387388 (1967). The arguably "inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern." *Rankin v. McPherson,* 483 U. S. 378, 387 (1987).

37. The "content" of Defendant's video plainly relates to broad issues of interest to society at large, rather than matters of "purely private concern." *Dun & Bradstreet, supra,* at 759.

38. While the tone of these messages may fall short of refined social or political commentary, the issues the video highlights—the American economy and unemployment, elected official and elected judicial corruption, abortion—are matters of public import. The video broadcasts Defendant's statements on those issues, in a manner designed to reach as broad a public audience as possible.

39. Judge Kelly Parker's name appears in a pop-up caption at 2:47 in the video, some six minutes before the alleged threat made by Defendant at 8:50-9:10.  Even if the video is viewed as containing a message related to Judge Kelly Parker specifically, that would not change the fact that the overall thrust and dominant theme of Defendant's video spoke to broader public issues than Judge Parker.  That is particularly true as other law enforcement and elected officials are also listed by name in pop-up captions.

40. Given that Defendant's speech was in a public forum on a matter of public concern, that speech is entitled to "special protection" under the First Amendment.  Such speech cannot be restricted merely because it is upsetting or arouses contempt.  "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson,* 491 U. S. 397, 414 (1989).  Indeed, "the point of all

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

speech protection ... is to shield just those choices of content that in someone's eyes are misguided, or even hurtful." *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, Inc.,* 515 U. S. 557, 574 (1995).

41.    Nor can the State argue that Defendant's video must go to the jury because the speech is outrageous.  "Outrageousness" is a highly malleable standard with "an inherent subjectiveness about it which would allow a jury to impose liability on the basis of the jurors' tastes or views, or perhaps on the basis of their dislike of a particular expression." *Hustler,* 485 U. S., at 55 (internal quotation marks omitted).  In a case such as this, a jury is "unlikely to be neutral with respect to the content of [the] speech," posing "a real danger of becoming an instrument for the suppression of ... 'vehement, caustic, and sometimes unpleasan[t]'"expression. *Bose Corp.,* 466 U. S., at 510 (quoting *New York Times,* 376 U. S., at 270).

42.    Such a risk is unacceptable; "in public debate [we] must tolerate insulting, and even outrageous, speech in order to provide adequate 'breathing space' to the freedoms protected by the First Amendment." *Boos v. Barry,* 485 U. S. 312, 322 (1988) (some internal quotation marks omitted).

43.    What Defendant said, in the whole context of how and where he chose to say it, is entitled to "special protection" under the First Amendment, and that protection cannot be overcome by a potential jury finding that the video was outrageous.

44.    The purpose of free speech is to invite dispute, even where it incites people to anger; in fact, the provocative and inflammatory content of speech can potentially be seen as positive. *Terminiello v. City of Chicago,* 337 U.S. 1 (1949) (Douglas, J.).

8

79

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

45. "The Constitution is not neutral. It was designed to take the government off the backs of the people." **Justice William O. Douglas, *The Court Years*** at 8 (1980).

46. Defendant concedes that free speech does not permit "fighting words", ***Chaplinsky v. New Hampshire,*** 315 U.S. 568 (1942) (upholding conviction for breach of peach where Appellant verbally attacked a marshal by shouting "you're a damned Fascist" in a public street).

47. But here, as discussed *infra,* we are dealing not with fighting words but rather with an alleged true threat, that is, speech that would put a reasonable person in apprenhension of harm.

48. Under the totality of the circumstances—the form, content and context—Defendant's speech does not objectively constitute fighting words, nor does it put Judge Parker or anyone else in a reasonable apprehension of harm by threatening to interfere with the performance of Judge Parker's judicial duties.

## IV.   **Defendant's speech in context is hyperbole, not literal**

49. Defendant's speech is hyperbolic in tone, not literal.  Hyperbole is marked by the use of exaggeration as a rhetorical device or figure of speech.  It may be used to evoke strong feelings or to create a strong impression, but is not meant to be taken literally.

50. In our tradition of criticism of public officials, this Court can take judicial notice that hyperbolic statements against public officials have been routinely made both generally and with particularity but do not necessarily intend what their plain language states:

   a. In 2010, former Gov. Sarah Palin (R-AS) produced a political ad putting certain U.S. congressmen "in the crosshairs" and showing a map of congressional seats

*80*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

with a rifle scope view superimposed and a list of the congressmen.  *See* Jeff

Muskus, *Sarah Palin's PAC Puts Gun Sights On Democrats She's Targeting In*

*2010,* Huffington Post, Jan. 9, 2011, *at*

http://www.huffingtonpost.com/2010/03/24/sarah-palins-pac-puts-

gun_n_511433.html); *see also Gabrielle Giffords was on Sarah Palin's*

*crosshairs map – A history of violent words used against Giffords*, S.F. Sentinel,

Jan. 9, 2011, available at http://www.sanfranciscosentinel.com/?p=102900).

    i.     U.S. Rep. Gabrielle Giffords (D-AZ) was among those targeted by Palin's

        speech.

    ii.     Giffords was later shot by a mentally ill individual named Jared Loughner,

        who subsequently pleaded guilty to various related felonies. *U.S. v.*

        *Loughner,* 11CR-187TUC (D.Az.).

    iii.     A reasonable person would not believe Gov. Palin advocated the actual

        shooting of any congressman, including Rep. Giffords.

    iv.     Gov. Palin has never been charged with a crime.

b.     Scientifically reliable and widely accepted polling indicates some 29 percent of

    Americans think that an armed revolution in order to protect liberties might be

    necessary in the next few years, with another five percent unsure.  In light of such

    popular views, Defendant's speech can be read either as a hyperbolic

    extrapolation of such a belief, or as a statement referencing a popular sentiment—

    but in context not as a direct threat by Defendant to Judge Parker.  *See Beliefs*

    *about Sandy Hook Cover-Up, Coming Revolution Underlie Divide On Gun*

81

Electronically Filed - EASTERN DISTRICT OF APPEALS - February 25, 2014 - 03:52 PM

*Control,* Fairleigh Dickinson Poll (Mar. 31, 2013), *available at*

http://publicmind.fdu.edu/2013/guncontrol/.

51.     Here, given the lengthy history of Defendant's hyperbolic publications and broadcasts

against public officials, a reasonable person would not view the video in context as an

actual threat to try and then execute Judge Kelly Parker.

52.     The particular reaction of Judge Kelly Parker to the video is irrelevant to this analysis as

such a reaction is subjective and has nothing to do with the objection reasonableness of

Defendant's speech.

53.     It appears that the State concurs with the foregoing, as it has not designated Judge Parker

as a trial witness.  Defendant has not designated Judge Parker as a witness either in his

supplemented disclose to the State.


**V.     Defendant's statements are conditional, and do not constitute a true threat under the**

**subjective/objective factors of *Dinwiddie* analysis**

54.     True threats do not merit First Amendment protection.  ***Watts v. United States,*** 394 U.S.

705 (1969).

55.     In evaluating whether speech is a true threat, this Court must be guided by the multi-

factor analysis set forth by the Eighth Circuit in ***United States v. Dinwiddie,*** 76 F.3d 913

(8th Cir. 1996).   The factors include:

a.      The reaction of the recipient of the threat and of other listeners,

b.      Whether the threat was conditional,

c.      Whether the threat was communicated directly to its victim,

11

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

    d.    Whether the maker of the threat had made similar statements to the victim in the past, and

    e.    Whether the victim had reason to believe that the maker of the threat had a propensity to engage in violence.

56.    Defendant's video does not constitute a true threat under this analysis.

    a.    Under the reasonable listener test, **United States v. J.H.H.,** 22 F.3d 821, 827-28 (8th Cir. 1994), given the entire factual context, the recipient of the alleged threat could not reasonably conclude that it expresses "a determination or intent to injure presently or in the future."

    b.    The speech was conditional.

    c.    The speech was not communicated directly to Judge Parker.

    d.    Defendant had made no prior speech directed at Judge Parker.

    e.    Defendant had no propensity to engage in violence, had no criminal record, and was not viewed as a dangerous person by the Missouri troopers who executed his arrest warrant. *See* Depo. of Folsom, at 30:21-22.

57.    The conditionality of defendant's speech is particularly important to the analysis. The court can reasonably surmise that Defendant's intention was not to intimidate or frighten Judge Parker but rather to make a political statement to his audience. This intention was fairly clear from the context: Defendant made the alleged threat for purposes of rhetorical hyperbole rather than to intimidate, frighten, or coerce Judge Parker beyond what is allowable political advocacy.

58.    In contest, Defendant's statements cannot reasonably be construed by this Court to purposely, knowingly, or recklessly intimidate or coerce Judge Parker, and a reasonable

83

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

person would not view the statement as threatening. Rather, Defendant's speech promotes open debate and vigorous advocacy over allegations of judicial corruption.

59. (In the alternative, Defendant suggests that this Court can adopt the Ninth Circuit's reasoning and require that the State prove beyond a reasonable doubt that Defendant intended his words or conduct to be understood by Judge Parker as a threat. *See United States v. Bagdasarian,* 652 F.3d 1113 (9th Cir. 2011); *United States v. Cassel,* 408 F.3d 622 (9th Cir 2005). Mere negligence with regard to the victim's understanding is insufficient.)

**VI. The Eighth Circuit splits with other circuits as to whether threats are to be evaluated objectively or subjectively**

60. Defendant acknowledges that the federal appellate circuits are split on whether the threat is to be evaluated objectively or subjectively. Compare *Dinwiddie* with *Bagsarian* with *United States v. White,* 670 F.3d 498, 512 (4th Cir. 2012) with *Turner,* as discussed below.

61. Defendant concedes that the Eighth Circuit in *Dinwiddie* has held the reaction of the recipient can be one of a multitude of factors in analyzing the speech. Here, however, Defendant's speech was in a public forum and not a communication directly transmitted to Judge Kelly Parker.

62. Indeed, Judge Parker ought not to be able to testify at trial, either, as his subjective reaction to the speech would prejudice the jury as to any objective evaluation—legally or factually—of the reasonable listener's reaction to the speech itself. *United States v. J.H.H.,* 22 F.3d 821, 827-28 (8th Cir. 1994). The admission of recipient reaction

84

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

testimony is overly prejudicial because it may have a tendency to be overweighted by juries. This is true because members of a jury will trust the recipient's characterization over their own instinct. In addition, members of the jury are likely to be swayed by the emotional impact of the recipient's testimony. **Jennifer E. Rothman,** *Freedom of Speech and True Threats,* 25 Harv. J.L.& Public Policy 1 (2001).

63.     The Court can also find Defendant's speech is not a true threat under other circuits' analyses. Compare the Second Circuit's recent analysis of true threats against federal appellate judges in Chicago in *U.S. v. Turner,* No. 11-196-cr (June 21, 2013). Defendant's speech is distinguishable both under the facts of *Turner,* and under its legal tests for true threats.

64.     The Defendant in *Turner* published a blog on the internet. His blog posts included statements such as:

a.      "Obey the Constitution or die."

b.      The blood of the three judges would "replenish the tree of liberty."

c.      The judges "didn't get the hint" sent by a gunman who murdered another federal judge in Chicago.

d.      The judges had not "faced REAL free men willing to walk up to them and kill them for their defiance and disobedience."

e.      The ruling on a particular case was "so sleazy and cunning as to deserve the ultimate response," and

f.      That the judges "deserved to be killed."

85

Electronically Filed - EASTERN DISTRICT OF APPEALS - February 25, 2014 - 03:52 PM

65.    Turner also posted photographs, work addresses, and room numbers for each judge, as well as a map to the courthouse where they worked, and a photograph of "anti-truck bomb barriers" outside that courthouse.

66.    Turner had a history of links to violent groups such as the Ku Klux Klan and Aryan World Congress, and at one point was an FBI informant as to his website visitors who shared their intentions to commit violent acts (Turner was later dropped by the FBI).

67.    Turner's website revealed a history of statements with threats against other officials, together with threats to divulge their home addresses and mention of "having enough bullets to put them down too."

68.    These facts are distinguishable from the instant case in that:

   a.    Weinhaus never made reference to executing any particular judge (but for the most strained reading of a six-minute lapse between a caption with Judge Parker's name and statements regarding execution for treason).

   b.    Weinhaus never referenced other murders.

   c.    Weinhaus did not exhort others to kill Judge Parker with any particularity.

   d.    Weinhaus never posted maps or business information about Judge Parker's courthouse

   e.    Weinhaus never threatened to occupy any particular courthouse, and indeed "occupying a courthouse" is merely civil disobedience and not a threat to commit murder (Sgt. Folsom, who attempted to arrest Defendant on September 11, 2012, conceded there were at least three courthouses that Weinhaus might occupy, therefore no courthouse was actually designated with particularity, and conceded that occupation itself can be peaceful). *See, e.g., Ex.* 3 (Depo. of Folsom).

15

86

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

69.     The *Turner* jury convicted upon instruction for a "true threat."

70.     A split Second Circuit panel affirmed the instruction and conviction on appeal, based on the following factors:

  a.     The "seriousness of the extended discussion of killing [the judges]."

  b.     Turner's references to past acts of violence, particularly the murder of another federal judge in Chicago.

  c.     Turner's past statements calling for the death of a federal judge, and approvingly noting her subsequent actual murder.

  d.     Posting photographs, work addresses and maps for the threatened judges' chambers.

71.     The *Turner* court also found that intimidation can constitute a true threat when the intent is to place the victim in fear of bodily harm or death, citing the U.S. Supreme Court case proscribing cross burning. *Virginia v. Black,* 538 U.S. 343, 360 (2003).


**VII.   Defendant's speech is not incitement under the *Brandenburg* test**

72.     The U.S. Supreme Court has long distinguished incitement from the mere "advocacy of the use of force or of law violation." *Brandenburg v. Ohio,* 395 U.S. 444, 449 (1969). The former is illegal; the latter is First Amendment protected.

73.     To determine incitement, the proper test is to look whether the statement "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.; see also **Hess v. Indiana,*** 414 U.S. 105, 108-09 (1973).

87

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

74. Incitement is distinguishable from a true threat. *New York ex. rel. Spitzer v. Operation Rescue Nat'l,* 273 F.3d 184, 196 (2d Cir. 2001); *United States v. Howell,* 719 F.2d 1258, 1260 (5th Cir. 1983).

75. Even language such as that in Defendant's Youtube broadcast, which might seem threatening, is protected under an incitement analysis if made in public as part of a political communication. *See, e.g., NAACP v. Claiborne Hardware,* 458 U.S. 886, 902 (1982) (affording First Amendment protection to statements at public rallies threatening to "break [the] damn neck[s]" of those who broke a boycott of segregated retail stores).

76. Defendant's speech here in a public forum, the world wide web, did not rise to the level of an "unequivocal, unconditional and specific expression[] of intention immediately to inflict injury." *United States v. Kelner,* 534 F.2d 1020, 1027 (2d Cir. 1976). In that case, by contrast, the *Kelner* Defendant's conviction was affirmed for the statement, "[W]e are planning to assassinate Mrs. Arafat ... everything is planned in detail." *Id.* at 1025.

## VIII. **Defendant's speech does not constitute fighting words, and is factually distinguishable from *Wooden***

77. The Missouri Supreme Court recently affirmed convictions for harassment under RSMo. 565.090.1(2)1 and 565.090.1(5), where the Defendant sent individual emails and letters to a St. Louis City alderwoman calling her a "bitch" and a "Jezebel" and threatening to "go Gabrielle Giffords" on her with a "sawed off shotgun" and "pop" her "cherry" like assassinated president John F. Kennedy. *State v. Wooden,* No. SC92846 (Jan. 8, 2013).

78. Although the harassment crime in *Wooden* is distinct from judicial harassment under RSMo. 565.084, for the purpose of analysis they are substantially the same. RSMo.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

565.090.1(2)1 and 565.090.1(5) require a showing that the threats put the victim in "reasonable apprehension of offensive physical contact or harm." The judicial tampering statute requires the speaker's purpose to be to "harass, intimidate or influence a judicial officer in the performance of such officer's official duties." Although the showing is different, both are essentially an objective reasonable person standard as to the imminent harm or harassment effect of the speech.

79.    In **Wooden,** the Mo. Supreme Court rejected the Defendant's appeal on First Amendment grounds because, after a detailed factual inquiry into his speech, it found the speech contained words that, taken together, "through their very utterance inflict injury or tend to incite an immediate breach of the peace" and are not protected by the First Amendment or the Missouri Constitution.  *Id.* at 6, quoting *Chaplinsky, supra,* 315 U.S. at 571-72.

80.    Defendant's speech here is factually distinguishable from that of **Wooden** in at least five respects:

    a.    Wooden sent emails directly to the Alderwoman he threatened.  Defendant, by contrast, made his speech only in a public forum (the world wide web), in the context of a regular broadcast and publication of Bulletinman, which criticizes alleged official corruption.

    b.    Wooden had no reputation as a harmless but colorful political commentator. Defendant is a citizen journalist and blogger, known in Crawford County (where Judge Parker sits) for his anti-government views.  Context matters as to the statement.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

c.   Wooden made references to dusting off a sawed-off shotgun, and that he was going to make "a mess of everything with his sawed-off." Defendant made no threats to his personal use of deadly force.

d.   Wooden referenced himself as a domestic terrorist and referenced the shootings of President Kennedy, Congresswoman Gabrielle Giffords, and U.S. District Court Judge John Roll. Defendant references no other shootings or murders.

e.   Wooden's tone was maniacal and menacing. Defendant's tone is hyperbolic, but not menacing.

f.   Wooden had a history of serious criminality. Defendant has none.

**IX.   The Court can take judicial notice that Google has not removed the speech from its website, despite Youtube's "Community Guidelines" and "Terms of Servicen"**

81.   Defendant's speech was broadcast from the Youtube website, owned by Google Incorporated.

82.   Defendant's speech is still posted publicly on the Youtube website, at http://www.youtube.com/user/bulletinman. *See Ex.* 2-A, Affidavit of Hugh A. Eastwood.

83.   Youtube maintains "Terms of Service", *Ex.* 2-B, *available at* http://www.youtube.com/static?template=terms, and "Community Guidelines", *Ex.* 2-C, *available at* http://www.youtube.com/t/community_guidelines, for Youtube users.

84.   The Community Guidelines include, *inter alia:*

a.   "Things like predatory behavior, stalking, threats, harassment, intimidation, invading privacy, revealing other people's personal information, and inciting others to commit violent acts or to violate the Terms of Use are taken very

90

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

seriously. Anyone caught doing these things may be permanently banned from YouTube."

85.    The Terms of Service include, *inter alia*, at 6.E:

    a.    "You further agree that you will not submit to the Service any Content or other material that is contrary to the YouTube Community Guidelines, currently found at www.youtube.com/t/community_guidelines, which may be updated from time to time, or contrary to applicable local, national, and international laws and regulations."

86.    While Defendant suggests that the standard for a threat is an objective one, he acknowledges that the federal appellate circuits are split on this legal standard (as discussed above), and therefore if this Court adopts a partially subjective standard, the continued presence of Defendant's speech on the Youtube website suggests that Google and Youtube do not find Defendant's speech to have violated their "Community Guidelines" and "Terms of Service."

    WHEREFORE Defendant Jeffrey R. Weinhaus moves this Court to SUSTAIN his motion to dismiss the charge of Tampering With Judicial Officer, Felony C RSMo: 565.084, for defect in the institution of the prosecution, in that Defendant's speech does not:

    1.  Constitute a true threat,

    2.  Put Judge Kelly Parker in a reasonable apprehension of harm,

    3.  Constitute incitement, nor

    4.  Incite an imminent breach of the peace,

        and for such other relief as may be just, meet and reasonable.

91

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Respectfully submitted,

Attorney for Defendant

Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax      (314) 727-4473
Tel.     (314) 727-3533
Cell     (314) 809-2343

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

The method(s) of service: by hand.

21

92

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

AUG - 6 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,              )
                                )
v.                              )     Case No.  12AB-CR02409-01
                                )
JEFFREY R. WEINHAUS,            )
                                )
          Defendant.            )

**AFFIDAVIT OF JUDY KROPF**

Comes now Judy Kropf and states for her Affidavit:

1.  My name is Judy Kropf and I am an adult capable of making this Affidavit.

2.  Defendant Jeffrey R. Weinhaus is my former husband.  Our marriage was legally
    dissolved in May of 2013.

3.  Attached as Exhibits 1-B are true copies of various editions of "Bulletinman," a
    publication written and produced Defendant.

4.  Through my former marriage to Defendant, I have personal knowledge of "Bulletinman"
    generally and these representative copies in particular.

5.  For the past 16 or so years, "Bulletinman" was produced in print format and distributed at
    various public places in Jefferson County, in Crawford County as an attachment to the
    "Bourbon Bystander" newpaper (also published by Defendant),  and in other places in
    Missouri.

6.  "Bulletinman" has also been created, produced and distributed by my former husband
    Defendant through the internet, on the Bulletinman.com website and on Youtube at
    http://www.youtube.com/user/bulletinman.

7.  Further Affiant sayeth not.

DEFENDANT'S
Exhibit
1-A

43

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

I hereby verify and affirm that I have read and understood this document.  I declare under oath and under penalty of perjury that to the best of my knowledge all the statements in this document are true and correct.

_Judith A Kropf_
Judy Kropf

State of Missouri      )
                       )  ss
County of St. Louis    )

Subscribed and sworn before me this _August  2_ , 2013

_Sandra L Thurmond_
Notary Public

2

94

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Americans, indeed all free men, remember that inn the final choice, a soldier's pack is not so heavy a burden as a prisoner's chains. Ike

**Bulletinman.Com - 314-800-3652**

# Backpage

DEFENDANT'S
Exhibit
1-B

## Downtown Deli
Main and Boyd
DeSoto
Sit Down or Carry Out
Fresh sliced deli meat, top tier no junk here. Fresh baked bread, sandwiches, soups hot lunch specials call 636-586-1977
Mon-Fri 7 to 7
Sat 7-2 Closed Sunday

## Spotted Horse
## Antiques & More
200 S. Main DeSoto
636-586-6399
Open Weds-Sun Noon to 6
Republic of Tea Teas
Ravens Brew Coffee.
Your One Stop Gift

## Heartland Realty
50 Jefferson Square
DeSoto 636-337-0600
Buying or Selling Real Estate
call Patty and her agents
**THEY SIMPLY
GET RESULTS**

## GOWERS
## AUTOMOTIVE
Athena School & Flucom off
67 Desoto.
636-337-5501
You can trust Paul & Terry
If it's Broke they will fix It
If it's not they will tell you!
Honest Mechanics are Priceless
Computer Diagnostics
**Safety and Emissions
Inspections**

## General Signs
## and Graphics
306 S. Main DeSoto
636-586-9296
Banners-T-Shirts
All your Sign Needs
Printing Too
**"A sign of a good business is a good sign"**

Meanwhile back at the Ranch. In Jefferson County still Judge Bouchard sits on the bench and Tammy Berg is raking it in. Have you seen the drug court contract? In your face evidence that the Court is a fraud upon not only it self but everyone who it comes in contact with. Our government is so screwed up. The land records are now ruined since the Recorders of Deeds has accepted the MERS filings. Do you really believe that the vote count is honest? If they are voting with anything but paper ballots hand counted  it can be rigged. In this day and age even without a vigilant County clerk. Assessor, personal property tax? Land tax? How about a sales tax to pave the roads and put out fires like the Constitution calls for. With a flat sales tax out government could function in the capacity it was created for. To protect and maintain our God given rights.  Keep praying. Have not heard from Chuck about his lot next to the Courthouse. Though there was a protest at the Jail on Saturday June 16th in honor of Bradley Kingery who was found dead in the jail on Memorial Day morning at 3:30. Brad was 24 being held on I believe a failure to appear traffic related warrant.  The JCSD would not even let the Mother look at the body and refused to turn over his belongings. Now his brother is in there on some BS! What is up with that? To top it off finding a lawyer to sue the Sheriff's department is impossible without a huge sum of cash upfront . In Jeffco carpet bagger lawyers are coming down from the City and County to do business with the Court because  most of local attorney's have screwed at least one member of every family in the county.  The people are flat broke, busted not to  be  trusted and now the trickle up effect is starting to show.  When people lose it all that is when they lose it. There is a case that has been going on in Jeffco for over 7 years hung jury once now they are trying to get these people again based on the testimony of a 12 year old. These folks have spent $250,000 on lawyers and the problem has not gone away. These charges should not have even be filed in the first place. Secondly the lawyer they hired who said that became the PA in Jeffco. Now you would think that after these people paid Forrest 30 and Brain Hammond 20 thousand that is, this "matter" would have vanished . No it got  to transferred to St. Louis County and they went and gave the big city lawyers another 50 and they still owe them 100 for a hung jury. They are now lawyer less and broke. The matter has  not gone away even though the alleged victim has changed her story at least three times and  the one who took her to the police and started the whole ball rolling was just picked up and released  after he was on Jeffco's most wanted list. My GOD people you just can't make stuff like this up. By the way the "system" placed the trouble young lady into the home of the actual abuser who was the accused brother. In short order! That is just one of a hundred stories I could share and the Bulletin has a very small footprint. Sad  what have we become? Is there any accountability left? I for one can not get any justice under this system and I'm afraid I'm not the only one. They that be with us are a whole lot more than they that be with them. The real scary part of this is that there are certain people who are starting to figure this out who are trained killers under oath to defend our Constitution. That spells TROUBLE for the people who make a living under the color of law. In Crawford County same story though different faces. They first stole the election from Larry in Bourbon and on May 23rd the "task force" raided his place of business terrorizing the customers and children. This all went down because  Larry was selling the incense that some people use to get high even though it is labeled not for human consumption and is 100% totally legal. They stole thousands of dollars worth of inventory, computers, cash, cashiers checks, and to top it all off froze his bank accounts. Though keep in mind he is innocent until proven guilty. They even arrested his helper for selling this "illegal" product even though he never took any money. What is it going to take? How much more must we endure?  You the tax paying citizens of this once great state are paying these terrorist. Now is the time to open your eyes and see who the real enemy is. You have been lied too, deceived and brain washed into thinking that the USA and the police are the good guys. I hate to burst your bubble though the ones wearing black masks and carrying machine guns are your "trusted public servants". Would you please put aside your pride and open your eyes realizing that the devil is a liar. The enemy has come in like a flood though the good news is that God is still on the throne and prayer changes things.  It is my prayer for another great awakening to occur and for people to realize that out enemy is within and cast them out while there is still time. No More Lies! Fire them all let GOD sort them out!

6696 VETERANS DR. CEDAR HILL, MO 63016 (636)-274-9979
ACROSS FROM SAVE-A-LOT ON HWY BB


VIP
850 Commercial Blvd
Parts-Service
636-475-74
• Scooters • ATV's
• Utility Vehicles
Layaway
www.vip

95

Case: 4:17-cv-01941-DDN   Doc. #: 27-6   Filed: 12/22/17   Page: 99 of 99 PageID #: 1045

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# Backpage
www.bulletinman.com
February 1 2012
**Fall upon the ROCK before the ROCK falls on you**

It is curious that physical courage should be so common in the world and moral courage so rare. ~Mark Twain

Courage is doing what you're afraid to do. There can be no courage unless you're scared.
~Edward Vernon Rickenbacker

When a man asks himself what is meant by action he proves he is not a man of When a man asks himself what is meant by action he proves he is not a man of action. Action is a lack of balance. In order to act you must be somewhat insane. A reasonably sensible man is satisfied with thinking.
Georges Clemenceauaction.

Meanwhile, back at the Ranch.  Well just when you think there is no hope you get a call and by GOD you get confirmation. Paul Curtman the State Rep from House Springs I think it is district 105 called me. My first words to him was a simple question, are we doomed and he said that we are. Which confirms what I have been writing in this BULLETIN. But he went on to tell me that articles of impeachment have been filed against a sitting Judge for the first time well we really don't know, we do know that there has not been a judge impeached in Missouri since 1960. Yea it has been 52 years since we got rid of a Judge in Missouri but Paul and a few other courageous reps have actually got an impeachment going it is number 333 a Judge from Adair County named Russell E. Steele. We will certainly keep you up to date on this matter. Paul is a former Marine who actually honors his oath and loves this Country. Though let me share this with you they are few and far between in Jeff City. If you are a praying person please pray for Paul and all our State Reps and Senators. Pray for the Sheriff and his deputies to wake up and realize that they are the instruments of oppression. Should revival not come to the law enforcement community and they keep on enforcing laws that are in direct violation of the Constitution there will be a blood bath. If they keep on pushing the people some will push back. When people lose it all that is when they lose it. I would not want to be a member of the law enforcement community or even be within 500 yards of a court-house. The American dream has become a nightmare and not every one out there are like the Bulletinman. Most can't read much less write, the only thing they know how to do is shoot and make bombs. Most of the American people don't realize that we wrestle not against flesh and blood but against spirtual wickedness in high places. Most people don't realize it is not the Sheriff or the policeman who is driving that car that pulls them over and that pulls up to their house to evict them. It is a spirit that has possessed that body to do the works of the devil. Most will not pray, most will simply roll over and take it. Though there are a few who will think that the cop. judge, lawyer, banker is the one who is carrying out this evil and some will shoot them down. I for one realize that my problem is not a person it is the devil and I have power over all the power of the enemy. Though I'm not of this world. I may be in it for now though I'm just passing through. The ones who are buying all the guns are not buying them to go deer hunting or target shooting. They are buying them because they no longer trust the government and their agents. Boy I'm glad that I'm on the right side and not out stealing from the well armed weak, poor and uneducated mass of people who have just about been pushed as far as they are going to be.

## Spotted Horse
Antiques & More
200 S. Main Desoto
636-586-6399
A Real Deal Awaits U
Over 35 Dealers Rooms
Brew Coffee Republic of
Tea Teas Greeting Cards
You and Me x 3
Resale Mercantile
920 Commerical
St. Clair Mo
Mon-Sat 10-6

## JEFFCO Contracting
Fully Insured, Concrete,
Retaining Walls Flat Work,
Natural Stone, Water
Features
Dan 314-807-2570

## Viper Trailer Sales
850 Commerical Blvd
Herky 636-475-2187
Utility Trailers Cargo
Enclosed Best Price Service 2

## Two Car Guys
Treating People The Way We
Want to Be Treated
Hwy 67 Next Midwest 66 Festus

## KT POWERSPORTS
Exclusive
Hammerhead Cart #0
Motor Scooters, Mopeds,
4 Wheelers
228 N. 3rd Street
636-937-3298
Festus MO

## Dave's 509 Liquor
W. Main Festus Drive Thru
Import Beers Local Wines
636-931-5090

## YOUR AD HERE
314-800-3652

"Democrats Pray to God
Republicans Talk directly
to Him, but gun owners are
His Chosen People" Rich Ford
Ford's Bait and Tackle
636-285-2564 On The Banks of
Big River in Cedar Hill
Open 6:30 to 8:00

Fast Returns
Big or Small
Debbie Does Them All

## Heartland Realty
50 Jefferson Sqaure
DeSoto Mo 636-337-0600
Patty Hammond
Broker/Owner

## McKinley Jewelers
Gifts Rings Jewels
Diamonds for Valentines
308 S. Main DeSoto
636-586-3342

## Internet Service
& Computer Repair
Call Rick 636-789-9050

## Kennedy Tire
New and Used Tires
Hwy 67 Just South of CC
Festus 636-933-9622
1206 Telegraph Road
Arnold, MO 63010
(636) 467-8108

## Mo Vet Outlet
Vets helping Vets in DeSoto. An
outlet shop where you will save
@ The same time helping those
who have given so much.
East Main in DeSoto

## Davison Jewelry
Pawn Shop
Hwy 61 Festus
636-931-9326
Get Your Gun's Big Sale

## Iced Lilac
418 S. Main DeSoto
next to Town South Hair
Offering Discounts and Close-
Outs on Cosmetics, Health &
Beauty Stop in and check it out.
HundredsOf $1 Items
Call 314-922-8369

## CAN-DO MAINTENANCE
MR. FIX-IT
BIG OR SMALL
314-488-8123
IN DESOTO

## COMPUTAX ACCOUNTING
& Tax Preparation
636-931-2000

Certified IRS
E-Filer
Years of Expertise






6050 VETERANS DR. CEDAR HILL, MO 63016 (636)-274-99/9
ACROSS FROM SAVE-A-LOT ON HWY BB

96