Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE
MISSOURI COURT OF APPEALS
EASTERN DISTRICT

STATE OF MISSOURI,           )
                                         )
                 Respondent,   )
                                         )
    vs.                            )      No.  ED100807
                                         )
JEFFREY R. WEINHAUS,      )
                                         )
                 Appellant.    )

LEGAL FILE
Volume II

AMY M. BARTHOLOW
Office of State Public Defender
1000 W. Nifong Boulevard, Bldg. 7, Ste. 100
Columbia, Missouri  65203
(573) 882-9855

Attorney for Appellant

SHAUN MACKELPRANG
Office of the Attorney General
P.O. Box 899
Jefferson City, Missouri  65102
(573) 751-3321

Attorney for Respondent

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

## INDEX

VOLUME I                                                                Page(s)

### *FRANKLIN COUNTY CASE NO. 12AB-CR02409-01*:

DOCKET SHEETS ................................................................................. 1-19

INDICTMENT ..................................................................................... 20-22

SUBSTITUTE INFORMATION IN LIEU OF INDICTMENT ................................. 23-25

DEFENDANT'S REQUEST FOR DISCOVERY ............................................... 26-29

DEFENDANT'S MOTION FOR BILL OF PARTICULARS .................................. 30-32

PRO SE MOTION TO DISMISS ............................................................... 33-35

DEFENDANT'S MOTION TO QUASH INDICTMENT ...................................... 36-48

DEFENDANT'S MOTION TO SEVER THE CHARGES....................................... 49-52

DEFENDANT'S MOTION IN LIMINE / MOTION TO EXCLUDE........................ 53-57

DEFENDANT'S VERIFIED ANNOUNCEMENT OF READY AND MOTION

    FOR SPEEDY TRIAL ...................................................................... 58-59

DEFENDANT'S SECOND MOTION TO SEVER OFFENSES .............................. 60-65

DEFENDANT'S AMENDED SECOND MOTION TO SEVER OFFENSES .......... 66-71

DEFENDANT'S MOTION TO DISMISS THE CHARGE OF TAMPERING WITH

    JUDICIAL OFFICER FOR DEFECT IN THE INSTITUTION OF THE

    PROSECUTION ............................................................................ 72-106

DEFENDANT'S AMENDED MOTION TO DISMISS THE CHARGE OF

    TAMPERING WITH JUDICIAL OFFICER FOR DEFECT IN THE

    INSTITUTION OF THE PROSECUTION ............................................. 107-140

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

DEFENDANT'S SECOND MOTION IN LIMINE ................................................ 141-143

STATE'S MOTION IN LIMINE 1 ....................................................................... 144

DEFENDANT'S OPPOSITION TO STATE'S MOTION IN LIMINE ................ 145-147

STATE'S MOTION IN LIMINE 2 ....................................................................... 148

DEFENDANT'S OPPOSITION TO STATE'S SECOND MOTION IN

      LIMINE ...................................................................................................... 149-150

VOLUME II

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ........................ 151-152

DEFENDANT'S SECOND MOTION FOR JUDGMENT OF ACQUITTAL ....... 153-156

DEFENDANT'S SUPPLEMENTAL SUGGESTIONS OF LAW IN SUPPORT

      OF EACH OF HIS ORIGINAL, RENEWED & SECOND MOTIONS FOR

      JUDGMENT OF ACQUITTAL ................................................................ 157-162

JURY INSTRUCTIONS ...................................................................................... 163-192

JURY'S QUESTIONS ......................................................................................... 193-194

VERDICTS .......................................................................................................... 195-200

SENTENCING VERDICTS ................................................................................ 201-204

DEFENDANT'S MOTION FOR NEW TRIAL ................................................... 205-211

JUDGMENT ........................................................................................................ 212-214

NOTICE OF APPEAL ........................................................................................ 215-222

CLERK'S CERTIFICATION .............................................................................. 223-225

CERTIFICATE OF SERVICE ........................................................................... 226

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

OCT - 9 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| v. | ) | Case No.  12AB-CR02409-01 |
| | ) | |
| JEFFREY R. WEINHAUS, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood and

Christopher M. Combs, and states as his Rule 27.07 Motion for Judgment of Acquittal:

The State has failed to make a submissible case for all of the elements for each of its

charges, and therefore the Court must enter a judgment of acquittal.

1. Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana, a class C

   Felony, RSMo. 195.202;

2. Tampering With Judicial Officer, a class C Felony, RSMo. 565.084;

3. Possession Of Up To 35 Grams Marijuana, a Class A Misdemeanor, RSMo: 195.202;

4. Assault/Attempt Assault - LEO, Corr Off, Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble

   Wrkr Or P&P Offcr - 1st Degr, a Class A Felony, RSMo. 565.081;

5. Armed Criminal Action, Felony Unclassified, RSMo. 571.015;

6. Assault/Attempt Assault - LEO, Corr Off, Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble

   Wrkr Or P&P Offcr - 1st Degr, a Class A Felony, RSMo. 565.081;

7. Armed Criminal Action, Felony Unclassified, RSMo. 571.015;

8. Resisting/Interfering With Arrest For A Felony, a Class D Felony, RSMo: 575.150;

WHEREFORE Defendant Jeffrey R. Weinhaus prays this Court enter a JUDGMENT OF

ACQUITTAL on all counts, and for such other relief as is meet, just and reasonable.

/ 5/

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Respectfully Submitted,

Attorneys for Defendant

*/s/ Hugh A. Eastwood*
Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax     (314) 727 4473
Tel.     (314) 727 3533
Cell     (314) 809 2343

*/s/ Christopher M. Combs*
Christopher M. Combs, MBE #65512
4242 Laclede Ave., Unit 104
St. Louis, MO 63108
combschris1@gmail.com
Tel: 314 578 1465
Fax: 314 531 1069

CERTIFICATE OF SERVICE

The undersigned certifies that on _____, 2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

The method(s) of service: by hand delivery.

2

152

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,                    )
                                      )
v.                                    )    Case No.  12AB-CR02409-01
                                      )
JEFFREY R. WEINHAUS,                  )
                                      )
            Defendant.                )

**DEFENDANT'S SECOND MOTION FOR JUDGMENT OF ACQUITTAL**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood and

Christopher M. Combs, and states as his second motion for judgment of acquittal, as a matter of

law pursuant to Rule 27.07(c):

*The state originally brought 8 charges.  The Court acquitted the Defendant of 2 charges*

*at the close of State's evidence, upon Defendant's motion.  The issue before the Court here is*

*whether the 2 drug convictions – felony controlled substance (morphine tablets) and*

*misdemeanor marijuana possession - should also be subject to acquittal as a matter of law.*

1.    **Controlled substance, no active or constructive possession.**  The evidence showed that

      Defendant lived in the house with his then wife and teenage son.  The one and one-half

      morphine tablets were found inside a Camel brand snuff box in a common area of the

      basement in a container near a family computer.  The common area was not locked off or

      otherwise secured from other common areas of the house.  The evidence also showed that

      the teenage son's bedroom was adjacent to the common area.  Common sense and

      experience indicate that teenage boys sometimes do naughty things in the basements of

      family homes--whether with girls, or with alcohol and drugs.  There was no other

      evidence that Defendant constructively possessed the morphine tablets, let alone even

      knew of their existence.  There is no evidence that he was ever proximate to the basement

153

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

on the day of the search; he spoke to the troopers outside the home.  (That he made a home movie in the basement a few days before is irrelevant.)

Recent authority defeats constructive possession of the morphine, and affirms that Missouri law cannot support Defendant's conviction for possession of the morphine tablets.  *State v. Politte,* No. SD 31469 (Feb. 25, 2013) (Defendant had small amount of marijuana in his bedroom, but acquitted of possession of duffel bag containing three bricks of marijuana, which was found in garage of jointly-controlled premises); *see also State v. Hendrix,* 81 S.W.3d 79, 83 (Mo.App.2002) (Defendant, despite having a crack pipe on her person, acquitted of trafficking charge for 37 rocks of cocaine base hidden a second bedroom of her home in which she was a co-habitant); *State v. West,* 21 S.W.3d 59, 63 (Mo.App.2000) (Defendant knew of meth in kitchen icebox but that knowledge did not indicate control given icebox was in common area of jointly controlled premises).

2.  **Marijuana, no active or constructive possession.**  Sgt. Folsom said based on his training that he smelled marijuana on Defendant's person, and that Defendant appeared under the influence of marijuana.  But, there was no marijuana on his person.  Further, the troopers seized sealed marijuana in the basement, but not a pipe, bong, or other form of drug-delivery device for the marijuana.  Even if Sgt. Folsom is correct that Defendant was under the influence, that fact does not prove up possession, for the same reasons described as to the morphine. *See Pettite; Hendrix; West.*

Further, Defendant attempted in cross examination of Sgt. Smith to introduce his police report about a text message related to Levi Weinhaus (the Court sustained an objection by the State, which Defendant argues was prejudicial error requiring a new trial).  There was evidence in a police report written by Sgt. P.L. Smith that there was a

154

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

text from a Levi Weinhaus (Defendant's son) to Defendant concerning a "weed plant."

Common sense and experience indicate that "weed plant" is a street name for marijuana.

Sgt. Smith never passed this information on to Sgt. Folsom or Cpl. Mertens.  That text

message goes to Defendant's lack of guilt for possession of the marijuana found in his

basement, and counsel further against the fact of Defendant's possession.

WHEREFORE, Defendant Jeffrey R. Weinhaus prays this Court set aside the jury verdict

of guilt and enter a directed verdict for judgment of acquittal on each the (1) Controlled

Substance possession felony conviction, and (2) Marijuana possession misdemeanor conviction,

and for such other relief as is meet, just and reasonable.

Respectfully submitted,

Attorneys for Defendant

/s/ Hugh A. Eastwood
Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax      (314) 727 4473
Tel.     (314) 727 3533
Cell     (314) 809 2343

/s/ Christopher M. Combs
Christopher M. Combs, MBE #65512
4242 Laclede Ave., Unit 104
St. Louis, MO 63108
combschris1@gmail.com
Tel: 314 578 1465
Fax: 314 531 1069

CERTIFICATE OF SERVICE
The undersigned certifies that on 10/29/2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

/s/ Hugh A. Eastwood
The method(s) of service: Missouri courts e-filing system.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| v. | ) | Case No.  12AB-CR02409-01 |
| | ) | |
| JEFFREY R. WEINHAUS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL SUGGESTIONS OF LAW
IN SUPPORT OF EACH OF HIS
ORIGINAL, RENEWED & SECOND MOTIONS FOR JUDGMENT OF ACQUITTAL**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood and

Christopher M. Combs, and states as his supplemental suggestions of law in support of each of

his original, renewed and second motions for judgment of acquittal, timely filed as a matter of

law pursuant to Rule 27.07(c):

**Procedural Posture**

The State originally brought eight charges.  The Court acquitted Defendant of two

charges at the close of State's evidence, upon Defendant's original motion for judgment of

acquittal.

Defendant renewed his motion at the close of Defendant's evidence.

The jury convicted on four counts, and found Not Guilty on attempted assault and armed

criminal action as to Cpl. Mertens.

Post trial, Defendant timely filed a second motion for judgment of acquittal.

Two issues are now before the Court: (1) Whether the State produced sufficient evidence

of Defendant's intent to assault Sgt. Folsom, in that the act alleged does not constitute a

substantial step toward first-degree attempted assault, and (2) whether the State produced

sufficient evidence of Defendant's possession on the two drug convictions – felony controlled

157

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

substance (morphine tablets) and misdemeanor marijuana possession.  These suggestions further address the first issue, as the second issue has already been briefed in Defendant's second motion for judgment of acquittal.

Discussion

**Insufficient evidence of intent to assault Sgt. Folsom, in that the act alleged does not constitute a substantial step toward first-degree attempted assault.**

The jury convicted Defendant of a crime that the Defendant could not have committed, in that the facts alleged in the Substitute Information and Verdict Director do not form the elements for attempt under the statute.  This is a rare case where Defendant's conviction is thus a legal impossibility based on the underlying facts, and there is insufficient evidence to support the conviction.  *State v. Summers,* 43 S.W.3d 323 (Mo. App.W.D., 2001).  "Trying to draw a weapon to shoot at Sgt. Folsom" is not a fact that legally supports first-degree attempted assault on law enforcement under RSMo. 565.081.  First-degree assault requires that the defendant intended to cause death or serious physical injury to a law enforcement officer.  *Fisher v. State,* 359 S.W.3d 113, 121 (Mo. App., 2011; MAI–CR 3d 319.32.  Note that the analysis here is not that of, for example, third-degree assault where an officer is put in reasonable apprehension of immediate physical injury.  *Cf.* RSMo. 575.083; MAI-CR 3d 319.34.  To show intent, the State must prove up evidence of attempt: that is, a substantial step toward completion of the assault, which merely pulling a gun out from a holster cannot be.  To hold otherwise is plain error under our Missouri Supreme Court's precedent, and manifest injustice would result.  *See, e.g., State v. Beck,* 167 S.W.3d 767 (Mo, 2005) and cases discussed below.

The disputed evidence, in the best light to the State, was that (1) Defendant withdrew a pistol from an open-carry holster on his belt, and (2) stated "you're going to have to shoot me

2

Electronically Filed - EASTERN DISTRICT OF COURT OF APPEALS - February 25, 2014 - 03:52 PM

man." Defendant does not concede either facts. *Arguendo*, however, those two facts are legally insufficient evidence of intent to assault, or of intent to attempt to assault, Sgt Folsom under the "knowingly attempts to cause serious physical harm" language of RSMo. 565.081. To hold that these facts are sufficient would turn every threat with a deadly weapon into a substantial step toward the commission of first-degree assault on a law enforcement officer. Judge Limbaugh, writing for our Missouri Supreme Court *en banc*, has instructed us otherwise: intent of an attempt to cause serious physical injury cannot be inferred from merely negligently endangering a person or property of another, however great the danger or extreme the negligence. **State ex rel. Verweire v. Moore**, 211 S.W.3d 89 (Mo. banc 2006); **Whalen**, 49 S.W.3d at 187 n. 5 (citing **R. Perkins, Criminal Law**, 573-74 (2d ed.1969)).

One may infer intent from the Defendant's behavior before, during and after the act. *Verweire* at 92; **State v. Hineman**, 14 S.W.3d 924, 927-28 (Mo. banc 1999). The undisputed evidence on the watch video shows Defendant driving to the gas station stating that he believed his computers were to be returned to him, and the troopers admitted that they had lied to Defendant and created a ruse in the story about the computers. After Defendant's withdrawal of his gun (which he does not concede except for argument), Defendant was shot and incapacitated. At no time did Defendant attempt to fire the weapon or pull the trigger. The only evidence the State has of intent is the troopers' disputed and inconsistent testimony that Defendant withdrew his gun and stated "You're going to have to shoot me man." Defendant does not concede that he made that statement, or that such a statement is a threat. But even if this Court finds that that statement is a threat, a mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. *Verweire*, 211 S.W.3d at 92-93. Instead, there must be

3

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

strongly corroborating evidence that it was the defendant's conscious object to carry out the threat. *Id.* Here there is none.

Under these circumstances, Defendant did not have the intent to cause serious physical injury, but at most merely threatened to do so.  There is no evidence Defendant ever pulled the trigger.  This is not a case like those in which the defendant was convicted because he would have injured the victim but for the malfunctioning of his weapon or the intervention of law enforcement.  *See, e.g., State v. Unverzagt,* 721 S.W.2d 786, 788 (Mo.App.1986) (evidence showing defendant pointed an unloaded revolver, believing it to be loaded, at another person four feet away and pulled the trigger two or three times was sufficient to show intent to cause serious physical injury); *In re J R N,* 687 S.W.2d 655, 656 (Mo.App.1985) (evidence showing that defendant entered a hotel carrying a lug wrench and announced that he was there to assault the manager but was stopped by a police officer was sufficient to show intent to cause serious physical injury).  Nor is this a case in which the defendant attempted to cause serious physical injury but only minor injury resulted from his actions.  *See, e.g., State v. White,* 798 S.W.2d 694, 697 (Mo. banc 1990) (evidence showing that defendant threw the victim to the floor, told the victim to "shut up or I will stab you." and cut the victim without causing serious physical injury was sufficient to show intent to cause serious physical injury).  Further, even in cases where a Defendant wields a weapon *and* makes a threat (which here Defendant did not do), at most only second-degree or third-degree attempted assault can be found.  *State v. Dublo,* No. WD 67202 (Mo. App., 2007) (Spinden, J., concurring) ("A defendant wielding a deadly weapon and making a threat may be found guilty of assault in the second degree or third degree depending upon the specific circumstances.")

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

As such there is insufficient evidence of intent, and Defendant's conviction for his attempted assault on Sgt. Folsom must be reversed and Defendant acquitted on each of that charge and thus also of armed criminal action.

In the alternative to acquittal, Defendant moves that the Court instead remand for a new trial only on a lesser-included charge of third-degree attempted assault on law enforcement, RSMo. 565.083, a Class A misdemeanor.

### Armed Criminal Action barred by Double Jeopardy

Defendant also suggests that in any event the armed criminal action conviction violates his rights under the Double Jeopardy Clause of the Fifth Amendment, U.S. Const., while conceding that our appellate courts have not addressed this precise issue since the armed criminal action conviction was related to the attempted assault conviction as to Sgt. Folsom. *See, e.g., Hill v. State,* 181 S.W.3d 611 (Mo. 2006); *but see State v. Peters,* 855 S.W.2d 345 (Mo., 1993) (Robertson, C.J., dissenting).

WHEREFORE Defendant Jeffrey R. Weinhaus prays this Court set aside the jury verdict of guilt and enter a directed verdict for judgment of acquittal on each the (1) assault conviction as to Sgt. Folsom (2) armed criminal action as to Sgt. Folsom, (3) Controlled Substance possession felony conviction, and (4) Marijuana possession misdemeanor conviction, and for such other relief as is meet, just and reasonable.

Respectfully submitted,

Attorneys for Defendant

/s/ Hugh A. Eastwood
Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax      (314) 727 4473

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Tel.    (314) 727 3533
Cell    (314) 809 2343

*/s/ Christopher M. Combs*
Christopher M. Combs, MBE #65512
4242 Laclede Ave., Unit 104
St. Louis, MO 63108
combschris1@gmail.com
Tel: 314 578 1465
Fax: 314 531 1069

## CERTIFICATE OF SERVICE

The undersigned certifies that on 11/15/2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

*/s/ Hugh A. Eastwood*
The method(s) of service: Missouri courts e-filing system.

162

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Today's trial for which you have been called for jury service is a criminal case. The State of Missouri has charged that the defendant Jeffrey R. Weinhaus has committed the offenses of possessing a controlled substance, tampering with a judicial officer, possessing marijuana, assault of a law enforcement officer, armed criminal action, assault of a law enforcement officer, armed criminal action, and resisting arrest. The defendant has pleaded not guilty to the charges. Thus, there are issues of fact that must be decided by a jury, subject to instructions concerning the law, that the Court will give to the jury. The jury is obligated to follow those instructions.

A trial of a criminal case begins with the selection of a jury of qualified and impartial people. In order to obtain such a jury, all of you have been summoned as prospective jurors. From your number, a jury will be selected to hear the case.

It is necessary that you be asked various questions. Your answers will assist the Court in determining whether it should excuse you from serving in this case and will assist the attorneys in making their selection of those who will hear the case. Thus, the questions, that will be asked of you, are not meant to pry into your personal affairs. Rather they are a necessary part of the process of selecting a jury.

Since this is an important part of the trial, you are required to be sworn before questions are asked. Please rise now and be sworn to answer questions.

(The panel will be sworn.)

Please listen carefully to all questions. Take your time in answering questions. Some of the questions may require you to recall experiences during your entire lifetime. Therefore, search your memory before answering. If you do not understand the question, raise your hand and say so. If, later on, during the examination, you remember something that you failed to answer before, or that would modify an answer you gave before, raise your hand and you will be asked

163

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

about it.  Your answers must not only be truthful but they must be full and complete.  If your answer to any of these questions involves matters that are personal or private, you may so indicate and you will be given an opportunity to state your answer at the bench.

The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights finally determined.  The failure on your part fully and truthfully to answer questions during this stage of the trial could force the parties to have to retry the lawsuit at some future date.

The Court will now read to you an instruction on the law applicable to all criminal cases.

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty.  This presumption of innocence places upon the State the burden of proving beyond a reasonable doubt that the defendant is guilty.

A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  The law does not require proof that overcomes every possible doubt.  If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you will find him guilty.  If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

Is there any of you who, if selected as a juror, could not, for any reason, follow that instruction?  If so, would you please raise your hand.

It is your duty to follow the law as the Court gives it to you in the instructions even

164

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

though you may disagree with it. Are there any of you who would not be willing to follow all instructions that the Court will give to the jury? If so, would you please raise your hand.

(Introduce the attorneys and ask such additional questions as the Court deems appropriate.)

The prosecutor will question you first and then counsel for the defendant will question you.

Counsel for the state may proceed.

MAI-CR 3rd 300.02
Submitted by the State

1605

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

## 1.  AT THE FIRST RECESS OR ADJOURNMENT

It is the Court's duty to instruct you now upon a matter about which you will be reminded at each recess or adjournment of Court.  Until this case is given to you to decide, you must not discuss any subject connected with the trial among yourselves, or form or express any opinion about it, and, until you are discharged as jurors, you must not talk with others about the case, or permit them to discuss it with you or in your hearing.  You should not e-mail, text, blog, instant message or use any other form of communication regarding the case or anyone involved in the case until the trial has ended and you have been discharged as a juror.  It is important that your decision be based only on the evidence presented to you in the proceedings in the courtroom. You should not do any research or investigation on your own regarding any matter involved in this case.  For example, you should not consult books, dictionaries, the Internet or talk to a person you consider knowledgeable.  You should not read, view, or listen to any newspaper, radio, electronic communications from the Internet or television report of the trial.

The bailiff and other officers of the Court are not permitted to talk to you about any subject connected with the trial, and you are not permitted to talk to them about it.

The attorneys representing the state and the defendant are under a duty not to do anything that may even seem improper.  Therefore, at recesses and adjournments they will avoid saying anything to the jury except, perhaps, something like "Good morning" or "Good afternoon."  In doing that they do not mean to be unfriendly, but are simply doing their best to avoid even an appearance, that might be misunderstood, that they or you are doing anything improper.

The same applies to witnesses and to the defendant.  They have been or will be instructed to avoid all contacts with the jury, even to talk about matters wholly unrelated to the case.

MAI-CR 3rd 300.04
Submitted by the State

164

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

2. AT SUBSEQUENT RECESSES OR ADJOURNMENTS

The Court again reminds you of what you were told at the first recess of the Court.  Until you retire to consider your verdict, you must not discuss this case among yourselves or with others, or permit anyone to discuss it in your hearing.  You should not form or express any opinion about the case until it is finally given to you to decide.  Do not do any research or investigation on your own about any matter regarding this case or anyone involved with the trial.  Do not communicate with others about the case by any means.  Do not read, view, or listen to any newspaper, radio, electronic communication from the Internet or television report of the trial.

MAI-CR 3rd 300.04
Submitted by the State

147

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

3.  AT RECESS AFTER FIRST STAGE OF BIFURCATED TRIAL

Until you retire to consider your verdict as to punishment, you must not discuss this case among yourselves or with others, or permit anyone to discuss it in your hearing.  Do not do any research or investigation on your own about any matter regarding this case or anyone involved with the trial.  Do not communicate with others about the case by any means.  Do not read, view, or listen to any newspaper, radio, electronic communication from the Internet or television report of the trial.

MAI-CR 3rd 300.04
Submitted by the State

148

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

This case will proceed in the following order:

First, the Court will read to you two instructions concerning the law applicable to this case and its trial.  Next, the attorney for the state must make an opening statement outlining what he expects the state's evidence will be.  The attorney for the defendant is not required to make an opening statement then or at any other time.  However, if he chooses to do so, he may make an opening statement after that of the state, or he may reserve his opening statement until the conclusion of the state's evidence.

Evidence will then be introduced.

At the conclusion of all of the evidence, further instructions in writing concerning the law will be read to you by the Court, after which the attorneys may make their arguments.  You will then be given the written instructions of the Court to take with you to your jury room. You will go to that room, select a foreperson, deliberate, and arrive at your verdict.

If you find the defendant guilty in this first stage of the trial, a second stage of the trial will be held.  During the second stage, additional instructions will be read to you by the court, additional evidence may be presented, and the attorneys will make their arguments as to punishment.  With the additional instructions of the court, you will return to the jury room, deliberate, and determine the punishment to be assessed.

Sometimes there are delays or conferences out of your hearing with the attorneys about matters of law.  There are good reasons for these delays and conferences.  The Court is confident that you will be patient and understanding.  We will have recesses from time to time.

169

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

The following two instructions of law are for your guidance in this case.  The two of

them, along with other instructions in writing read to you at the close of all the evidence, will be

handed to you at that time to take to your jury room.

MAI-CR 3rd 300.06
Submitted by the State

170

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _____1_____

Those who participate in a jury trial must do so in accordance with established rules. This is true of the parties, the witnesses, the lawyers, and the judge. It is equally true of jurors. It is the Court's duty to enforce those rules and to instruct you upon the law applicable to the case. It is your duty to follow the law as the Court gives it to you.

However, no statement, ruling, or remark that I may make during the trial is intended to indicate my opinion of what the facts are. It is your duty to determine the facts and to determine them only from the evidence and the reasonable inferences to be drawn from the evidence. Your decision must be based only on the evidence presented to you in the proceedings in this courtroom; and you may not conduct your own research or investigation into any of the issues in this case. In your determination of the facts, you alone must decide upon the believability of the witnesses and the weight and value of the evidence.

In determining the believability of a witness and the weight to be given to testimony of the witness, you may take into consideration the witness' manner while testifying; the ability and opportunity of the witness to observe and remember any matter about which testimony is given; any interest, bias, or prejudice the witness may have; the reasonableness of the witness' testimony considered in the light of all of the evidence in the case; and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness.

Faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

MAI-CR 3rd 302.01
Submitted by the State

171

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. __2__

You must not assume as true any fact solely because it is included in or suggested by a question asked a witness.  A question is not evidence, and may be considered only as it supplies meaning to the answer.

From time to time the attorneys may make objections.  They have a right to do so and are only doing their duty as they see it.  You should draw no inference from the fact that an objection has been made.

If the Court sustains an objection to a question, you will disregard the entire question and you should not speculate as to what the answer of the witness might have been.  The same applies to exhibits offered but excluded from the evidence after an objection has been sustained.  You will also disregard any answer or other matter which the Court directs you not to consider and anything which the Court orders stricken from the record.

The opening statements of the attorneys are not evidence.  Also, you must not consider as evidence any statement or remark or argument by any of the attorneys addressed to another attorney or to the defendant or to the Court.  However, the attorneys may enter into agreements or stipulations of fact.  These agreements and stipulations become part of the evidence and are to be considered by you as such.

MAI-CR 3rd 302.02
Submitted by the State

172

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _3_

The law applicable to this case is stated in these instructions and the two which the Court read to you immediately after you were sworn as jurors.  All of the instructions will be given to you to take to your jury room for use during your deliberations.

You must not single out certain instructions and disregard others or question the wisdom of any rule of law.

The Court does not mean to assume as true any fact referred to in these instructions but leaves it to you to determine what the facts are.

MAI-CR 3rd 302.03
Submitted by the State

173

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _4_

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent, unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

MAI-CR 3rd 302.04
Submitted by the State

174

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. ___5___

1. Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.

2. Under the law, the wife of a defendant has the right not to testify. No inference of any kind may be drawn from the fact that the wife did not testify.

MAI-CR 3d 308.14
Submitted by the Defendant

175

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _6_

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 22, 2012, in the County of Franklin, State of Missouri, the

defendant possessed morphine, a controlled substance, and

Second, that defendant was aware of its presence and nature,

then you will find the defendant guilty under Count I of possessing a controlled substance.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense.

MAI-CR 3rd 325.02
Submitted by the State

174

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. ____7____

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 22, 2012, in the County of Franklin, State of Missouri, the

defendant possessed marijuana, a controlled substance, and

Second, that defendant was aware of its presence and nature,

then you will find the defendant guilty under Count III of possessing marijuana.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense.

MAI-CR 3rd 325.02
Submitted by the State

177

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _8_

As to Count IV, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 11, 2012, in the County of Franklin, State of Missouri,

the defendant attempted to cause serious physical injury to Sgt. Folsom by

shooting him, and

Second, that Sgt. Folsom was a law enforcement officer, and

Third, that defendant was aware Sgt. Folsom was a law enforcement officer,

then you will find the defendant guilty under Count IV of assault of a law enforcement officer in

the first degree under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense under this

instruction.

MAI-CR 3rd 319.32
Submitted by the State

178

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _9___

As to Count V, if you find and believe from the evidence beyond a reasonable doubt:

First, that defendant committed the offense of assault of a law enforcement officer in the

first degree, as submitted in Instruction No. _8__, and

Second, that defendant committed that offense with the knowing of a deadly weapon,

then you will find the defendant guilty under Count V of armed criminal action.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense.

MAI-CR 3rd 332.02
Submitted by the State

(179)

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _____10_____

As to Count VI, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 11, 2012, in the County of Franklin, State of Missouri,

the defendant attempted to cause serious physical injury to Cpl. Mertens by

shooting him, and

Second, that Cpl. Mertens was a law enforcement officer, and

Third, that defendant was aware Cpl. Mertens was a law enforcement officer,

then you will find the defendant guilty under Count VI of assault of a law enforcement officer in

the first degree under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense under this

instruction.

MAI-CR 3rd 319.32
Submitted by the State

180

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _*11*_

As to Count VII, if you find and believe from the evidence beyond a reasonable doubt:

First, that defendant committed the offense of assault of law enforcement officer in the first

degree, as submitted in Instruction No. _*10*_, and

Second, that defendant committed that offense with the knowing of a deadly weapon,

then you will find the defendant guilty under Count VII of armed criminal action.

However, unless you find and believe from the evidence beyond a reasonable doubt each

and all of these propositions, you must find the defendant not guilty of that offense.

MAI-CR 3rd 332.02
Submitted by the State

*131*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _12_

The following terms used in these instructions are defined as follows:

**Attempt (to commit an offense).**

The doing of any act, with the purpose of committing an offense, which act is a substantial step toward the commission of the offense. A substantial step means conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

**Possess, Possessed, or Possession.**

Means either actual or constructive possession of the substance. A person has actual possession if the person has the substance on his or her person or within easy reach and convenient control. A person who, although not in actual possession, has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. (Possession may also be sole or joint. If one person alone has possession of a substance, possession is sole. If two or more persons share possession of a substance, possession is joint

**Serious physical injury.**

Means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

MAI-CR 3d 333.00
Submitted by Defendant

132

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _13_

The defendant is charged with a separate offense in each of the six counts submitted to you. Each count must be considered separately.

You should return a separate verdict for each count and you can return only one verdict for each count.

MAI-CR 3rd 304.12
Submitted by the State

183

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _14_

When you retire to your jury room, you will first select one of your number to act as your foreperson and to preside over your deliberations.

You will then discuss the case with your fellow jurors.  Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Your verdict, whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreperson alone.

When you have concluded your deliberations, you will complete the applicable forms to which you unanimously agree and return them with all unused forms and the written instructions of the Court.

MAI-CR 3rd 302.05
Submitted by the State

184

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _15_

The attorney's will now have the opportunity of arguing the case to you. Their arguments are intended to help you in understanding the evidence and applying the law, but they are not evidence.

You will bear in mind that it is your duty to be governed in your deliberations by the evidence as you remember it, the reasonable inferences which you believe should be drawn therefrom, and the law as given in these instructions.

It is your duty, and yours alone, to render such verdict under the law and the evidence as in your reason and conscience is true and just.

The state's attorney must open the argument. The defendant's attorney may then argue the case. The state's attorney may then reply. No further argument is permitted by either side.

MAI-CR 3rd 302.06
Submitted by the State

185

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _16_

As to Count I, you have found the defendant guilty of possessing a controlled substance. At this stage of the trial it will be your duty to determine within the limits prescribed by law the punishment that must be imposed for those offenses.

The punishment prescribed by law for possessing a controlled substance is:

1. Imprisonment for a term of years fixed by you, but not less than two years and not to exceed seven years.

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year.

3. Imprisonment for a term of years fixed by you, but not less than two years and not to exceed seven years and in addition a fine, the amount to be determined by the Court.

4. Imprisonment in the county jail for a term fixed by you, but not to exceed one year and in addition a fine, the amount to be determined by the Court.

5. No imprisonment but a fine, in an amount to be determined by the Court.

The maximum fine that the Court may impose is $5,000.

MAI-CR 3rd 305.01
Submitted by the State

136

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _*17*_

    As to Count III, you have found the defendant guilty of possessing marijuana.  At this stage of the trial it will be your duty to determine within the limits prescribed by law the punishment that must be imposed for those offenses.

    The punishment prescribed by law for possessing marijuana is:

    1.  Imprisonment in the county jail for a term fixed by you, but not to exceed one year.

    2.  Imprisonment in the county jail for a term fixed by you, but not to exceed one year. and in addition a fine, the amount to be determined by the Court.

    3.  No imprisonment but a fine, in an amount to be determined by the Court.

    The maximum fine that the Court may impose is $1,000.

MAI-CR 3rd 305.01
Submitted by the State

187

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO.   *18*

As to Count IV, you have found the defendant guilty of assault of a law enforcement officer in the first degree.  At this stage of the trial it will be your duty to determine within the limits prescribed by law the punishment that must be imposed for those offenses.

The punishment prescribed by law for assault of a law enforcement in the first degree is:

1.  Life imprisonment,

2.  Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

MAI-CR 3rd 305.01
Submitted by the State

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. __19__

As to Count V, you have found the defendant guilty of armed criminal action.  At this

stage of the trial it will be your duty to determine within the limits prescribed by law the

punishment that must be imposed for those offenses.

The punishment prescribed by law for armed criminal action is:

1.  Imprisonment for a term of years fixed by you, but not less than three years.

MAI-CR 3rd 305.01
Submitted by the State

189

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _2 0_

At this stage of the trial, we will proceed as follows:

First, the attorneys will have an opportunity to make a statement outlining any additional

evidence to be presented.  Such evidence may then be introduced.

After that, the Court will provide you with additional instructions.

Then the attorneys may make their arguments.

You will then go to the jury room, deliberate, and arrive at your verdict.

MAI-CR 3rd 305.02
Submitted by the State

190

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _Z1_

The law applicable to this stage of the trial is stated in these instructions and Instruction Nos. 1 and 2 that the Court read to you in the first stage of the trial.

In assessing and declaring the defendant's punishment, you should consider the evidence presented to you in this case, the argument of counsel, and the instructions of the Court.  You may consider the evidence presented in either stage of the trial.

You will be provided with forms of verdict for your convenience.

You cannot return any verdict as the verdict of the jury unless all twelve jurors agree to it, but it should be signed by your foreperson alone.

When you have concluded your deliberations, you will complete the applicable forms to which you unanimously agree and return it together with all unused forms and the written instructions of the Court.

MAI-CR 3rd 305.03
Submitted by the State

191

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

INSTRUCTION NO. _22_

The attorneys will now have the opportunity of arguing the case to you regarding the punishment to be imposed.  Their arguments are not evidence.

You will bear in mind that it is your duty to be governed in your deliberations by the evidence as you remember it, the reasonable inferences that you believe should be drawn therefrom, and the law as given in these instructions.

It is your duty, and yours alone, to render such verdict under the law and the evidence concerning the punishment to be imposed as in your reason and conscience is true and just.

The state's attorney must open the argument.  The defendant's attorney may then argue the case.  The state's attorney may then reply. No further argument is permitted by either side.

MAI-CR 3rd 305.04
Submitted by the State

192

What is the definition of
assault in the first degree?

FILED

OCT 10 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

193

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

FILED

OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

from watch

\* Still photos of video from
defendant's attorney showed.

\* See video

\* read transcript for folsom &
                    from
Merten's testimony regarding gun (Jeff's)
placement - before & after the shooting

K Siere

194

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

FILED

OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

<u>VERDICT</u>

As to Count I, we, the jury, find the defendant Jeffrey R. Weinhaus guilty of possessing a

controlled substance as submitted in Instruction No.  6  .

_____
Foreperson

195

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

**OCT 1 0 2013**

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

VERDICT

As to Count III, we, the jury, find the defendant Jeffrey R. Weinhaus guilty of possessing

marijuana as submitted in Instruction No. _7_ .

_____
Foreperson

196

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# FILED

## OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

## VERDICT

As to Count IV, we, the jury, find the defendant Jeffrey R. Weinhaus guilty of assault of a

law enforcement officer in the first degree as submitted in Instruction No. _8_ .

_____
Foreperson

197

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

**OCT 1 0 2013**

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

<u>VERDICT</u>

As to Count V, we, the jury, find the defendant Jeffrey R. Weinhaus guilty of armed

criminal action as submitted in Instruction No. _9_.

_K Sieve_

Foreperson

198

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# FILED

## OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

## VERDICT

As to Count VI, we, the jury, find the defendant Jeffrey R. Weinhaus not guilty.

_____
Foreperson

199

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**FILED**

OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

## VERDICT

As to Count VII, we, the jury, find the defendant Jeffrey R. Weinhaus not guilty.

_K Sieve_
Foreperson

2bo

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

FILED

OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

## VERDICT

As to Count I, we, the jury, having found the defendant Jeffrey R. Weinhaus guilty of

possessing a controlled substance assess and declare the punishment for possessing a controlled

substance at: _Imprisonment for a term of 2 years._

_____

_____

_____

_____K Sieve_____
Foreperson

Select one of the following paragraphs and write it in the above blank.  If your selection includes
imprisonment, insert the time period.

1.  Imprisonment for a term of _2_ * year(s).

2.  Imprisonment in the county jail for a term of _____.**

3.  Imprisonment for a term of _____* year(s), and a fine, the amount to be determined by the

Court.

4.  Imprisonment in the county jail for a term of _____,** and a fine, the amount to be

determined by the Court.

5.  No imprisonment but a fine, in an amount to be determined by the Court.

        *Insert 2, 3, 4, 5, 6, or 7.

        **Insert period of time, but not to exceed one year.

201

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# FILED

OCT 1 0 2013



BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

## VERDICT

As to Count III, we, the jury, having found the defendant Jeffrey R. Weinhaus guilty of

possessing marijuana assess and declare the punishment for possessing marijuana at: _____

imprisonment in the county jail for a term
of 1 year.

_____

_____K Sove_____
Foreperson

Select one of the following paragraphs and write it in the above blank.  If your selection includes
imprisonment, insert the time period.

1.  Imprisonment in the county jail for a term of __1__.**

2.  Imprisonment in the county jail for a term of _____,** and a fine, the amount to be

determined by the Court.

3.  No imprisonment but a fine, in an amount to be determined by the Court.

     **Insert period of time, but not to exceed one year.

202

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM



**FILED**

OCT 1 0 2013

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
By _____ D.C.

<u>VERDICT</u>

As to Count IV, we, the jury, having found the defendant Jeffrey R. Weinhaus guilty of

assault of a law enforcement officer in the first degree assess and declare the punishment for

assault of a law enforcement officer in the first degree at: *imprisonment for a*

*term of 30 years*

_____

_____

_____

*K Siove*
Foreperson

Select one of the following paragraphs and write it in the above blank.  If your selection includes
imprisonment, insert the time period.

1.  Life imprisonment.

2.  Imprisonment for a term of *30*  * year(s).

    *Insert 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 or ⃝30.

*203*

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# FILED

**OCT 1 0 2013**

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI

By _____ D.C.

<u>VERDICT</u>

As to Count V, we, the jury, having found the defendant Jeffrey R. Weinhaus guilty of

armed criminal action assess and declare the punishment for armed criminal action at: _____

imprisonment for a term of 30 years.

_____

_____

_____ K Sieve _____
Foreperson

Select one of the following paragraphs and write it in the above blank.  If your selection includes
imprisonment, insert the time period.

1.  Imprisonment for a term of 30 * year(s).

    *Insert 3 or more.

204

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY
20th JUDICIAL CIRCUIT
STATE OF MISSOURI

STATE OF MISSOURI,          )
                            )
v.                          )     Case No.  12AB-CR02409-01
                            )
JEFFREY R. WEINHAUS,        )
                            )
        Defendant.          )

**DEFENDANT'S MOTION FOR NEW TRIAL**

Comes now Defendant Jeffrey R. Weinhaus, by counsel Hugh A. Eastwood and

Christopher M. Combs, and states for his Rule 29.11 motion for new trial for good cause shown:

1.      **Youtube video, extreme prejudice.**

        Before trial, Defendant moved on First Amendment and other grounds to dismiss

for defect in the institution of the prosecution and to acquit on the judicial tampering

charge.  The Court denied Defendant's motion at that time.  Defendant then moved *in*

*limine* and also timely objected during trial to introduction of the Youtube video, which

was evidence that went only to the judicial tampering charge.  Although the Court

allowed the Youtube video to go to the jury, nevertheless the Court then acquitted

Defendant on the judicial tampering charge at the close of the State's evidence for the

same reasons that Defendant had sought dismissal and acquittal prior to trial.  In the

interim, however, the jury heard and was extremely prejudiced by Defendant's

outrageous and extremist—but First Amendment protected—political speech on the

Youtube video.  For that reason, and because the judicial tampering charge was not

205

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

severed from the drug and assault charges for a separate trial, the Court must grant a new trial for good cause shown.

Defendant's speech in the Youtube video was First Amendment protected in that it was speech on matters of public concern (i.e., alleged judicial corruption), in a public forum (the world wide web), that was conditional and not direct in nature, and thus stands athwart the apex of First Amendment protections for political speech. ***Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,*** 472 U. S. 749, 758-759 (1985). Defendant's speech did not constitute a true threat, did not put Judge Kelly Parker in a reasonable apprehension of harm (indeed Defendant never spoke his name, and the State never proved up anything as to who affixed captions/annotations to the Youtube video that did show Judge Parker's name), did not constitute incitement, nor did the speech incite an imminent breach of the peace. *See, e.g.,* ***State v. Wooden,*** No. SC92846 (Jan. 8, 2013). The speech was never communicated to Judge Parker. Defendant made an offer of proof that that the video was still on Youtube's website, despite Youtube's prohibition on threatening speech and incitement. Most reasonable juries would be extremely prejudiced against Defendant because his speech is outrageous and distasteful, despite its constitutional protections. The Court entered a directed verdict of acquittal on the judicial tampering charge upon closure of the State's evidence, sustaining Defendant's motion. *See also* ***United States v. Dinwiddie,*** 76 F.3d 913 (8th Cir. 1996).

For these reasons, and the case law briefed to the Court in Defendant's amended motion to dismiss the charge of judicial tampering (incorporated herein), a new trial must

206

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

be had, separately, on each of the drug and the attempt assault/armed criminal action charges.

2.   **Failure to sever charges.**  Defendant was prejudiced at trial by essentially the trying of three cases distinct in time that were not part a single crime spree, and which lacked the connectedness required for joinder. *State v. Townes,* 941 S.W.2d 756, 758 (Mo. App. E.D., 1997).  Even if joinder was appropriate, Defendant was prejudiced by the failure to sever, upon Defendant's timely motion, each of the Youtube, drug, and attempted assault/armed criminal action charges.  Simply, no reasonable jury could give Defendant a fair trial on the issues of each of (1) drugs in the family home basement, and (2) whether or not Defendant reached for his gun before the troopers, because Defendant's outrageous and offensive political speech—which occurred days and a month before the other alleged offenses—rang out in their minds, making Defendant seem a potentially dangerous political extremist. *State v. French,* 308 SW 3d 266, 271 (Mo. App., 2010); Rule 24.07.

3.   **Sheriff letter.**  Defendant made an offer of proof on a letter from the Franklin County Sheriff to the Defendant.  Despite the State's objection as to authentication, the Sheriff was present in the courtroom to authenticate.  That letter was necessary to impeach Sgt. Folsom on inconsistent testimony as to whether he notified the Sheriff as to the search warrant, pursuant to the statutory requirement of RSMo. 43.200.  The credibility of Sgt. Folsom was perhaps the most disputed issue in this case, as his testimony was the chief piece of evidence for Defendant's conviction for the most serious felony counts of attempted assault on a law enforcement officer, and armed criminal action.  Defendant

207

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

was allowed to show that Sgt. Folsom had lost his ability to serve on the Highway Patrol as a result of the shooting, but was denied the opportunity to present this evidence that showed Sgt. Folsom had made contradictory statements under oath that went to his testimony.  (Indeed at trial Sgt. Folsom made wholly new excuses for his failure to follow RSMo. 43.200, including allegedly bad cell phone reception near Defendant's house.)  Defendant was thus precluded from presenting all of the evidence that would tend to diminish Sgt. Folsom's credibility.

4.   **Defendant's wounds.**  Defendant made an offer of proof as to the jury viewing the wounds showing the entry and exit of bullets on Defendant's person.  The location and angle of these wounds was necessary to impeach Sgt. Folsom's testimony as to where on Defendant's person he shot Defendant and from what angle.  The credibility of Sgt. Folsom was a critical issue in the case, as his testimony was the chief piece of evidence for Defendant's conviction for the most serious felony counts.  There is no Fifth Amendment waiver issue for Defendant in showing such wounds as the Defendant's person being viewed to the jury is not testimonial, but rather only demonstrative, in nature.  (It is similar to a line up, or fingerprints, or DNA.)

5.   **Text message related to Levi Weinhaus.**  There was evidence in a police report written by Sgt. P.L. Smith that there was a text between a Levi Weinhaus (Defendant's son) and Defendant concerning a "weed plant."  Sgt. Smith never passed this information on to Sgt. Folsom or Cpl. Mertens.  That text message goes to Defendant's guilt on possession of the marijuana found in his basement.  A reasonable jury could infer based on the text that the marijuana belonged to Defendant's 19 year old son, or someone else, and not

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Defendant.  When defense counsel raised this issue both in cross examination of Sgt. Smith, and in closing argument, the Court sustained the State's objection and instructed the jury to disregard this evidence.  Sustaining that objection was improper and prejudicial to Defendant as the evidence was potentially exculpatory.  Absent such an instruction, a reasonable jury could infer that the text message implied marijuana possession by someone other than Defendant.

6.   **Weapons in Defendant's wife's Subaru vehicle.**  After Defendant was shot at the gas station, the scene was secured, and Defendant was cuffed then airlifted to the hospital, Defendant's wife's Subaru vehicle was inventoried.  (Defendant used his wife's car to drive to the gas station, not his own.) During that inventory, troopers found additional firearms, including a rifle and a handgun.  Critically, the troopers admitted that they had no idea that the firearms were in the vehicle during the attempted assault, and when they shot Defendant.  The Court permitted that evidence to be introduced at trial, overruling each of Defendant's pre-trial motion in limine and timely objection during the evidence. Those firearms allowed the State to paint Defendant as "loaded for bear" when he arrived at the gas station.  Such evidence was wholly prejudicial and served no probative purpose.  No evidence was presented as to who owned the firearms.  It is immaterial to the jury's analysis of what occurred between Defendant and the troopers upon Defendant's exit from the vehicle, and irrelevant to the charges of attempted assault and armed criminal action on Sgt. Folsom.

7.   **Freeze frame demonstrative evidence from wrist watch video in evidence.**  When the jury requested it during its deliberations, the Court, in sustaining the State's objection, did

209

Electronically Filed - EASTERN DISTRICT OF APPEALS - February 25, 2014 - 03:52 PM

not permit the use of Defendant's freeze frame demonstrative evidence from the wrist watch video—a video already in evidence as a State's Exhibit (without objection).  The State made no timely objection to Defendant's use of this demonstrative freeze frame evidence during either cross during the State's case, or in direct during the Defendant's case.  While Defendant did not move independently to admit such freeze frames into evidence as an exhibit for Defendant, such a motion was unnecessary and would be superfluous.  Where an exhibit is never formally offered and received into evidence, but is published to the jury, is treated by both the prosecutor and defense counsel as if it had been received into evidence, and is never objected to, then the exhibit is "in evidence" for all purposes as if it had been formally offered by the state and received by the court. *State v. Candela,* 929 S.W.2d 852 (Mo. App. E.D., 1996); *State v. Taylor,* 433 S.W.2d 273, 274 (Mo.1968); *State v. Robinson,* 664 S.W.2d 543, 547 (Mo.App. E.D.1983); *State v. Sanders,* 608 S.W.2d 507. 509 (Mo.App. W.D.1980).  Therefore, Defendant was prejudiced by the inability of the jury to review this freeze frame analysis midway through its deliberations.  This is particularly true as what happened in the critical seconds between Defendant exiting his car and being shot by Sgt. Folsom and Cpl. Mertens was the most important question of fact for the jury.  That Defendant was secretly recording the incident on a wrist watch video with audio, unbeknownst at the time to the shooting troopers, as well as to the trooper investigating the shooting, made such a video (properly in evidence) a critical piece of evidence.  Defendant's counsel used the freeze frame demonstratives freely throughout trial to impeach State's witnesses without objection.  Demonstrative freeze frame exhibits—used through trial—of that

210

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

wrist watch video footage—already properly part of State's evidence—was therefore

essential to the jury's analysis of the critical seconds, frame by frame.

WHEREFORE, Defendant Jeffrey R. Weinhaus prays this Court grant a new trial for

good cause shown, and for such other relief as is meet, just and reasonable.

Respectfully submitted,

Attorneys for Defendant

*/s/ Hugh A. Eastwood*
Hugh A. Eastwood, MBE # 62058
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri  63105-1941
heastwood@eastwoodlawstl.com
Fax      (314) 727 4473
Tel.      (314) 727 3533
Cell      (314) 809 2343

*/s/ Christopher M. Combs*
Christopher M. Combs, MBE #65512
4242 Laclede Ave., Unit 104
St. Louis, MO 63108
combschris1@gmail.com
Tel: 314 578 1465
Fax: 314 531 1069


CERTIFICATE OF SERVICE
The undersigned certifies that on 10/29/2013 (s)he served this document on:
Robert E. Parks, II
Franklin County Prosecuting Attorney
15 S. Church St., Room 204
Union, MO 63084

*/s/ Hugh A. Eastwood*
The method(s) of service: Missouri courts e-filing system.

211

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM



**IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY MISSOURI**

| | |
|---|---|
| **Judge or Division :**<br>KEITH M SUTHERLAND (21509)<br>DIV1 | **Case Number :  12AB-CR02409-01**<br>☐ Change of Venue from |
| | Offense Cycle No :  J8007983 |
| State Of Missouri                             vs.<br>Defendant: JEFFREY R WEINHAUS (WEIJR3880)<br>FRANKLIN COUNTY JAIL<br>#1 BRUNS LANE<br>UNION, MO 63084 | Prosecuting Attorney/MO Bar No:<br>ROBERT E PARKS (36333)<br><br>Defense Attorney/MO Bar No :<br>HUGH ATHELSTAN EASTWOOD (62058) |
| DOB :  06-Oct-1966        SSN :  486803880<br>SEX :  M | |
| Pre-Sentence Assessment Report Ordered | Appeal Bond Set Date :<br>Amount : |

## Judgment

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 1 | 17-Aug-2012 | 3245000 | Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana ( **Felony C RSMo: 195.202** ) |

| | | | |
|---|---|---|---|
| Disposition: | 10-Oct-2013 | Jury Verdict-Guilty | |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration DOC |
| Length : | 2 Years | Start Date : | 25-Nov-2013 |
| Text : | 2 YRS DOC | | |
| Conc/Cons : | CONC W/CTS III, IV, V | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 2 | 17-Aug-2012 | 2921700 | Tampering With Judicial Officer ( **Felony C RSMo: 565.084** ) |

| | | |
|---|---|---|
| Disposition: | 09-Oct-2013 | Tried/Court-Not Guilty |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 3 | 17-Aug-2012 | 3245700 | Possession Of Up To 35 Grams Marijuana ( **Misdemeanor A RSMo: 195.202** ) |

| | | | |
|---|---|---|---|
| Disposition: | 10-Oct-2013 | Jury Verdict-Guilty | |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration Jail |
| Length : | 365 Days | Start Date : | 25-Nov-2013 |
| Text : | 1 YR COUNTY JAIL | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 4 | 11-Sep-2012 | 1310000 | Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr ( **Felony A RSMo: 565.081** ) |

212

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

| Disposition: | 10-Oct-2013 | | Jury Verdict-Guilty |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration DOC |
| Length : | 30 Years | Start Date : | 25-Nov-2013 |
| Text : | 30 YRS DOC | | |
| Conc/Cons : | CONC W/CTS I, IV, V | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 5 | 11-Sep-2012 | 3101000 | Armed Criminal Action ( **Felony Unclassified RSMo: 571.015** ) |

| Disposition: | 10-Oct-2013 | | Jury Verdict-Guilty |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration DOC |
| Length : | 30 Years | Start Date : | 25-Nov-2013 |
| Text : | 30 YRS DOC | | |
| Conc/Cons : | CONC W/CTS I, III, IV | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 6 | 11-Sep-2012 | 1310000 | Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr ( **Felony A RSMo: 565.081** ) |

| Disposition: | 10-Oct-2013 | Jury Verdict-Not Guilty |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 7 | 11-Sep-2012 | 3101000 | Armed Criminal Action ( **Felony Unclassified RSMo: 571.015** ) |

| Disposition: | 10-Oct-2013 | Jury Verdict-Not Guilty |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 8 | 11-Sep-2012 | 2702000 | Resisting/Interfering With Arrest For A Felony ( **Felony D RSMo: 575.150** ) |

| Disposition: | 09-Oct-2013 | Tried/Court-Not Guilty |

The court informed the defendant of verdict/finding, asks the defendant whether (s)he has anything to say why judgment should not be pronounced, and finds that no sufficient cause to the contrary has been shown or appears to the court.

Defendant has been advised of his/her rights to file a motion for post conviction relief pursuant to Rule 24.035/29.15 and the court has found **No Probable Cause** to believe that defendant has received ineffective assistance of counsel.

The Court orders:

The clerk to deliver a certified copy of the judgment and commitment to the sheriff.

The sheriff to authorize one additional officer/guard to transport defendant to Department of Corrections.

That Judgment entered in favor of the State of Missouri and against the defendant for the sum of **$68.00** for the Crime Victims Compensation fund.  Judgment is **Not Satisfied**.

213

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

The Court further orders:

**25-Nov-2013        Defendant Sentenced**

DEFENDANT IN CUSTODY, IN PERSON AND WITH COUNSEL HUGH EASTWOOD AND CHRISTOPHER COMBS.  STATE BY PA ROBERT PARKS.  ALLOCUTION GRANTED.  COUNT I: 2 YRS DOC, COUNT III: 1 YR COUNTY JAIL; COUNT IV:  30 YRS DOC; COUNT V:  30 YRS DOC, ALL CONCURRENT.  CC/CVF. 29.15/24.035 ADVISED AND NO PROBABLE CAUSE FOUND.  SO ORDERED:  KEITH M. SUTHERLAND

**25-Nov-2013        Judgment Entered**

COURT COSTS

---

So Ordered on:  **12AB-CR02409-01     ST V JEFFREY R WEINHAUS**

25 NOV 2013

| Date | Judge |
|------|-------|

I certify that the above is a true copy of the original Judgment and Sentence of the court in the above cause, as it appears on record in my office.

(Seal of Circuit Court)

Issued on:

| Date | Clerk |
|------|-------|

214

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM



## IN THE 20th JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>Hon. Keith M. Sutherland , Div. 1 | Case Number:  **12AB-CR02409-01** |

| Plaintiff/Petitioner:<br>State of Missouri | Appellate Number: | ☒ Filing as an Indigent |
|---|---|---|
| | Court Reporter: Kim Wrocklage, CCR<br>Wrocklage Reporting, LLC | ☐ Sound Recording<br>Equipment |
| | Reporter's Telephone:<br>314-210-6917 or<br>636-583-1953 | Number of Days of Trial:<br>Three (3) |
| vs. | Date of Judgment/Sentence:<br>11/25/2013<br>(Attach a copy) | Date Post Trial Motion Filed:<br>10/29/2013 |
| Defendant/Respondent:<br>Jeffrey R. Weinhaus | Date Ruled Upon:<br>11/25/2013 | Date Notice Filed:<br>11/27/2013 |

(Date File Stamp)

## Notice of Appeal

☐ Supreme Court of Missouri    Court of Appeals:    ☐ Western    ☒ Eastern    ☐ Southern

Notice is given that __Defendant Jeffrey R. Weinhaus___ appeals from the judgment/decree entered in this action on __November 25, 2013___ (date).

**Complete if Appeal is to Supreme Court of Missouri**
Jurisdiction of the Supreme Court is based on the fact that this appeal involves:
(Check appropriate box)
☐ The validity of a treaty or statute of the United States    ☐ The title to any state office in Missouri
☐ The punishment imposed is death    ☐ The construction of the revenue laws of Missouri
☐ The validity of a statute or provision of the Constitution of Missouri
   If the basis of jurisdiction is validity of a United States treaty or statute, the validity of a Missouri statute or Constitutional provision or construction of Missouri revenue laws, a concise explanation, together with suggestions, if desired, is required.  This may be filed as part of or with this notice of appeal or, in the alternative, may be filed within ten days after the notice of appeal is filed by filing it directly with the Clerk of the Supreme Court.  See Rule 81.08(b) and (c) and Rule 30.01(f) and (g).

| Appellant's Attorney/Bar Number<br>Hugh A. Eastwood, MBE # 62058 | Respondent's Attorney(s)/Bar Number(s)<br>(If multiple, list all or attach additional sheets)<br>Robert E. Parks, II, MBE # 36333 |
|---|---|
| Address<br>7777 Bonhomme Ave., Suite 1603<br>St. Louis, Missouri 63105-1941 | Address<br>15 S. Church St., Room 204<br>Union, Missouri 63084 |
| Telephone                     Fax<br>314-809-2343            314-727-4473 | Telephone                     Fax<br>636-583-6370            636-583-7343 |
| Appellant's Name<br>Jeffrey R. Weinhaus | Respondent's Name<br>State of Missouri |
| Address<br>Franklin County Jail, 1 Bruns Drive, Union, MO 63084 | Address<br>15 S. Church St., Room 204, Union, MO 63084 |
| Telephone<br>636-583-2560 | Telephone<br>636-583-6370 |

| Brief Description of Case: Appellant was convicted by a jury of (1) 1st degree attempted assault on a law enforcement officer, (2) armed criminal action, (3) felony possession of a controlled substance, and (4) misdemeanor possession of marijuana (less than 35 grams).  He appeals for review for manifest injustice and plain error, as well as the trial court's error in denying his timely motions for acquittal.  The evidence showed no substantial step toward assault (thus also voiding the ACA charge), nor constructive possession of the drugs.  The Court erred in admitting a Youtube video containing extremist political speech, erred in not severing the charges, erred in denying his motion for new trial, and erred for other reasons as briefed to the trial court. |
|---|

| Date of Appeal Bond<br>N/A | Amount of Bond<br>N/A | ☐ Bond Attached |
|---|---|---|
| Signature of Attorney or Appellant<br>/s/ Hugh A. Eastwood, MBE #62058 | | Date<br>27 – November - 2013 |

215

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

**Notice to Appellant's Attorney**

Local rules may require supplemental documents to be filed.  Please refer to the applicable rule for the district in which the appeal is being filed and forward supplements as required.

**Certificate of Service**

I certify that on _____11/27/2013_____ (date), I served a copy of the notice of appeal on the following parties, at the following address(es), by the method of service indicated.

_____Robert E. Parks, II, Prosecuting Attorney for Franklin County_____

_____through Missouri courts e-filing system, and by e-mail to rparks@franklinmo.net_____

_____

_____

_____

_____/s/ Hugh A. Eastwood_____
Appellant or Attorney for Appellant

**Directions to Clerk**

Serve a copy of the notice of appeal in a manner as prescribed by Rule 43.01 on the attorneys of record of all parties to the judgment other than those taking the appeal and on all other parties who do not have an attorney.  (A copy of the notice of appeal is to be sent to the Attorney General when the appeal involves a felony.)  Transmit a copy of the notice of appeal to the clerk of the Supreme Court/Court of Appeals.  If a party does not have an attorney, mail the notice to the party at his/her last known address.  Clerk shall then fill in the memorandum below.  (See Rules 81.08(d) and 30.01 (h) and (i).)  Forward the docket fee to the Department of Revenue as required by statute.

**Memorandum of the Clerk**

I have this day served a copy of this notice by ☐ regular mail ☐ registered mail ☐ certified mail ☐ facsimile transmission to each of the following persons at the address stated below.  If served by facsimile, include the time and date of transmission and the telephone number to which the document was transmitted.

_____

_____

_____

_____

_____

I have also transmitted a copy of the notice of appeal to the clerk of the

☐ Supreme Court        ☐ Court of Appeals, _____ District

☐ Docket fee in the amount of $_____ has been received by this clerk which will be disbursed as required by statute.

☐ A copy of an order granting leave to appeal as indigent.

_____          _____
Date                                                    Clerk

216

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM



**IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY MISSOURI**

| | |
|---|---|
| Judge or Division :<br>KEITH M SUTHERLAND (21509)<br>DIV1 | Case Number :  12AB-CR02409-01<br>☐ Change of Venue from |
| | Offense Cycle No :  J8007983 |
| State Of Missouri                          vs.<br>Defendant: JEFFREY R WEINHAUS (WEIJR3880)<br>FRANKLIN COUNTY JAIL<br>#1 BRUNS LANE<br>UNION, MO 63084 | Prosecuting Attorney/MO Bar No:<br>ROBERT E PARKS (36333)<br><br>Defense Attorney/MO Bar No :<br>HUGH ATHELSTAN EASTWOOD (62058) |
| DOB :  06-Oct-1966        SSN :  486803880<br>SEX :   M | |
| Pre-Sentence Assessment Report Ordered | Appeal Bond Set Date :<br>Amount : |

## Judgment

|  | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 1 | 17-Aug-2012 | 3245000 | Possession Of Controlled Substance Except 35 Grams Or Less Of Marijuana ( **Felony C RSMo:** **195.202** ) |

Disposition:    10-Oct-2013             Jury Verdict-Guilty
Order Date:     25-Nov-2013    Sentence or SIS :    Incarceration DOC
Length :        2 Years         Start Date :        25-Nov-2013
Text :          2 YRS DOC
Conc/Cons :     CONC W/CTS III, IV, V

|  | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 2 | 17-Aug-2012 | 2921700 | Tampering With Judicial Officer ( **Felony C RSMo: 565.084** ) |

Disposition:    09-Oct-2013             Tried/Court-Not Guilty

|  | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 3 | 17-Aug-2012 | 3245700 | Possession Of Up To 35 Grams Marijuana ( **Misdemeanor A RSMo: 195.202** ) |

Disposition:    10-Oct-2013             Jury Verdict-Guilty
Order Date:     25-Nov-2013    Sentence or SIS :    Incarceration Jail
Length :        365 Days        Start Date :        25-Nov-2013
Text :          1 YR COUNTY JAIL

|  | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 4 | 11-Sep-2012 | 1310000 | Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wrkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr ( **Felony A RSMo: 565.081** ) |

217

Electronically Filed - Francis - November 27 2013 1:30 PM - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

| Disposition: | 10-Oct-2013 | | Jury Verdict-Guilty | |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration DOC | |
| Length : | 30 Years | Start Date : | 25-Nov-2013 | |
| Text : | 30 YRS DOC | | | |
| Conc/Cons : | CONC W/CTS I, IV, V | | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 5 | 11-Sep-2012 | 3101000 | Armed Criminal Action ( Felony Unclassified RSMo: 571.015 ) |

| Disposition: | 10-Oct-2013 | | Jury Verdict-Guilty | |
| Order Date: | 25-Nov-2013 | Sentence or SIS : | Incarceration DOC | |
| Length : | 30 Years | Start Date : | 25-Nov-2013 | |
| Text : | 30 YRS DOC | | | |
| Conc/Cons : | CONC W/CTS I, III, IV | | | |

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 6 | 11-Sep-2012 | 1310000 | Assault/Attempt Assault - LEO, Corr Off,Emrgncy Prsnnl, Hwy Wkr, Utility Wrkr,Cble Wrkr Or P&P Offcr - 1st Degr ( Felony A RSMo: 565.081 ) |

| Disposition: | 10-Oct-2013 | Jury Verdict-Not Guilty |
|---|---|---|

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 7 | 11-Sep-2012 | 3101000 | Armed Criminal Action ( Felony Unclassified RSMo: 571.015 ) |

| Disposition: | 10-Oct-2013 | Jury Verdict-Not Guilty |
|---|---|---|

| | Charge # | Charge Date | Charge Code | Charge Description |
|---|---|---|---|---|
| Original Charge: | 8 | 11-Sep-2012 | 2702000 | Resisting/Interfering With Arrest For A Felony ( Felony D RSMo: 575.150 ) |

| Disposition: | 09-Oct-2013 | Tried/Court-Not Guilty |
|---|---|---|

The court informed the defendant of verdict/finding, asks the defendant whether (s)he has anything to say why judgment should not be pronounced, and finds that no sufficient cause to the contrary has been shown or appears to the court.

Defendant has been advised of his/her rights to file a motion for post conviction relief pursuant to Rule 24.035/29.15 and the court has found **No Probable Cause** to believe that defendant has received ineffective assistance of counsel.

The Court orders:

The clerk to deliver a certified copy of the judgment and commitment to the sheriff.

The sheriff to authorize one additional officer/guard to transport defendant to Department of Corrections.

That Judgment entered in favor of the State of Missouri and against the defendant for the sum of **$68.00** for the Crime Victims Compensation fund.  Judgment is **Not Satisfied**.

12AB-CR02409-01

217

The Court further orders:

**25-Nov-2013       Defendant Sentenced**

DEFENDANT IN CUSTODY, IN PERSON AND WITH COUNSEL HUGH EASTWOOD AND CHRISTOPHER COMBS. STATE BY PA ROBERT PARKS. ALLOCUTION GRANTED. COUNT I: 2 YRS DOC; COUNT III: 1 YR COUNTY JAIL; COUNT IV: 30 YRS DOC; COUNT V: 30 YRS DOC, ALL CONCURRENT. CC/CVF 29.15/24.035 ADVISED AND NO PROBABLE CAUSE FOUND. SO ORDERED: KEITH M. SUTHERLAND

**25-Nov-2013       Judgment Entered**

COURT COSTS

---

So Ordered on:  **12AB-CR02409-01    ST V JEFFREY R WEINHAUS**

25 NOV 2013

| Date | Judge |

---

I certify that the above is a true copy of the original Judgment and Sentence of the court in the above cause, as it appears on record in my office.

(Seal of Circuit Court)

Issued on:

| Date | Clerk |

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

IN THE MISSOURI COURT OF APPEALS
EASTERN DISTRICT APPEAL NO. _____
CRIMINAL CASE INFORMATION FORM
(This form must be filed with the Notice of Appeal with the Circuit Clerk)

Appellant/Defendant: Jeffrey R. Weinhaus

Hugh A. Eastwood, MBE #62058
7777 Bonhomme Ave., Ste. 1603
St. Louis, Missouri 63105-1941
314-809-2343
Solo practitioner Attorney at Law

v.

Respondent/Plaintiff: State of Missouri

Robert E. Parks, II, MBE #36333
15 S. Church St., Room 204
Union, Missouri 63084
636-583-6370
Prosecuting Attorney for Franklin County

ATTACH A COPY OF THE JUDGMENT OR ORDER APPEALED.
A BRIEF STATEMENT OF THE CASE (Set forth charge(s) and sentence(s) imposed
and summary of facts upon which conviction is based.)

Appellant was convicted by a jury of (1) 1st degree attempted assault on a law
enforcement officer (a Highway Patrol trooper), (2) armed criminal action, (3) felony
possession of a controlled substance, and (4) misdemeanor possession of marijuana
(less than 35 grams).  He appeals for review for manifest injustice and plain error, as
well as the trial court's error in denying his timely motions for acquittal.  The
evidence showed no substantial step toward assault (thus also voiding the ACA
charge), nor constructive possession of the drugs.  The Court erred in admitting a
Youtube video containing extremist political speech, erred in not severing the charges,
erred in denying his motion for new trial, and erred for other reasons as briefed to the
trial court.

Appellant was acquitted by the Court of tampering with a judicial officer (the
evidence of which was the Youtube video) and resisting arrest.  The jury found

220

Appellant not guilty of 1st degree attempted assault on a law enforcement officer, and armed criminal action, as to a second Highway Patrol trooper.

The State's only evidence of the attempted assault was the testimony of two troopers, one of whom shot Weinhaus four times and was removed from duty after the shooting.  As to the drugs, the evidence showed that they were recovered in a common area of the basement of the house, adjacent to the bedroom of Defendant's son, and that three people resided in the house.

Is this a ____ Misdemeanor  **X**  Felony or ____ Municipal Conviction?

Is the Defendant presently incarcerated?  **X**  Yes ____ No

Has an Appeal Bond been filed? ____ Yes  **X**  No If Yes, Amount $_____

_____

Name of Surety

_____

Address of Surety

_____

City, State, Zip Code

ATTACH COPY OF APPEAL BOND, IF ANY.

A COPY OF THIS FORM AND ATTACHMENTS MUST BE SERVED ON THE RESPONDENT.

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

221

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

| Report: CZR0026 | 20TH JUDICIAL CIRCUIT | Date: | 04-Feb-2014 |
| | FRANKLIN COUNTY | Time: | 10:47:59AM |
| | CIRCUIT COURT DOCKET SHEET | Page: | 1 |

**12AB-CR02409-01    ST V JEFFREY R WEINHAUS**                    Security Level: 1 Public

| <u>Filing Date</u> | <u>Description</u> |
| --- | --- |

05-Dec-2013   **Ord Allow In Forma Pauperis**
Defendant granted leave to appeal in forma pauperis. s/Keith Sutherland via email
**Filed By:**  KEITH M SUTHERLAND

**Motion Granted/Sustained**
MOTION FOR RETURN OF PROPERTY OR EVIDENCE GRANTED.  SO ORDERED:  KEITH M.
SUTHERLAND

222

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

# LEGAL FILE
## CERTIFICATION

STATE OF MISSOURI        )
                                       )       Case No 12AB-CR02409-01
                                       )       Appeals Court Case No. ED100807
COUNTY OF FRANKLIN      )

I, Bill D. Miller, Clerk of the Circuit Court, within and for the County aforesaid, do hereby certify that the foregoing and annexed are full, true and complete copies of the following:

1. Docket Sheets, 19 Pages
2. Substitute Information in Lieu of Indictment, 3 Pages
3. Indictment, 3 Pages
4. Verdict Forms, 10 Pages
5. Judgment, 3 Pages
6. Instructions 1 Through 15, Blank Verdict Forms, 39 Pages
7. Jury Instructions, 8 Pages
8. Defendant's Motion for Judgment of Acquittal, 2 Pages
9. 09-Oct-2013 & 10-Oct-2013 Circuit Court Docket Sheet, 1 Page
10. Jury Notes, 3 Pages
11. Motion for New Trial, 1 Page
12. Defendant's Motion for New Trial, 7 Pages
13. Motion to Tax Depositions as Court Costs, 3 Pages
14. Defendant's Second Motion for Judgment of Acquittal, 4 Pages
15. Defendant's Motion to Tax Depositions as Court Costs, and, etc., 11 Pages
16. State's Motion to Forfeit Weapon, 1 Page
17. Defendant's Memorandum  in Opposition to State's Motion to Forfeit Weapon, 4 Pages
18. Defendant's Supplemental Suggestions of  Law in Support of Each of His, etc., 6 Pages
19. 25-Nov-2013 Circuit Court Docket Sheet, 1 Page
20. 08-Oct-2013 Circuit Court Docket Sheet, 1 Page
21. State's Motion in Limine 2, 1 Page
22. Defendant's Opposition to State's Second Motion in Limine, 2 Pages
23. Motion to Tax Depositions as Court Costs, 3 Pages
24. Defendant's Second Motion in Limine, 3 Pages
25. 12-Sep-2013 Notice of Entry, 1 Page
26. Certificate of Service, 2 Pages
27. Defendant's Amended Motion to Dismiss the Charge of Tampering, etc., 35 Pages
28. Defendant's Motion in Limine/Motion to Exclude, 5 Pages
29. Defendant's Motion in Limine/Motion to Exclude, 6 Pages
30. Defendant's Opposition to State's Motion in Limine, 3 Pages
31. Certificate of Service, 1 Page
32. Motion to Tax Depositions as Court Costs, 3 Pages
33. Request for Leave to File a Substitute Information in Lieu of Indictment, 1 Page
34. Defendant's Motion to Dismiss the Charge of  Tampering with Judicial, etc., 35 Pages
35. Defendant's Amended Second Motion to Sever Offenses, 6 Pages
36. Defendant's Verified Announcement of Ready and Motion for Speedy Trial, 2 Pages
37. Defendant's Second Motion to Sever Offenses, 6 Pages
38. 02-May-2013 Notice of Entry, 1 Page
39. 26-Apr-2013 Notice of Entry, 1 Page

CONTINUED ON NEXT PAGE

223

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

40.  Defendant's Motion for Trial Continuance, 3 Pages
41.  Entry of Appearance, 1 Page
42.  25-Apr-2013 Notice of Entry, 1 Page
43.  State's Motion in Limine 1, 1 Page
44.  States Motion to Quash Defendants Endorsed Witnesses, 11 Pages
45.  Request for Emergency Bond Reduction Hearing, 3 Pages
46.  Endorsement of Witness, 10 Pages
47.  Defendant/Victim Objection to Non Written Waiver of Counsel, etc., 10 Pages
48.  State's Motion for Disclosure, 3 Pages
49.  Endorsement of Witness, 1 Page
50.  State's Supplemental Answer to Discovery, 1 Page
51.  20-May-2013 Notice of Entry, 1 Page
52.  3-19-2013 Order. 1 Page
53.  3-19-2013 Stipulation, 1 Page
54.  19-Mar-2013 Circuit Court Docket Sheet
55.  Defendant's Motion to Sever the Charges, 4 Pages
56.  Memorandum on Non-Written Waiver of Counsel, 2 Pages
57.  10-Mar-2013 Notice of Entry, 2 Pages
58.  Defendant's Motion to Quash Indictment, 13 Pages
59.  Motion for Return of Personal Effects, 2 Pages
60.  Motion to Dismiss, 17 Pages
61.  State's Answer to Defendants Request for Discovery, 3 Pages
62.  Endorsement of Witness, 1 Page
63.  State's Supplemental Answer to Discovery, 1 Page
64.  Judgment and Order, 1 Page
65.  Motion to Hear Habeas Corpus, etc., 2 Pages
66.  22-Feb-2013 Notice of Entry 1 Page
67.  Order, 1 Page
68.  Motion for Discovery, 1 Page
69.  21-Feb-2013 Notice of Entry, 1 Page
70.  Amended Motion for Surety Bond, 2 Pages
71.  Writ of Habeas Corpus on Behalf of Jeffrey Weinhaus, 3 Pages
72.  Motion to Proceed Under Supreme Court Rule 16, 1 Page
73.  14-Feb-2013 Notice of Entry, 1 Page
74.  State's Motion for Evidentiary Hearing on Bond Reduction, 1 Page
75.  Motion for Summary Judgment, 1 Page
76.  Motion for Surety Bond, 1 Page
77.  Motion for Speedy Trial, 1 Page
78.  Motion to Dismiss, 3 Pages
79.  Entry of Appearance, 1 Page
80.  Motion to Withdraw as Counsel, 2 Pages
81.  Motion for Leave to Withdraw as Counsel, 1 Page
82.  07-Jan-2013 Notice of Entry, 1 Page
83.  Endorsement of Witness, 1 Page
84.  State's Supplemental Answer to Discovery, 1 Page
85.  Waiver of Formal Arraignment and Plea of Not Guilty, 1 Page
86.  02-Jan-2013 Notice of Entry, 1 Page
87.  27-Dec-2012 Notice of Entry, 1 Page
88.  Motion to Modify Bond, 3 Pages

CONTINUED ON NEXT PAGE

224

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

89   Request for Discovery, 4 Pages
90   Motion for Bill of Particulars, 3 Pages
91   07-Dec-2012 Notice of Entry, 1 Page
92   Notice and Application for Change of Judge, 1 Page
93   State's Motion for Disclosure, 4 Pages
94   Special Conditions of Bond, 1 Page
95   28-Nov-2012 Notice of Entry, 1 Page
96   Judge's Docket Sheet, Entries of 11/28/12 and 1/7/13, 1 Page
97   Notice of Appeal, Judgment, Criminal Case Information Form, and 05-Dec-2013 Docket
     Entry, 8 Pages

In  the case of: STATE OF MISSOURI vs. JEFFREY R. WEINHAUS, rendered in this Court in the above
entitled cause, as fully as the same appears and is on file in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, at my office
in the City of Union, Missouri, this 6th day of February, 2014

_____
Bill D. Miller
Franklin County Circuit Clerk.

225

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - February 25, 2014 - 03:52 PM

## LEGAL FILE CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2014, a true and correct copy of the foregoing Legal File was filed through the Missouri e-Filing System to Shaun Mackelprang, Assistant Attorney General, at Shaun.Mackelprang@ago.mo.gov, and a true and correct copy of the foregoing Legal File cover page and index was filed through the Missouri e-Filing System to the Franklin County Circuit Clerk.

## TRANSCRIPT CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2014, a true and correct copy of the foregoing Transcripts:

- Transcript on Appeal
- Trial Transcript
- Sentencing Transcript

were filed through the Missouri e-Filing System to Shaun Mackelprang, Assistant Attorney General, at Shaun.Mackelprang@ago.mo.gov, and a true and correct copy of the Trial and Sentencing Transcripts were placed for delivery through the Missouri e-Filing System to the Franklin County Circuit Clerk.

_____
Amy M. Bartholow