# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JEFFREY WEINHAUS**<br><br>Petitioner<br>vs.<br><br>**TROY STEELE** in his representative capacity as Warden, of the Eastern Reception Diagnostic and Correctional Center;<br><br>Respondent | Case No.:4:17-CV-1941-DDN |

## PETITIONERS REPLY TO STATE'S RESPONSE

## Overview

On December 26, 2017, Petitioner filed the AMENDED PETITION UNDER 28 USC §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY. Subsequently, and in accordance with this Court's scheduling instructions, the state in response to the petition filed its response on December 22nd 2017, thereafter, in exercising its right of reply, Petitioner timely files this reply to the State's response.

## Matters Presented to the Court for Review

The Petitioner has raised several constitutional and procedural issues impacted by the facts and circumstances of the trial they are, Ineffective Assistance of Counsel under the 6th Amendment of the US Constitution, Prior Restraint under the 1st Amendment of the US Constitution, Improper Search and Seizure under the 4th Amendment of the US Constitution, Cruel and Unusual Punishment under the 8th Amendment of the US Constitution, & Due Process & Equal Protection Violations under 5th and 14th Amendments of the US Constitution. In response the State has taken the position that many of these claims are either procedurally barred, or without merit; which by the State's own conclusion raises issues of fact as to the merit and impact of the claims raised by the Petitioner.

Presented to this court for consideration are a combination of constitutional and substantive matters which included but are not limited to the very important issue that the Petitioner is factually, and actually innocent of the two felony charges that carry the greatest sentences, those being Assault of a law enforcement officer under Revised Missouri Statutes # 565.081, and Armed Criminal Action under #571.015.

These matters, as they were raised in the petition are/were done so in order for this court to identify the underlying factual and constitutional issues that led to

a conviction, a conclusion as asserted by Petitioner, that no reasonable juror could have reached.

The State, dismisses the seriousness of the issues presently before this court as it carelessly noted the incorrect court in which the Petitioner was convicted and seeks relief from, and altered the case caption to add AG Joshua Hawley as the Respondent, ignoring that the proper party had already been noted in the case caption as Troy Steele, Warden of the Eastern Reception and Diagnostic Center, in Bonne Terre, in the amended petition.

Regardless of the dismissive position that the State takes in addressing the matters in the petition, Petitioner, Weinhaus, addresses en mass, the State's replies, and directs this court's attention to the underlying matter that the Petition filed by Weinhaus addresses his factual innocence in regard to the assault and armed criminal action charges which resulted in the concurrent thirty year sentences inflicted by the trial court upon the Petitioner.

### Challenge to State's Positions

The State in its response to the petition raises a blanket opposition that includes the position that the matters are irretrievably barred, without merit, or

waived based on the circumstance that the matters were not raised in post-conviction proceedings or by appellate counsel.

The matters that should be addressed as they are tied to the circumstances of the appellate counsel, and the post conviction proceedings is thus;

1. Post Conviction proceedings, were handled both by a Public Defender of the State of Missouri, and in some circumstances Weinhaus himself.
2. An appeal to the United States Supreme Court were handled by Weinhaus.

Both of these factual and substantive issues contain underlying factors that go directly to the ineffectiveness argument raised by the Petitioner, and to the factual innocence argument inclusive therein.

First, the Missouri Public Defenders Office, and by extension the Public Defenders were/are the subject of and continue to be the subject of several lawsuits regarding their inability to effectively represent their clients, based primarily on the fact that the office is severely overloaded, short handed, without proper resources, and unable to dedicate sufficient time to properly represent its clients. Weinhaus was effected by the lack of ability of the Missouri Public Defenders Office and therefore prejudiced by their lack of ability.

Second, several of the appellate matters, were raised and advanced by Weinhaus himself. The subject of severe trauma from being shot in the head, and

torso, by the MHP Officers at the time of his arrest, the medical care he received thereafter, his fixation on minor inconsequential issues, and his complete lack of knowledge and understanding of the legal system in which he was attempting to operate made him the prejudiced subject of his own making. The Constitutional confusion must be addressed as the matter itself is based on the right of an individual to represent oneself in a judicial matter.

Taken individually and as a whole, these issues raise grave concerns and lead one to conclude that the "matters" barred or otherwise waived through procedure, undermine the very pretense of Habeas in addressing the truth and validity of the conviction. This court must not ignore the waived issues for the sake of procedural expedience but must review the issues based on the fact, that the level of competence of Weinhaus, acting in the capacity of his own attorney on appellate matters, lacked all effectiveness and competence, thereby prejudicing him under the applicable standard in *Strickland v. Washington,* 466 US 688 (1994). The issue of ineffective assistance of counsel, being applied to a pro se defendant during appellate proceedings may very well be novel, but it must be addressed particularly when dealing with waived, or barred matters.

Some of the issues raised by the Petitioner, including those dismissed by the State as inapplicable under 28 USC §2254, go to the factual causes of the petition,

and address the substantive matter that the Petitioner is factually and actually innocent of the Attempted Assault charge and Armed Criminal Action.

The trial court, and the appellate court ignored the contents of the video that was the pivotal evidence taken at the time of Weinhaus' shooting and interaction with the officers.

The video addresses;

1. the period of time when the officers attempted to retrieve the weapon from Weinhaus and learning it was still in its holster and not on his right side, as the officers must roll him to gain access to the holster, which would have been on his outside had it been where they contend, which directly contradicts their position and calls into question the ability of Weinhaus to threaten the officers as alleged.

2. the twelve seconds when Weinhaus exited the car, and interacted with the officers, providing detail as to the position of Weinhaus' hands by way of the view and recorded content, the side of his body on which the weapon was located, as evidence by screen captures not entered properly into evidence and not able to be seen unless slowed to show the video at 1/30 of a sec per frame, and his actions immediately before the shooting, including the allegations of his threatening posture, all of which was denied because

an expert was not called to discuss these matters, which prejudiced him during trial, and undermined the defense theories which were supported by the video that Weinhaus was not the aggressor nor a threat to the officers.

The perfect storm continues when the State dismisses the issue of a tainted jury pool. The YouTube video which was what initiated the contact and investigation by the MHP Officers was dismissed after the State failed to prove its case on judicial tampering. But the vitriolic content of the video which was shown repeatedly to the jury leads one to conclude that Weinhaus was convicted because he was arrogant, a fool, or both. The court should address that the attempt to silence Weinhaus, reiterated by the Prior Restraint Claim, with the confiscation, and the fraudulent attempt to return his computers, resulted in no evidence during trial, which supports the argument that the underlying claim and subsequent warrant violated his rights, and was the predicate cause of the events, and the resulting charges.

Weinhaus raised the issue of the use of a stun device during trial without need, or with little or no approval of the trial court. The State dismisses the claim, as lacking merit, and without application, based on the use of physical restraints by the trial courts to restrain accused during trial, and supported by US Supreme

Court precedent, including the use of spit shields, full body restraints, chaining a defendant to the defense table, just to name a few.

But Weinhaus in the petition doesn't challenge the use of physical restraints, he challenges the use of mental restraints as these should be considered.

First, upon conviction, and during sentencing Weinhaus appeared in court in chains. Based on the simple assumption that the charges and convictions were true at the time, not unreasonable. But, the use of a stun device is not a physical restraint. It is a mental restraint, and that is where the 8th Amendment Claim has been raised, and the associated failure of counsel to challenge the use of the device on Weinhaus during trial. Weinhaus has asserted in his claim that the mental implications of the device placed him in apprehension of physical harm, which is supported and warned by the manufacturer, therefore undermining his ability to fully participate in his defense out of fear of punishment. This is completely opposite as to the use of chains, or similar restraints, which are purely physical in nature, limiting ones movement not mental state.

The other substantive difference is that involving the visibility of such restraints to by the jury. While society views those in restraints during trial as a physical threat, and the US Supreme Court see the jury's ability to view the restraints as a due process violation, the use of a stun device has not been fully

addressed by the Supreme Court, and differs substantially as inferred here as a mental restraint impacting ones ability to participate and voice opinion in fear of harsh physical repercussions.

     Finally, the overarching matter which this court must address is the factual innocence of the petitioner. A reasonable person viewing the video captured by the Petitioners watch can only come to one conclusion, why was he shot? The use of the YouTube video which was the subject of the Judicial Tampering charge which was dismissed tainted the jury and forced a conclusion on unrelated evidence, which the State courts deemed non prejudicial and evidence of the mental state and goals of the Petitioner, which too is a miscalculation, because Petitioners goals were much simpler, sell newspapers, get advertisers, and get viewers.

**<<<< THE REST OF THIS PAGE LEFT INTENTIONALLY BLANK>>>>**

**THEREFORE,** Petitioner requests that this court grant the petition for Habeas relief.

Dated this 20th Day of February 2018

                                              Respectfully Submitted,

                                              /s/ Warren R. Markowitz, Esq.
                                              Warren R. Markowitz
                                              The Markowitz Law Firm
                                              7260 W. Azure Dr, Suite 140-100
                                              Las Vegas, NV 89130
                                              Office: 702-749-5831/ Fax-5832
                                              Email: Warren@warrenmarkowitzesq.com
                                              http://MarkowitzLawFirm.com
                                              Attorney for Petitioner Jeffrey Weinhaus

# CERTIFICATE OF SERVICE

On February 20, 2018 the undersigned certifies that a true and correct copy of the foregoing **PETITIONERS REPLY TO STATE'S RESPONSE,** was submitted to this courts electronic case management and filing system for delivery to the following parties, and their respective representatives.

MICHAEL SPILLANE
Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov
Attorney for Respondent

/s/ Warren R. Markowitz, Esq.
Warren R. Markowitz, Esq
Attorney for Petitioner Jeffrey Weinhaus

Page 11 of 11
Weinhaus reply to state response Feb 2018 final.odt