UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEINHAUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) No. 4:17 CV 1941 DDN |
| | ) |
| TROY STEELE, in his representative | ) |
| Capacity as Warden, of the Eastern | ) |
| Reception Diagnostic and Correctional | ) |
| Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR HEARING

This matter is before the Court on petitioner's ex parte motion for a hearing. (Doc. 29). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner Jeffrey Weinhaus, a Missouri state inmate, commenced this action on July 10, 2017, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 25). He was convicted in the Circuit Court of the Lafayette County of possession of a controlled substance, first-degree assault on a law enforcement officer, and armed criminal action. (Doc. 27). He received concurrent sentences of 2 years, 30 years, and 30 years imprisonment, respectively. (*Id.*). For the reasons discussed below, petitioner's motion for a hearing is denied without prejudice, subject to reconsideration upon further review of the case.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") permits evidentiary hearings on federal habeas review, but with significant restrictions. *See* 28 U.S.C. §

2254(e). Determinations of factual issues made by a state court are presumed to be correct. *Id.* If an applicant has failed to develop the factual basis of a claim in state court proceedings, no evidentiary hearing is permitted, unless the applicant shows that:

> (A) the claim relies on
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2).

Because this limitation only applies to prisoners who failed to develop the factual basis of their claim in state court proceedings, the first question is whether the relevant facts were developed in state court, and, if not, whether it was due to a failure of petitioner. Such a failure is established by lack of diligence or some greater fault attributable to petitioner or his counsel. If petitioner has diligently pursued an issue in state court, he is not precluded from seeking an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992)).

Petitioner's motion does not specify what would be presented at an evidentiary hearing. In reviewing petitioner's six grounds for habeas relief, only one alleges that a factual basis at trial was undeveloped: in Ground 1, petitioner claims that his attorney failed to offer evidence regarding the placement of his pistol holster in the form of FBI agent testimony and a still shot of a video shown to the jury. Petitioner raised some of these claims on direct appeal and others in post-conviction proceedings. (Doc. 25). The post-conviction relief court entered judgment on his claims without a hearing. (*Id.*).

The record shows that petitioner made a reasonable attempt to investigate and pursue this claim, precluding the application of the § 2254(e)(2) hearing restriction. He sought to introduce some of this evidence at trial and referenced this evidence both at trial and in his post-conviction motion, and any lack of diligence he attributes to his attorney in an ineffective-assistance-of-counsel claim. (Doc. 27, Exs. 8, 16).

Accordingly, this court now evaluates the propriety of a hearing under *Townsend v. Sain,* 372 U.S. 293 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes,* 504 U.S. 1 (1992)). The burden is on the petitioner to allege sufficient facts to support the grant of an evidentiary hearing. In exercising discretion to hold an evidentiary hearing, this court will focus on whether a new evidentiary hearing would have the potential to advance the petitioner's claim. That is, whether petitioner's allegations, if true, would establish his right to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Assuming that petitioner seeks to present the evidence about his pistol holster, the court is not persuaded that an evidentiary hearing is necessary at this time. The video at issue from which the screenshot would have been taken was presented to the jury at trial, and any claims about the screenshot and the FBI agent testimony can be determined as a matter of law in addressing the question of whether petitioner's trial counsel was effective. As the remainder of petitioner's claims also involve questions of law, not fact, an evidentiary hearing is not required, because legal questions can be resolved by reference to the state court record. *See Schriro*, 550 U.S. at 474.

Additionally, the Supreme Court has limited the evidence available in § 2254(d)(1) claims to the state-court record, because § 2254(d)(1) review measures what a state court knew and did against the Supreme Court's precedents at that time. *Cullen v. Pinholster*, 563 U.S. 170, 181-83 (2011). "It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* at

182. Accordingly, this court declines to consider new evidence at a hearing on this habeas petition. It conducts its review of the habeas petition based on the state-court record.

For these reasons,

**IT IS HEREBY ORDERED** that petitioner's motion for a hearing (Doc. 29) is **DENIED** without prejudice. To the extent that petitioner alleges he is suffering retaliation in prison for filing a habeas petition, he may file a complaint for relief under 42 U.S.C. § 1983. *See, e.g., Muhammad v. Close,* 540 U.S. 749, 751 (2004).

**IT IS FURTHER ORDERED** that petitioner's motion (Doc. 29) be unsealed. Pursuant to E.D. Mo. L.R. 13.05, parties must seek leave and make a showing of good cause to file documents under seal and ex parte. Petitioner has not made such a showing nor sought leave, and after reviewing the content of petitioner's motion with attention to possible privacy concerns, the Court declines to restrict access to the motion.

If the Court later concludes that expansion of the record or an evidentiary hearing are necessary in the just determination of this action, an appropriate order will be issued.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 27, 2018.